IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00377-WDM-BNB

MOISES CARRANZA-REYES,

    Plaintiff,

v.

PARK COUNTY, a public entity of the State of Colorado and its governing board;
THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
PARK COUNTY SHERIFF'S OFFICE, a public entity of the State of Colorado;
FRED WEGENER, individually and in his official capacity as Sheriff of Park County, Colorado;
MONTE GORE, individually and in his official capacity as Captain of Park County Sheriff's Department;
VICKIE PAULSEN, individually, and in her official capacity as Registered Nurse for Park County, Colorado; and
JAMES BACHMAN, M.D., individually and in his official capacity as Medical Director of the Park County Jail;

    Defendants.

---

### ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND FROM DEFENDANTS PARK COUNTY BOARD OF COUNTY COMMISSIONERS, FRED WEGENER AND MONTE GORE

---

Defendants Park County Board of County Commissioners, Fred Wegener, and Monte Gore, by and through their attorney, Andrew D. Ringel, Esq. of Hall & Evans, L.L.C., hereby respectfully submit their Answer to Plaintiff's Second Amended Complaint and Jury Demand, as follows:

### JURISDICTION

1.    Defendants Park County Board of County Commissioners, Fred Wegener and Monte Gore (hereinafter collectively "Defendants") admit Plaintiff Moises Carranza-Reyes is a

citizen of Mexico.  Defendants admit Mr. Wegener and Mr. Gore are citizens of the United States.  Defendants admit this Court possess jurisdiction over the Plaintiff's claims against the Defendants pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Defendants deny all of the remaining allegations contained in paragraph 1 of Plaintiff's Second Amended Complaint and Jury Demand (hereinafter "Plaintiff's Second Amended Complaint").

2. Defendants admit the Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 and Colorado law.  Defendants deny the Plaintiff states any claim upon which relief may be granted against these Defendants.  Defendants deny all of the remaining allegations contained in paragraph 2 of Plaintiff's Second Amended Complaint.

3. Defendants admit this Court possess jurisdiction over the Plaintiff's claims against the Defendants pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Defendants deny all of the remaining allegations contained in paragraph 3 of Plaintiff's Second Amended Complaint.

4. Defendants state any notice of claim under the Colorado Governmental Immunity Act submitted by or on behalf of the Plaintiff dated July 7, 2003, speaks for itself in its entirety.  Defendants deny all of the allegations contained in paragraph 4 of Plaintiff's Second Amended Complaint inconsistent therewith.  Defendants deny all of the remaining allegations contained in paragraph 4 of Plaintiff's Second Amended Complaint.

**FACTS GIVING RISE TO THIS COMPLAINT**

5. Defendants admit the allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint.

6. Defendants admit that on March 1, 2003, Plaintiff was transported at the direction of the Immigration and Naturalization Service (hereinafter "INS") to the Park County Jail.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint and therefore deny same.

7. Defendants admit that on March 1, 2003, Plaintiff was transported at the direction of the INS to the Park County Jail. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 7 of Plaintiff's Second Amended Complaint and therefore deny same.

8. Defendants deny all of the allegations contained in paragraph 8 of Plaintiff's Second Amended Complaint.

9. Defendants deny all of the allegations contained in paragraph 9 of Plaintiff's Second Amended Complaint.

10. Defendants deny all of the allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint.

11. Defendants deny all of the allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint.

12. Defendants deny all of the allegations contained in paragraph 12 of Plaintiff's Second Amended Complaint.

13. Defendants deny all of the allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint.

14. Defendants deny all of the allegations contained in paragraph 14 of Plaintiff's Second Amended Complaint.

15. Defendants deny all of the allegations contained in paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendants deny all of the allegations contained in paragraph 16 of Plaintiff's Second Amended Complaint.

17. Defendants deny all of the allegations contained in paragraph 17 of Plaintiff's Second Amended Complaint.

18. Defendants deny all of the allegations contained in paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendants deny all of the allegations contained in paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendants deny all of the allegations contained in paragraph 20 of Plaintiff's Second Amended Complaint.

21. Defendants deny all of the allegations contained in paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendants deny all of the allegations contained in paragraph 22 of Plaintiff's Second Amended Complaint.

23. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Second Amended Complaint and therefore deny same.

24. Defendants state that the authority of a registered nurse to provide nursing treatment to patients under Colorado law speaks for itself. Defendants deny all of the allegations contained in paragraph 24 of Plaintiff's Second Amended Complaint inconsistent therewith.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 24 of Plaintiff's Second Amended Complaint and therefore deny same.

25. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Second Amended Complaint and therefore deny same.

26. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Second Amended Complaint and therefore deny same.

27. Defendants deny all of the allegations contained in paragraph 27 of Plaintiff's Second Amended Complaint.

28. Defendants admit that Plaintiff saw a nurse on March 6, 2003. Defendants affirmatively state the medical records of the Plaintiff maintained by the Park County Jail in their entirety speak for themselves. Defendants deny all of the allegations contained in paragraph 28 of Plaintiff's Second Amended Complaint inconsistent therewith. Defendants deny all the remaining allegations contained in paragraph 28 of Plaintiff's Second Amended Complaint.

29. Defendants admit that Plaintiff saw a nurse against on March 7, 2003. Defendants affirmatively state the medical records of the Plaintiff maintained by the Park County Jail in their entirety speak for themselves. Defendants deny all of the allegations contained in paragraph 28 of Plaintiff's Second Amended Complaint inconsistent therewith. Defendants deny all of the remaining allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint.

30. Defendants admit that on March 7, 2003, Deputy Don Frye was informed that several detainees were experiencing flu-like symptoms. Defendants affirmatively state the medical records of the Plaintiff maintained by the Park County Jail in their entirety speak for themselves. Defendants deny all of the allegations contained in paragraph 30 of Plaintiff's Second Amended Complaint inconsistent therewith. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 30 of Plaintiff's Second Amended Complaint and therefore deny same.

31. Defendants admit the allegations contained in paragraph 31 of Plaintiff's Second Amended Complaint.

32. Defendants admit that on March 8, 2003 Deputy Frye assisted Plaintiff to medical and took his blood pressure, pulse and respiration and that Plaintiff advised Deputy Frye through an interpreter that he had been sick for three days. Defendants admit that Deputy Frye placed Plaintiff on oxygen, that oxygen was ceased when Plaintiff advised Deputy Frye that he wanted to return to his cellblock, and that Deputy Frye contacted Nurse Paulsen regarding Plaintiff's condition. Defendants further admit that Nurse Paulsen advised Deputy Frye that Plaintiff had flu like symptoms. Defendants affirmatively state the medical records of the Plaintiff maintained by the Park County Jail in their entirety speak for themselves. Defendants deny all of the allegations contained in paragraph 32 of Plaintiff's Second Amended Complaint inconsistent therewith. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 30 of Plaintiff's Second Amended Complaint and therefore deny same.

33. Defendants admit that Deputy Frye observed Plaintiff's condition to be stable and noted that Plaintiff pointed to his midsection of his back and appeared to be in discomfort. Defendants affirmatively state the medical records of the Plaintiff maintained by the Park County Jail in their entirety speak for themselves. Defendants deny all of the allegations contained in paragraph 33 of Plaintiff's Second Amended Complaint inconsistent therewith. Defendants deny all remaining allegations contained in paragraph 33 of Plaintiff's Second Amended Complaint.

34. Defendants admit that Deputy Frye gave Plaintiff two more ibuprofen and two pepto bismal following Nurse Paulsen's instructions. Defendants further admit that Deputy Frye reported that Plaintiff appeared to be doing better but noted that his breathing was still shallow. Defendants affirmatively state the medical records of the Plaintiff maintained by the Park County Jail in their entirety speak for themselves. Defendants deny all of the allegations contained in paragraph 33 of Plaintiff's Second Amended Complaint inconsistent therewith. Defendants deny all remaining allegations contained in paragraph 34 of Plaintiff's Second Amended Complaint.

35. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Second Amended Complaint and therefore deny same.

36. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Second Amended Complaint and therefore deny same.

37. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Second Amended Complaint and therefore deny same.

38. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's Second Amended Complaint and therefore deny same.

39. Defendants deny all of the allegations contained in paragraph 39 of Plaintiff's Second Amended Complaint.

## FIRST CLAIM FOR RELIEF
**(§1983 Constitutional Violations of Defendants Park County, a public entity of the State of Colorado and its governing board, Park County Board of County Commissioners, Park County Sheriff's Office, a public entity of the State of Colorado, Fred Wegener, Individually, and in his official capacity as Sheriff of Park County, Colorado; and Monte Gore, Individually, and in his capacity as Captain of Park County Sheriff's Department)**

40. Defendants incorporate herein by reference, their answers to each and every allegation in paragraphs 1 through 39 of Plaintiff's Second Amended Complaint above, as if said answers were set forth more fully herein as their answer to the allegations contained in paragraph 40 of Plaintiff's Second Amended Complaint.

41. Defendants deny all of the allegations contained in paragraph 41, including subparagraphs (a), (b), (c), (d), (e), and (f), of the Plaintiff's Second Amended Complaint.

42. Defendants deny all of the allegations contained in paragraphs 42 of Plaintiff's Second Amended Complaint.

43. Defendants admit that at all times they were acting under color of Colorado law. Defendants deny all of the remaining allegations contained in paragraph 43 of Plaintiff's Second Amended Complaint.

44. Defendants admit the Fred Wegener is the Sheriff of Park County and was the Sheriff of Park County in March 2003. Defendants affirmatively state that Sheriff Wegener's responsibilities concerning the operation, management and administration of the Park County

Jail are defined by Colorado law. Defendants deny all of the allegations contained in paragraph 44 of Plaintiff's Second Amended Complaint inconsistent therewith. Defendants deny all of the remaining allegations contained in paragraph 44 of Plaintiff's Second Amended Complaint.

45. Defendants admit the Fred Wegener is the Sheriff of Park County and was the Sheriff of Park County in March 2003. Defendants affirmatively state that Sheriff Wegener's responsibilities concerning the operation, management and administration of the Park County Jail are defined by Colorado law. Defendants deny all of the allegations contained in paragraph 45 of Plaintiff's Second Amended Complaint inconsistent therewith. Defendants admit Sheriff Wegener is a resident of the State of Colorado. Defendants deny all of the remaining allegations contained in paragraph 45 of Plaintiff's Second Amended Complaint.

46. Defendants admit that Monte Gore is a Captain for the Park County Sheriff's Department and was a Captain for the Park County Sheriff's Department Sheriff's Office in March 2003. Defendants admit Captain Gore is the administrator of the Park County Jail and was the administrator of the Park County Jail in March 2003. Defendants admit Captain Gore is a resident of the State of Colorado. Defendants deny all of the remaining allegations contained in paragraph 45 of Plaintiff's Second Amended Complaint.

47. Defendants deny all of the allegations contained in paragraphs 47 of Plaintiff's Second Amended Complaint.

48. Defendants deny all of the allegations contained in paragraph 48, including subparagraphs (a), (b), and (c), of Plaintiff's Second Amended Complaint.

49. Defendants deny all of the allegations contained in paragraph 49 of Plaintiff's Second Amended Complaint.

## CLAIM FOR RELIEF
### (Constitutional Violations of Defendants
### Vickie Paulsen, R.N. and James Bachman, M.D.)

50-60. Plaintiff's Claim for Relief is brought solely against Defendants Vickie Paulsen and James Bachman. Accordingly, these Defendants have no obligation to answer any aspect of this claim for relief. To any extent any of the allegations contained in paragraphs 50-60 of Plaintiff's Second Amended Complaint can be construed as applying to these Defendants they are denied.

## THIRD CLAIM FOR RELIEF
### (Negligence of the Defendant, Vickie Paulsen, R.N.)

61-64. Plaintiff's Third Claim for Relief is brought solely against Defendant Vickie Paulsen. Accordingly, these Defendants have no obligation to answer any aspect of this claim for relief. To any extent any of the allegations contained in paragraphs 61-64 of Plaintiff's Second Amended Complaint can be construed as applying to these Defendants they are denied.

## FOURTH CLAIM FOR RELIEF
### (Negligence of the Defendant, James Bachman, M.D.)

65-67. Plaintiff's Fourth Claim for Relief is brought solely against Defendant James Bachman. Accordingly, these Defendants have no obligation to answer any aspect of this claim for relief. To any extent any of the allegations contained in paragraphs 65-67 of Plaintiff's Second Amended Complaint can be construed as applying to these Defendants they are denied.

## PRAYER FOR RELIEF ON CIVIL RIGHTS VIOLATION

Defendants deny all of the allegations contained under the heading "Prayer for Relief on Civil Rights Violations" and deny the Plaintiff is entitled to any of the relief sought.

## PRAYER FOR RELIEF ON MEDICAL NEGLIGENCE – STATE CLAIM OF DIVERSITY

Plaintiff's Prayer for Relief on Medical Negligence—State Claim of Diversity is based on Plaintiff's Third and Fourth Claims for Relief brought solely against Defendants Vickie Paulsen and James Bachman. Accordingly, these Defendants have no obligation to answer any aspect of this claim for relief. To any extent any of the allegations contained under the heading "Prayer for Relief on Medical Negligence—State Claim of Diversity" can be construed as applying to these Defendants they are denied and Defendants deny the Plaintiff is entitled to any of the relief sought.

## GENERAL DENIAL

Defendants deny each and every allegation contained in Plaintiff's Second Amended Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.  Plaintiff's Second Amended Complaint fails to state a claim as to which any relief may be granted.

2.  All or part of Plaintiff's claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted against these Defendants.

3.  Defendants' actions were taken for legitimate, nondiscriminatory penological purposes.

4.  Plaintiff's claims for punitive or exemplary damages against Defendants Fred Wegener and Monte Gore in their individual capacities are barred, reduced, or in the alternative, are unconstitutional and would violate their rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

11

5. Plaintiff's claims for punitive or exemplary damages against Defendants Fred Wegener and Monte Gore in their official capacities, and Defendants Park County Board of County Commissioners and Park County Sheriff's Office, if any, are barred as a matter of law.

6. The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom the Defendants have no control or right of control.

7. Defendants Fred Wegener and Monte Gore in their individual capacities are entitled to qualified immunity for all Plaintiff's claims of constitutional violations.

8. Plaintiff failed to mitigate his damages, if any, as required by law.

9. Defendants never breached any duty owed Plaintiff at any time in the course of his incarceration.

10. At all times pertinent herein, Defendants acted in accordance with all common law, statutory, regulatory, policy, and constitutional obligations and without any intent to discriminate or cause Plaintiff any harm.

11. On information and belief, some or all of Plaintiff's claims are barred by his failure to comply with jurisdictional and administrative prerequisites to suit, including applicable deadlines.

12. All or part of Plaintiff's claims are barred, or limited, or controlled by Plaintiff's failure to complain pursuant to the available policies or procedures of the Park County Jail.

13. On information and belief, some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, failure to exhaust administrative remedies, and failure to provide timely notice.

14. Plaintiff is not entitled to the relief sought in the Second Amended Complaint under any of the theories asserted.

15. Defendants may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution.

16. Plaintiff was deprived of no well-settled liberty or property interest and he was afforded all the rights, privileges and immunities guaranteed by the Constitution and no constitutionally protected interest is impugned in relation to any claim of Plaintiff.

17. Each of the Defendants followed the regulations, policies, procedures and contractual obligations of the Immigration and Naturalization Service and the Park County Jail in connection with any contact with Plaintiff.

18. Plaintiff's claims against the individual Defendants are barred, in whole or in part, due to a failure of personal participation on their part.

19. Defendants' conduct was, at all times, lawful, justified and privileged and any actions complained of by Plaintiff in relation to these Defendants were justified by penological reasons.

20. Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Defendants, nor were they proximately caused by or related to any act or omission of Defendants.

21. All actions of Defendants taken with respect to Plaintiff were taken in good faith and were reasonable under the circumstances.

22. Plaintiff's damages, if any, are subject to offset by virtue of amounts received from other sources.

23.     Defendants specifically reserve the right to amend their Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become non-applicable upon completion of additional discovery.

WHEREFORE, having answered the allegations of the Plaintiff's Second Amended Complaint in full, Defendants move the Court for entry of an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorneys fees, and ordering such other and further relief as to the Court appears proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendants hereby demand a trial by jury on all issues so triable.

Dated this 18th date of July, 2005.

Respectfully submitted,

s/Andrew D. Ringel, Esq.
Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, Colorado 80202-2052
Tel:  (303) 628-3300
Fax:  (303) 293-3238
ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS PARK COUNTY, PARK COUNTY BOARD OF COUNTY COMMISSIONERS, PARK COUNTY SHERIFF'S OFFICE, FRED WEGENER AND MONTE GORE**

Defendants' Addresses:
P.O. Box 1373
501 Main Street
Fairplay, Colorado 80440-0220

### **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 18th day of July, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Joseph J. Archuleta, Esq.
Joseph J. Archuleta & Associates
724 Ogden Street
Denver, Colorado 80218
archuletalaw@qwest.net

Lloyd C. Kordick, Esq.
Lloyd C. Kordick & Associates
805 S. Cascade Avenue
Colorado Springs, Colorado 80903
Lloyd@kordicklaw.com

and hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

William A. Trine, Esq. (Via U.S. Mail)
Trine & Metcalf, P.C.
1435 Arapahoe Avenue
Boulder, Colorado 80302-6390

　　　　　　　　　　　　　　　　　　s/Loree Trout,   Secretary
　　　　　　　　　　　　　　　　　　  Andrew D. Ringel, Esq.
　　　　　　　　　　　　　　　　　　  Hall & Evans, L.L.C.
　　　　　　　　　　　　　　　　　　  1125 17th Street, Suite 600
　　　　　　　　　　　　　　　　　　  Denver, CO 80202-2052
　　　　　　　　　　　　　　　　　　  303-628-3300
　　　　　　　　　　　　　　　　　　  Fax: 303-293-3238
　　　　　　　　　　　　　　　　　　  ringela@hallevans.com

　　　　　　　　　　　　　　　　　　  **ATTORNEYS FOR DEFENDANTS**
　　　　　　　　　　　　　　　　　　  **PARK COUNTY, PARK COUNTY**
　　　　　　　　　　　　　　　　　　  **BOARD OF COUNTY**
　　　　　　　　　　　　　　　　　　  **COMMISSIONERS, PARK COUNTY**
　　　　　　　　　　　　　　　　　　  **SHERIFF'S OFFICE, FRED WEGENER**
　　　　　　　　　　　　　　　　　　  **AND MONTE GORE**

H:\Users\RINGELA\park\Carranza-Reyes\Answer  Second Amended Complaint.doc