IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00377-WDM-BNB

MOISES CARRANZA-REYES,

    Plaintiff,

v.

PARK COUNTY, a public entity of the State of Colorado and its governing board;
THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
PARK COUNTY SHERIFF'S OFFICE, a public entity of the State of Colorado;
FRED WEGENER, individually and in his official capacity as Sheriff of Park County, Colorado;
MONTE GORE, individually and in his official capacity as Captain of Park County Sheriff's Department;
VICKIE PAULSEN, individually, and in her official capacity as Registered Nurse for Park County, Colorado; and
JAMES BACHMAN, M.D., individually and in his official capacity as Medical Director of the Park County Jail;

    Defendants.

---

## MOTION TO DISMISS FROM DEFENDANTS PARK COUNTY AND PARK COUNTY SHERIFF'S OFFICE

---

Defendants Park County and Park County Sheriff's Office, by and through their attorney, Andrew D. Ringel, Esq. of Hall & Evans, L.L.C., pursuant to Fed. R. Civ. P. 12(b)(6), hereby respectfully submit this Motion to Dismiss, as follows:

1.    Plaintiff Moises Carranza-Reyes brings this action against Defendants Park County, the Park County Board of County Commissioners, the Park County Sheriff's Office, Fred Wegener, the Sheriff of Park County, Monte Gore, a Captain with the Park County Sheriff,

Vickie Paulsen, R.N., and James Bachman, M.D. pursuant to 42 U.S.C. § 1983 with supplemental claims under Colorado law. Plaintiff's only claim against Defendants Park County and Park County Sheriff's Office is the Plaintiff's First Claim for Relief alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. [*See* Plaintiff's Second Amended Complaint]. Defendants Park County and Park County Sheriff's Office now move to dismiss the Plaintiff's claims against them in their entirety with prejudice because neither Park County nor the Park County Sheriff's Office are proper Defendants for the Plaintiff's 42 U.S.C. § 1983 claims as a matter of law.

2. Initially, Park County is not a proper Defendant for the Plaintiff's 42 U.S.C. § 1983 claim. Colorado law provides all suits against any county of the State of Colorado must be brought against the board of county commissioners of the county. In its entirety, C.R.S. § 30-11-105 provides as follows:

> In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be, "The board of county commissioners of the county of _____"; but this provision shall not prevent county officers, when authorized by law, from suing in the name of office for the benefit of the county.

C.R.S. § 30-11-105. The Colorado Supreme Court has held that claims brought against counties in Colorado that do not comply with C.R.S. § 30-11-105 are improper. "This statutory provision provides the exclusive method by which jurisdiction over a county can be obtained. An action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case." ***Calahan v. County of Jefferson,*** 429 P.2d 301, 302 (Colo. 1967). Federal courts have applied C.R.S. § 30-11-105 to dismiss claims brought against Colorado counties based on an improper designation. *See, e.g.,* ***Gonzales v. Martinez,*** 403 F.3d 1179, 1182 n. 7

2

(10th Cir. 2005); *Garcia v. Jefferson County, Colorado,* 687 F.Supp. 1498, 1500 (D. Colo. 1988). Here, Plaintiff has named both Park County and the Park County Board of County Commissioners as Defendants. Pursuant to C.R.S. § 30-11-105 and the above precedent, Plaintiff's claim against Park County must be dismissed as a matter of law. Any claims Plaintiff has against Park County are properly brought against the Board of County Commissioners of Park County only.

3.   Further, the Park County Sheriff's Office is also not a proper Defendant for the Plaintiff's 42 U.S.C. § 1983 claims. Under Colorado law, a county sheriff is a separately elected official. *See* Colo. Const. art. XIV, § 8 (establishing county officers other than the office of county commissioner including the office of sheriff). The office of county sheriff has proscribed duties, responsibilities, and liability under Colorado law. *See* C.R.S. §§ 30-10-501 *et seq.* The undersheriff and all deputies serve at the pleasure of the sheriff. *See* C.R.S. § 30-10-504, C.R.S. § 30-10-506, and C.R.S. § 30-10-510. Prior to assuming office, sheriffs in Colorado must execute a bond for the benefit of the people of the State of Colorado. *See* C.R.S. § 30-10-501 and C.R.S. § 30-10-502. The purpose of this bond is to ensure there will be funds available for any liability imposed on the sheriff for the performance of his or her official duties. *See* C.R.S. § 30-10-509 and C.R.S. § 30-10-522. The sheriff in his official capacity is liable for all of the acts of his undersheriff and deputy sheriffs with any liability attributable to these subordinate officers to be paid from the bond posted by the sheriff. *See* C.R.S. § 30-10-506 and C.R.S. § 30-10-507.

4.      Under the above structure of the office of sheriff under Colorado law, the proper method to sue a sheriff is to sue the sheriff in his or her official capacity.[1]  The United States Court of Appeals for the Tenth Circuit has held that a sheriff's department is not a proper defendant because the sheriff's department is simply a part of the municipal government.  *See Lee v. Denver Sheriff's Department,* 1998 U.S. Dist. LEXIS 21637 (May 26, 1998) [Unpublished disposition attached hereto as Exhibit A].  Similarly, this Court has previously concluded that a suit naming a sheriff's department is properly considered a suit against the sheriff in his official capacity.  *See* ***Cortese v. Black,*** 838 F.Supp. 485, 496 (D. Colo. 1993). These precedents are consistent with other decisions from this Court repeatedly holding police departments are not  proper defendants.  *See, e.g.* ***Renalde v. City & County of Denver,*** 807 F.Supp. 668, 675 (D. Colo. 1992); ***Stump v. Gates,*** 777 F.Supp. 808, 814-16 (D. Colo. 1991), *aff'd,* 986 F.2d 1429 (10th Cir. 1993) (unpublished disposition); ***Boren v. City of Colorado Springs,*** 624 F.Supp. 474, 479 (D. Colo. 1985).  Here, Plaintiff has sued both the Park County Sheriff's Office and Sheriff Fred Wegener in this official capacity.  Under the above precedent, the Park County Sheriff's Office is not a proper Defendant as a matter of law.  Any claim Plaintiff has based on the official actions of Sheriff Wegener and any deputy under his supervision are properly brought against Sheriff Wegener in his official capacity only.

WHEREFORE, for all of the foregoing reasons, Defendants Park County and the Park County Sheriff's Office respectfully request this Court dismiss the Plaintiff's claims against them

---

[1] Defendants recognize that a suit against a sheriff in his or her individual capacity pursuant to 42 U.S.C. § 1983 may also be appropriate under some circumstances based on allegations the sheriff individually violated a plaintiff's constitutional rights.

in their entirety with prejudice, award them their attorneys fees for having to file this Motion to Dismiss, and for all other and further relief as this Court deems just and appropriate.

Dated this 18th date of July, 2005.

                Respectfully submitted,

                s/Andrew D. Ringel, Esq.
                Andrew D. Ringel, Esq.
                Hall & Evans, L.L.C.
                1125 17th Street, Suite 600
                Denver, Colorado 80202-2052
                Tel:  (303) 628-3300
                Fax:  (303) 293-3238
                ringela@hallevans.com

                **ATTORNEYS FOR DEFENDANTS PARK COUNTY, PARK COUNTY BOARD OF COUNTY COMMISSIONERS, PARK COUNTY SHERIFF'S OFFICE, FRED WEGENER AND MONTE GORE**

Defendants' Addresses:
P.O. Box 1373
501 Main Street
Fairplay, Colorado 80440-0220

5

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 18th day of July, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Joseph J. Archuleta, Esq.
Joseph J. Archuleta & Associates
724 Ogden Street
Denver, Colorado 80218
archuletalaw@qwest.net

Lloyd C. Kordick, Esq.
Lloyd C. Kordick & Associates
805 S. Cascade Avenue
Colorado Springs, Colorado 80903
Lloyd@kordicklaw.com

and hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

William A. Trine, Esq. (Via U.S. Mail)
Trine & Metcalf, P.C.
1435 Arapahoe Avenue
Boulder, Colorado 80302-6390

s/Loree Trout, Secretary
Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3300
Fax: 303-293-3238
ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS PARK COUNTY, PARK COUNTY BOARD OF COUNTY COMMISSIONERS, PARK COUNTY SHERIFF'S OFFICE, FRED WEGENER AND MONTE GORE**

H:\Users\RINGELA\park\Carranza-Reyes\motion to dismiss.doc