2 of 6 DOCUMENTS

DONELLE L. LEE, Plaintiff, -vs.- DENVER SHERIFF'S DEPARTMENT, et al.,
Defendants.

Case No. 95-S-160

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

1998 U.S. Dist. LEXIS 21637

May 26, 1998, Decided



EXHIBIT A

**SUBSEQUENT HISTORY:** [*1] Adopting Order of September 21, 1998, Reported at: 1998 U.S. Dist. LEXIS 21635.

**DISPOSITION:** Recommended that this Defendants M. Graham and Denver Sheriff's Department be dismissed; and Plaintiff's motion for leave to file an amended complaint be granted.

**COUNSEL:** For DONELLE L. LEE, plaintiff: Gregory A. Eurich, Megan Connor Bertron, Holland & Hart, LLP, United States District Court, Stephanie Sue Padilla, Baker & Hostetler, Denver, CO U.S.A.

Donelle L. Lee, plaintiff, Pro se, Denver, CO USA.

For DENVER SHERIFF'S DEPARTMENT, JORGE HERNANDEZ, M. HORNER, L. GALVAN, DENVER POLICE DEPARTMENT, M. GRAHAM, defendants: Theodore Samuel Halaby, Halaby, Cross & Schluter, Robert M. Liechty, Robert M. Liechty, PC, Denver, CO USA.

For JORGE HERNANDEZ, M. HORNER, L. GALVAN, defendants: David J. Bruno, Janice K. Hollenbeck, Bruno, Bruno & Colin, P.C., Andrew James Carafelli, Halaby, Cross & Schluter, Denver, CO USA.

**JUDGES:** RICHARD M. BORCHERS, United States Magistrate Judge.

**OPINIONBY:** RICHARD M. BORCHERS

**OPINION:**

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Borchers, Magistrate Judge

THIS MATTER comes before the Court on the civil rights complaint of Donelle L. Lee (Plaintiff) filed pursuant to 42 U.S.C. § 1983. Plaintiff is seeking monetary damages.

Defendants Denver Sheriff's [*2] Department, City and County of Denver, and Officer M. Graham have filed a motion to dismiss. Plaintiff has responded to the motion. Further argument will be waived.

Plaintiff agrees that Defendant Graham should be dismissed from the case. Plaintiff requests time to file an amended complaint as to the City and County of Denver. Plaintiff argues that he should be given the opportunity to file an amended complaint.

There is little question that the Denver Sheriff's Department is not a proper party. Boren v. City of Colorado Springs, 624 F. Supp. 474 (D.Colo.1985). The Department is simply a part of the city and county government. The Department should be dismissed from the case.

Plaintiff has requested the opportunity to file an amended complaint. Plaintiff may move to include the City and County of Denver (Denver) as a party. Amendment should be freely granted in the interests of justice. Fed.R.Civ.P.15(c). Plaintiff will carry a significant burden to show that his constitutional rights were violated as a result of a city policy, ordinance, regulation, or custom. See, Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978); City of Oklahoma City v. Tuttle, 471 [*3] U.S. 808, 85 L. Ed. 2d 791, 105 S. Ct. 2427 (1985).

Plaintiff should be given an opportunity to file an amended complaint. Defendant City and County of Denver should be given the right to file any further legal motions concerning that amended complaint, once it is filed.

IT IS HEREBY RECOMMENDED that Defendants M. Graham and Denver Sheriff's Department be dismissed from this case; and

IT IS FURTHER RECOMMENDED that Plaintiff's motion for leave to file an amended complaint be granted.

FURTHER, IT IS ORDERED that under *Rule 72(b) of the Federal Rules of Civil Procedure*, the parties shall have ten days (10) after service hereof to file any written objections with the assigned District Judge. The party filing an objection must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this document will bar the party from a de novo determination by the District Judge of the proposed legal and factual findings and recommendations. *United States v. Raddatz*, [*4] *447 U.S. 667, 676-83, 65 L. Ed. 2d 424, 100 S. Ct. 2406 (1980); 28 U.S.C. § 636(b)(1)*. Additionally, the failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy will bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn, 474 U.S. 140, 88 L. Ed. 2d 435, 106 S. Ct. 466(1985)*. Finally, failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy will bar the aggrieved party from seeking appellate review. *Talley v. Hesse, 91 F.3d 1411 (10th Cir.1996)*.

DATED and ENTERED this 26 day of May, 1998.

BY THE COURT:

RICHARD M. BORCHERS

United States Magistrate Judge