IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-377-WM-BNB

MOISES CARRANZA-REYES,

    Plaintiff,

v.

PARK COUNTY, a public entity of the State of Colorado and its governing board,
THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS; PARK COUNTY
SHERIFF'S OFFICE, a public entity of the State of Colorado; FRED WEGENER, individually,
and in his official capacity as Sheriff of Park County, Colorado; MONTE GORE, individually, and
in his capacity as Captain of Park County Sheriffs Department; VICKIE PAULSEN,
individually and in her official capacity as Registered Nurse for Park County, Colorado;
JAMES BACHMAN, M.D., individually and in his official capacity as Medical
Director of the Park County Jail,

    Defendants.

## JAMES BACHMAN, M.D.'s ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND

Defendant, James Bachman, M.D., through his attorneys, **JOHNSON, McCONATY & SARGENT, P.C.**, hereby submits his Answer to Plaintiff's Second Amended Complaint as follows:

    1.    Dr. Bachman admits that he is a physician who at all relevant times was licensed to practice in the State of Colorado specializing in the field of Family Practice and Emergency Medicine. Dr. Bachman further admits that he was the Medical Director for Park County Jail at the times reflected in the complaint. Dr. Bachman affirmatively states that his conduct as the Medical Director was reasonable and appropriate and did not constitute a deliberate indifference to a serious medical need. Also, to the extent

the complaint alleges a claim of medical negligence against Dr. Bachman as a physician, Dr. Bachman affirmatively states that his conduct was at all times reasonable and appropriate, and within the accepted practices for physicians in his medical specialty practicing in Colorado, in and around the relevant times. Dr. Bachman denies that his conduct as Medical Director and as a physician was grossly negligent or negligent and further denies that his conduct caused or contributed to Plaintiff's claimed injuries and damages, if any.

2. Specifically, with regard to paragraph 1, Defendant, Dr. Bachman, admits that he is a United States Citizen. As to the other allegations in paragraph 1, Dr. Bachman does not have sufficient information to form a belief as to the truth of the allegations contained therein, and therefor denies the same.

3. Specifically with regard to paragraph 3, Dr. Bachman admits the allegations contained therein.

4. Generally with regard to the allegations in the complaint, Dr. Bachman refers to the medical records and the jail records. To the extent that any of the allegations in the complaint are inconsistent with the medical records or the jail records, Dr. Bachman denies those allegations. Also, Dr. Bachman denies all allegations contained in the complaint that refer to the condition of the jail as being something other than acceptable.

5. Specifically, with regard to paragraphs, 2, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 27, Dr. Bachman denies those allegations that refer to the condition of the jail as being something other than acceptable, otherwise, with regard to those allegations that refer to the events or sequence of events, Dr. Bachman refers to

the medical and jail records, see paragraph 4 above. Otherwise, Dr. Bachman does not have sufficient information to form a belief as to the truth of the allegations contained in these numbered paragraph, and therefor denies the same.

6. Specifically with regard to paragraphs 24, 25, 26, 41, 42, 43, 44, 45, 46, 47, 48, 49, 62, 63, and 64, the allegations contained therein pertain to other Defendants in this lawsuit and not Defendant Dr. Bachman and do not therefore require a response from Defendant Bachman. To the extent that there are any allegations contained in these paragraphs that do pertain to Defendant Bachman, Dr. Bachman denies those allegations.

7. With regard to paragraphs 5, 6, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39, Defendant Bachman states that the medical records and the jail records speak for themselves. To the extent that these allegations are inconsistent with the medical records or the jail records, Defendant Bachman denies these allegations.

8. With regard to paragraph 23, and 54, Dr. Bachman admits that he visited the jail. Dr. Bachman denies the remaining allegations in paragraph 23.

9. With regard to paragraphs 52, 53, 55, 56, 57, 58, 59, 60, 66, 69 (sic) and 67 as it pertains to this Defendant, Defendant Bachman denies the allegations contained in paragraphs 52, 53, 54, 55, 56, 57, 58, 59, 60, 66, 69 (sic) and 67.

10. With regard to paragraph 51, Dr. Bachman states that his duty as Medical Director are set forth in his contract. To the extent that the allegations in paragraph 51 are inconsistent with such contract, Dr. Bachman denies such allegations.

11. Defendant, Dr. Bachman, denies each and every allegation not specifically admitted

herein.

12. The Plaintiff's Second Amended Complaint fails to state a claim or claims against Defendant Bachman upon which relief may be granted.

13. Plaintiff's Complaint fails to allege sufficient facts to support a constitutional violation against this Defendant.

14. Plaintiff's claim for punitive damages are barred as a matter of law or would otherwise be unconstitutional as applied to this Defendant.

15. The Plaintiff's injuries and damages, if any, are the result of Plaintiff's own negligence, which negligence bars or diminishes Plaintiff's right of recovery pursuant to C.R.S. §13-21-111.

16. The Plaintiff is not the real party-in-interest to all of the claims set forth in Plaintiff's Second Amended Complaint.

17. This action is barred by the applicable statute of limitations and statute of repose.

18. The Plaintiff has failed to mitigate his damages, if any, as required by law.

17. Any damages complained of by the Plaintiff were caused by the Plaintiff's own act or omission or the acts or omissions of others over whom Defendant Bachman has no control or no right of control.

18. The Plaintiff's injuries and damages, if any, are the result of Plaintiff's failure to follow reasonable medical advice and instructions of attending physicians and health care providers.

19. In the event that a verdict is returned in favor of the Plaintiff, Defendant, Dr. Bachman is entitled to a reduction of the damage award, if any, to the extent of any payments

made to the Plaintiff from a collateral source under the provisions of C.R.S. § 13-21-111.6.

20. The Defendant's liability, if any, is limited by the provisions of C.R.S. § 13-21-111.5.

21. The Plaintiff is hereby notified that the Defendant, Dr. Bachman, reserves the right to designate non-parties and hereby designate any settling or dismissed parties.

22. Defendant, Dr. Bachman, reserves the right to assert the applicable substantive and procedural provisions of the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. § 13-50.5-102, *et seq.*

23. The Plaintiff's alleged damages are the sole and proximate result of an injury sustained or a condition existing prior to the incident complained of in Plaintiff's Second Amended Complaint.

24. Defendant, Dr. Bachman, asserts any and all protections, limitations and rights afforded under the Health Care Availability Act, C.R.S. § 13-64-101, et seq.

25. Defendant, Dr. Bachman, reserves the right to amend his Answer to assert additional affirmative defenses as factual and legal issues are developed during discovery.

**DEFENDANTS REQUEST A TRIAL BY A JURY OF SIX.**

WHEREFORE, Defendant, James Bachman, M.D., having fully answered Plaintiff's Second Amended Complaint and Jury Demand, respectfully request that Plaintiff's Second Amended Complaint be dismissed, with Defendant, Dr. Bachman, being awarded his expert witness fees and other costs as the Court deems proper.

DATED this 25th day of July, 2005.

JOHNSON, McCONATY & SARGENT
A Professional Corporation

Defendant's Address:
P.O. Box 545
Frisco, CO 80443

By: /s/Craig A. Sargent
Craig A. Sargent
Attorney for James Bachman, M.D.
400 South Colorado Boulevard, Suite 900
Glendale, Colorado  80246
Telephone: (303) 388-7711

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2005, I electronically filed the foregoing **JAMES BACHMAN, M.D.'s ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND**, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Joseph J. Archuleta, Esq.
Archuletalaw@qwest.net

Lloyd C. Kordick, Esq.
Lloyd@kordicklaw.com

susan@kordicklaw.com

William A. Trine, Esq.
Btrine@trine-metcalf.com

/s/Craig A. Sargent
Craig A. Sargent
Attorney for Defendant Bachman
400 S. Colorado Boulevard, Suite 900
Glendale, Colorado 80246
303-388-7711
303-388-1749-fax
csargent@jmsp.com