IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2005-WM-377 (BNB)

MOISES CARRENZA-REYES

       Plaintiff,

vs.

PARK COUNTY, a public entity of the State of Colorado and its governing board, THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS; PARK COUNTY SHERIFF'S OFFICE, a public entity of the State of Colorado; FRED WEGENER, individually and in his official capacity as Sheriff of Park County, Colorado; MONTE GORE, Individually and in his capacity as Captain of Park County Sheriff's Dept.; VICKIE PAULSEN, individually and in her official capacity as Registered Nurse for Park County, Colorado; JAMES BACHMAN, M.D., individually and in his official capacity as Medical Director of the Park County Jail,

       Defendants.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS PARK COUNTY AND PARK COUNTY SHERIFF'S DEPARTMENT

NOW COMES Plaintiff, Moises Carranza Reyes, by and through his attorneys, Joseph Archuletta, Lloyd C. Kordick & Associates, and William Trine and respectfully submits this Response in Opposition to Motion to Dismiss.

The Defendants' Motion to Dismiss acknowledges that Park County and Sheriff Wegener were properly served. The Defendants assert two arguments for dismissal which are separately addressed in this Response:

*(A) Defendant argues that although Park County was properly served by the County Commissioners and is properly before the Court, the use of the name "Park County" in the pleadings is barred by C.R.S. § 30-11-105; and*

> (B) That although Sheriff Fred Wegener was named a defendant and was properly served that the Sheriff's Department is not a proper party.

## ARGUMENT

I. **PARK COUNTY IS PROPERLY NAMED WHEN IT HAS BEEN NAMED AND SERVED THROUGH THE COUNTY COMMISSIONERS AND IS BEFORE THE COURT AS THE ACTUAL PARTY IN INTEREST.**

Defendants' Motion to Dismiss admits that Park County was properly served. Quoting from Defendants' Motion to Dismiss at p. 3:

> *Any claims Plaintiff has against Park County are properly brought against the Board of County Commissioners of Park County only.*

The Defendants' argument is based upon its interpretation of C.R.S. §30-10-105, which requires that a suit against the county name the Board of County Commissioners of that county. In this case, the Board of County Commissioners were named and Hall & Evans, defense counsel, accepted service on the Board's behalf. Park County is the proper party and as such is properly named in the Complaint.

The Colorado Court of Appeals in *Wigger v. McKee*, 809 P.2d 999 (Colo. App. 1990) resolved this issue of whether it is proper to name the county when the county commissioners have been named and served. *Wigger* found that it is proper to name the county. Citing the factual summary of *Wigger*, supra at p. 999:

> *Acquittee brought action <u>against the county</u>, county <u>board of commissioners</u>, county <u>sheriff's dept.</u>,...based on alleged wrongful prosecution of plaintiff ... .* (Emphasis added.)

*Wiggins, supra* found it proper in the civil rights complaint to name the county, when the county commissioners are properly named and served as has occurred in the case at bar.[1] The *Wigger* Court ruled:

> *Therefore, Arapaho County sued properly in the name of the Board of County Commissioners of Arapaho County. See Section 13-11-105, C.R.S. (1986, replacement volume 12) is a person under 42 USC Section 1983 and a suit against it may not be dismissed for lack of jurisdiction.* [2]

Defendants' reliance upon the earlier case of *Calahan v. Jefferson County*, 429 P.2d 301 (Colo. 1967) is misplaced. In *Calahan, supra*, the plaintiff brought an action against Jefferson County naming only the *"County of Jefferson"* and did not sue the Jefferson County Commissioners. *Calahan, supra*, and does not apply to the facts presented in this case or in *Wiggers, supra*. *Gonzales v. Martinez*, 403 F.3d 1179 (Colo. 2005) cited by the Defendants was also a case in which the county commissioners were not named and the sole designation was against *"Huerfeno County"* as defendant. Whether Huerfeno County was properly served was not an issue before the Tenth Circuit on that appeal. The question was mentioned *in dicta* in Footnote #7, which states in pertinent part:

> *Neither the district court nor defendant has challenged Mr. Gonzales' designation of 'Huerfeno County' as defendant.*

---

[1] F.R.C.P. 17(a) Real Party in Interest and (b) Capacity to ... be Sued provides *"In all ... cases, capacity to ... be sued shall be determined by the law in which the district court is held..."*.

[2] The *Wigger* Court also found that it was proper to sue the sheriff's department when the sheriff had been properly served. Citing from *Wigger, supra,* at p. 1003:

> *The Arapaho <u>County Sheriff's Department</u>, likewise qualifies as a 'person' under the statute.* (Emphasis added.)

*Wigger* specifically permitted the case to be brought against both the sheriff and the sheriff's department.

In *Gonzales v. Martinez, supra*, and *Calahan v. Jefferson, supra*, the county commissioners were not properly named or served. *Gonzales, supra,* does not apply because the *dicta* has no applicability to cases in which the county commissioners were named and served properly under the statute. *Garcia v. Jefferson County*, 687 F.Supp 1998 (D. Colo. 1998) is not applicable as argued by Defendants. The *Garcia, supra* opinion states at p. 1501:

> *Plaintiff concedes that his amended complaint improperly designates the county as 'Jefferson County, State of Colorado'. The parties agree that the county should be sued as 'Board of County Commissioners of Jefferson County' pursuant to C.R.S. § 30-11-105. The court would permit plaintiff to amend his complaint to correct this procedural error.*

In *Gonzales, supra*, unlike our case, there was no compliance with C.R.S. § 30-11-105. In the case at bar, Park County was properly sued through the County Commissioners by Mr. Carranza-Reyes and the County is properly before this Court. See *Wiggers, supra*.

The Colorado Supreme Court has held that a claim brought against a county that names the board of county commissioners is proper. *Calahan v. County of Jefferson*, 429 P.2d 301, 302 (Colo. 1967). The *Calahan* Court dismissed the case because the board of county commissioners was not a named party. *Id.* However, in cases in which both the county and the board of county commissioners were named, the Colorado Court of Appeals rejected the argument that the plaintiff failed to acquire jurisdiction over the county. *Anderson v. County of Adams*, 592 P.2d 3, 4(Colo. App. 1978) and *Wiggers, supra.* The *Anderson* Court held that the "*complaint is adequate where the proper subdivision of county government has been named.* " *Id.* The cases cited by the Defendants: *Gonzales v. Martinez*, 403 F.3d 1179 (10th Cir. 2005) and *Garcia v. Jefferson County, Colorado*, 687 F.Supp. 1498 (D.Colo. 1988) were all cases in which the plaintiffs failed to name the board of county commissioners. The Plaintiff, Moises Carranza-Reyes named the Board of County

-4-

Commissioners in his Complaint. *Wiggins v. McKee, supra*, is the controlling authority that ruled on the identical facts presented in this case.

### II. THE PARK COUNTY SHERIFF'S OFFICE IS A PROPER DEFENDANT FOR 1983 CLAIMS WHEN THE SHERIFF AND OFFICERS HAVE BEEN SUED FOR ACTING IN THEIR OFFICIAL CAPACITIES.

The Colorado Court of Appeals has specifically determined that it is proper when the sheriff is served to name the sheriff's department. See *Wigger, supra*. The *Wigger* Court ruled at p. 1003:

> *The Arapaho County Sheriff's Dept. likewise qualifies as a 'person' under the statute.*

*Wiggers, supra,* found that it was proper to name the sheriff's department once the sheriff had been properly served as has occurred in this case. The Defendants' argument that the sheriff is responsible and liable for the actions of all subordinates if true does not change the fact that the sheriff's department is a proper party as well as the sheriff. The Colorado Supreme Court has ruled that the fact that a state statute made the sheriff liable for the acts of his deputies was irrelevant in determining the power of the people of Denver to determine the method by which the sheriff might appoint, demote or discharge his deputies or jailers. *City and County of Denver v. Rinker*, 366 P.2d 548, 148 Colo. 441 (1961).

No Colorado statute requires that the sheriff acting in his official capacity be the sole named party. This Court has previously concluded, *"Colorado law provides that both the sheriff and the county are suable entities. § 30-11-101(1)(a) and § 30-10-522." Cortese v. Black*, 838 F.3d 485 (D.Colo. 1993). In *Cortese v. Black*, the plaintiff sued the Ex-Sheriff in his official capacity and the Sheriff's Department for Fourth Amendment, search and seizure violations. *Id*. The *Cortese* Court limited its holding to the facts of that case, ruling, *"In the context of this case I conclude that the*

*sheriff is properly defined as a final 'policymaker' of the county...I will treat Cortese's suit against the Sheriff's Department as a suit against the sheriff in his official capacity."* Id. at 496. However, both the sheriff's department and the ex-sheriff in his official capacity remained named parties in the suit. *Debbie Duz Donuts v. Black*, 1995 WL 584380 (D.Colo) at *3. The Court in *Debbie Duz Donuts* wrote, Mr. Cortese *"amended his complaint to state three claims against only the Larimer County Sheriff's Department and the Board of County Commissioners"* and the sheriff's department and the county commissioners remained named parties. *Id.*

Both the sheriff's department and the sheriff acting in his official capacity are proper named parties pursuant to 42 U.S.C. § 1983 and pursuant to Colorado law. The Supreme Court has ruled that *"local governing bodies (and local officials sued in their official capacities) can, therefore, be sued directly under § 1983..."* Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 98 S.Ct. 2018, 2019 (1978). The *Monell* Court, in holding that municipalities are " *persons*" covered by §1983, reasoned, *"were § 1983 liability unconstitutional as to local governments, it would have been equally unconstitutional as to state officers."* Id. at 2041. Furthermore, Colorado courts allow suit against both the sheriff in his official capacity and the sheriff's department. *Ireland v. Jefferson County Sheriff's Department*, 193 F.Supp.2d 1201 (March 26, 2002). The *Ireland* Court ruled:

> *A single act of an employee may be imposed on a local governmental entity if the employee possesses final authority to establish policy with respect to the challenged action.... <u>Therefore, a local governmental entity such as the Board and the Sheriff's Department may be held liable for the decisions made by officials who have authority under state law to speak as final decision-makers</u> on the particular issue.* Id. at *1226. (Emphasis added.)

Thus the test becomes whether, under state law, the sheriff has final decision-making authority. The Park County Sheriff's Department has final decision-making authority under Colorado law. *See* C.R.S. § 30-10-501 *et seq.*

The Colorado Appellate Courts have drawn a distinction between suing municipal police departments as opposed to sheriff departments that have authority to establish policy. It is proper to name a sheriff's department because it is a distinct governmental policy-setting entity, it is not proper to name a municipal police department. In cases involving the City and County of Denver, because the municipal and county governments are joined as a single entity, the sheriff's office, unlike in other counties, is considered a municipal department. The Denver Sheriff's Department was not a proper defendant because the Denver Sheriff's Department is part of the municipal government. *Lee v. Denver Sheriff's Department*, 1998 U.S. Dist. LEXIS 21637 (May 26, 1998) [Unpublished disposition attached to Defendants' Motion to Dismiss]. Similarly, police departments unlike sheriff's departments, are not proper defendants under a 42 U.S.C. § 1983 action because they are part of the municipal government, and do not have final authority to establish policy. *Renalde v. City & County of Denver*, 807 F.Supp. 668, 675 (D. Colo. 1992). In *Renalde*, the Court dismissed the police department because it was not a suable entity and because the plaintiffs did not contest the dismissal. *Id.* There is a different rule for a sheriff's department, which may set its own policies.

The Colorado Court of Appeals has ruled that a "*complaint is adequate where the proper subdivision of county government is named.*" *Anderson v. County of Adams*, 592 P.2d 3, 4 (Colo. App. 1978). The Plaintiff's Complaint is adequate and all proper county subdivisions are named and served.

WHEREFORE, for all of the foregoing reasons, Defendants' Motion to Dismiss and request for attorney's fees should be denied.

Dated: _____

RESPECTFULLY SUBMITTED

*[signature]*

Lloyd C. Kordick , Attorney for Plaintiff
Attorney #6298
805 S. Cascade
Colorado Springs, CO 80903
719-475-8460

## CERTIFICATE OF MAILING/SERVICE

I, the undersigned, hereby certify that on this 29th day of July, 2005, a true and correct copy of the foregoing was e-served and e-filed via Electronic Case Filing and/or placed in the United States Mail, postage prepaid, and properly addressed to:

William Trine, Esq.
Trine & Metcalf
1435 Arapahoe
Boulder, CO 80302
*Co-Counsel for Plaintiff*

Joseph Archuleta
1724 Ogden St.
Denver, CO 80218-1018
*Co-Counsel for Plaintiff*

Andrew Ringel
Jennifer L. Veiga
Hall & Evans
1125 17th St., Suite 600
Denver, CO 80202-2052
*Counsel for Defendant Park County, Park County Board of County Commissioners, Park County Sheriff's Office, Fred Wegener and Monte Gore*

Adele P. Kimmel
Richard H. Frankel
1717 Massachusetts Avenue, NW, Suite 800
Washington, DC 20036
*Counsel for Defendant Public Justice, P.C.*

Craig A. Sargeant
400 S. Colorado Blvd. #900
Glendale, CO 80246
*Counsel for Dr. Bachman*

*[signature]*



EXHIBIT A

2 of 6 DOCUMENTS

DONELLE L. LEE, Plaintiff, -vs.- DENVER SHERIFF'S DEPARTMENT, et al., Defendants.

Case No. 95-S-160

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

*1998 U.S. Dist. LEXIS 21637*

May 26, 1998, Decided

SUBSEQUENT HISTORY: [*1] Adopting Order of September 21, 1998, Reported at: *1998 U.S. Dist. LEXIS 21635*.

DISPOSITION: Recommended that this Defendants M. Graham and Denver Sheriff's Department be dismissed; and Plaintiff's motion for leave to file an amended complaint be granted.

COUNSEL: For DONELLE L. LEE, plaintiff: Gregory A. Eurich, Megan Connor Bertron, Holland & Hart, LLP, United States District Court, Stephanie Sue Padilla, Baker & Hostetler, Denver, CO U.S.A.

Donelle L. Lee, plaintiff, Pro se, Denver, CO USA.

For DENVER SHERIFFS DEPARTMENT, JORGE HERNANDEZ, M. HORNER, L. GALVAN, DENVER POLICE DEPARTMENT, M. GRAHAM, defendants: Theodore Samuel Halaby, Halaby, Cross & Schluter, Robert M. Liechty, Robert M. Liechty, PC, Denver, CO USA.

For JORGE HERNANDEZ, M. HORNER, L. GALVAN, defendants: David J. Bruno, Janice K. Hollenbeck, Bruno, Bruno & Colin, P.C., Andrew James Carafelli, Halaby, Cross & Schluter, Denver, CO USA.

JUDGES: RICHARD M. BORCHERS, United States Magistrate Judge.

OPINIONBY: RICHARD M. BORCHERS

OPINION:

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Borchers, Magistrate Judge

THIS MATTER comes before the Court on the civil rights complaint of Donelle L. Lee (Plaintiff) filed pursuant to *42 U.S.C. § 1983*. Plaintiff is seeking monetary damages.

Defendants Denver Sheriff's [*2] Department, City and County of Denver, and Officer M. Graham have filed a motion to dismiss. Plaintiff has responded to the motion. Further argument will be waived.

Plaintiff agrees that Defendant Graham should be dismissed from the case. Plaintiff requests time to file an amended complaint as to the City and County of Denver. Plaintiff argues that he should be given the opportunity to file an amended complaint.

There is little question that the Denver Sheriff's Department is not a proper party. *Boren v. City of Colorado Springs, 624 F. Supp. 474 (D.Colo.1985)*. The Department is simply a part of the city and county government. The Department should be dismissed from the case.

Plaintiff has requested the opportunity to file an amended complaint. Plaintiff may move to include the City and County of Denver (Denver) as a party. Amendment should be freely granted in the interests of justice. *Fed.R.Civ.P.15(c)*. Plaintiff will carry a significant burden to show that his constitutional rights were violated as a result of a city policy, ordinance, regulation, or custom. See, *Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978); City of Oklahoma City v. Tuttle, 471* [*3] *U.S. 808, 85 L. Ed. 2d 791, 105 S. Ct. 2427 (1985)*.

Page 2

1998 U.S. Dist. LEXIS 21637, *

Plaintiff should be given an opportunity to file an amended complaint. Defendant City and County of Denver should be given the right to file any further legal motions concerning that amended complaint, once it is filed.

IT IS HEREBY RECOMMENDED that Defendants M. Graham and Denver Sheriff's Department be dismissed from this case; and

IT IS FURTHER RECOMMENDED that Plaintiff's motion for leave to file an amended complaint be granted.

FURTHER, IT IS ORDERED that under *Rule 72(b) of the Federal Rules of Civil Procedure*, the parties shall have ten days (10) after service hereof to file any written objections with the assigned District Judge. The party filing an objection must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this document will bar the party from a de novo determination by the District Judge of the proposed legal and factual findings and recommendations. *United States v. Raddatz,* [*4] *447 U.S. 667, 676-83, 65 L. Ed. 2d 424, 100 S. Ct. 2406 (1980); 28 U.S.C. § 636(b)(1).* Additionally, the failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy will bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn, 474 U.S. 140, 88 L. Ed. 2d 435, 106 S. Ct. 466 (1985).* Finally, failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy will bar the aggrieved party from seeking appellate review. *Talley v. Hesse, 91 F.3d 1411 (10th Cir. 1996).*

DATED and ENTERED this 26 day of May, 1998.

BY THE COURT:

RICHARD M. BORCHERS

United States Magistrate Judge