IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00377-WDM-BNB

MOISES CARRANZA-REYES,

    Plaintiff,

v.

PARK COUNTY, a public entity of the State of Colorado and its governing board;
THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
PARK COUNTY SHERIFF'S OFFICE, a public entity of the State of Colorado;
FRED WEGENER, individually and in his official capacity as Sheriff of Park County, Colorado;
MONTE GORE, individually and in his official capacity as Captain of Park County Sheriff's Department;
VICKIE PAULSEN, individually, and in her official capacity as Registered Nurse for Park County, Colorado; and
JAMES BACHMAN, M.D., individually and in his official capacity as Medical Director of the Park County Jail;

    Defendants.

---

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FROM DEFENDANTS PARK COUNTY AND PARK COUNTY SHERIFF'S OFFICE

Defendants Park County and Park County Sheriff's Office, by and through their attorneys, Andrew D. Ringel, Esq. and Jennifer L. Veiga, Esq. of Hall & Evans, L.L.C., pursuant to Fed. R. Civ. P. 12(b)(6), hereby respectfully submit this Reply Brief in Support of Motion to Dismiss from Defendants Park County and Park County Sheriff's Office as follows:

1.     On July 18, 2005, Defendants Park County and Park County Sheriff's Office moved to dismiss Plaintiff's claims against them because neither Park County nor the Park

County Sheriff's Office are proper Defendants for the Plaintiff's 42 U.S.C. § 1983 claims as a matter of law.  In support of their motion to dismiss, Defendants assert Park County is not a proper Defendant as Colorado law provides that all suits against any county of the State of Colorado must be brought against the board of county commissioners of the county.  Defendants further allege the Park County Sheriff's Office is not a proper party as the proper method to sue a sheriff's office is to sue the sheriff in his or her official capacity.  Because Plaintiff has already sued the Board of County Commissioners of Park County and Sheriff Fred Wegener in his official capacity, no basis exists to continue Plaintiff's claims against these two Defendants as well.

2. In his response to Defendants' motion to dismiss, Plaintiff argues Defendant Park County is a proper party when the board of county commissioners has also been named and served as a party.  Similarly, Plaintiff asserts the Park County Sheriff's Office is a proper defendant when the Sheriff has also been named in his official capacity.  Because Plaintiff misconstrues the law cited by Defendants and his reliance on the decision of *Wigger v. McKee*, 809 P.2d 999 (Colo. App. 1990), and other authority cited is misplaced, Defendants Park County and Park County Sheriff's Office are entitled to dismissal as a matter of law from Plaintiff's § 1983 claims against them.

3. Colorado law is clear that claims brought against counties in Colorado that do not comply with C.R.S. § 30-11-105 are improper.  "This statutory provision provides the exclusive method by which jurisdiction over a county can be obtained.  An action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case." *Calahan v. County of Jefferson,* 429 P.2d 301, 302 (Colo. 1967).  Federal courts have applied

2

C.R.S. § 30-11-105 to dismiss claims brought against Colorado counties based on an improper designation. *See, e.g., **Gonzales v. Martinez,*** 403 F.3d 1179, 1182 n. 7 (10th Cir. 2005); ***Garcia v. Jefferson County, Colorado,*** 687 F.Supp. 1498, 1500 (D. Colo. 1988).

4.  Plaintiff attempts to distinguish the holding in *Calahan* by stating in *Calahan* the plaintiff brought an action against Jefferson County naming only the County of Jefferson, and not the Jefferson County Commissioners. Similarly, Plaintiff endeavors to distinguish the holding in *Gonzales* stating it is also a case in which the county was named exclusively by the designation of "Huerfano County" and the county commissioners were not named or served. In contrast, Plaintiff asserts Defendant Park County was properly sued in this action through the County Commissioners and thus the inclusion of Defendant Park County in addition to the Park County Board of County Commissioners is not in error. Plaintiff's efforts to distinguish the holdings in *Calahan* and *Gonzales* are without merit. Both *Calahan* and *Gonzales* are clear, the exclusive method by which jurisdiction over a county can be obtained is a suit against the board of county commissioners of the county. "An action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case." *Calahan*, 429 P.2d at 214. No purpose would be served if Plaintiff's action were allowed to proceed against Defendant Park County when no judgment could enter against Park County. Defendants concede Plaintiff has properly obtained jurisdiction over Park County by naming and serving the Park County Board of County Commissioners. Notwithstanding, the inclusion of Park County as a Defendant separate and apart from Defendant Park County Board of County Commissioners violates C.R.S. § 30-11-105, which designates the board of county commissioners as the only appropriate party to be sued on behalf of a county.

5.     In further support of his position that the law does not require the dismissal of Defendant Park County when, in addition to the inclusion of Park County as a defendant, Plaintiff has properly named and served the Park County Board of County Commissioners, Plaintiff cites to the Court of Appeals decision in *Wigger v. McKee*, 809 P.2d 999 (Colo. App. 1990).  As the decision in *Wigger* actually supports Defendant Park County's position that it is entitled to dismissal, Plaintiff's argument is without merit and Defendant Park County's motion to dismiss should be granted.

6.     Contrary to Plaintiff's contention, the Court of Appeals in *Wigger* did not expressly consider the inclusion of a county defendant when the board of county commissioners has also been named and served.  The issue in *Wigger* was whether the Eleventh Amendment required dismissal of claims brought under 42 U.S.C. § 1983 against any of the government defendants.  In the course of its analysis of the application of the Eleventh Amendment, the court considered the status of various governmental agencies including Defendant Arapahoe County. In holding that the county is not the alter ego of the state for Eleventh Amendment purposes and thus is a "person" under 42 U.S.C. § 1983, the court stated, "Arapahoe County, sued properly in the name of The Board of County Commissioners of Arapahoe county, see § 30-11-105, C.R.S. (1986 Repl. Vol. 12A), is a person under 42 U.S.C. § 1983, and the suit against it may not be dismissed for lack of jurisdiction."  *See*, *Wigger*, 809 P.2d at 1003.[1]  Notwithstanding Plaintiff's reliance on *Wigger*, the court in *Wigger* only allowed the claims against the Board of County

---

[1] Plaintiff cites to this quote as well as the factual summary of the case (factual summary of the case accurately points out the plaintiffs in *Wigger* brought suit against the county, as well as the board of county commissioners) to support its position of the appropriateness of naming both the county and the board of county commissioners.

4

Commissioners of Arapahoe County to go forward and upheld the dismissal of the claims against Arapahoe County. *See*, **Wigger**, 809 P.2d at 1004 ("[t]he § 1983 claims against the Board of County Commissioners of Arapahoe County; the Arapahoe County Sheriff's Department; Lamar McLeod, Ruth Wilder, and Patrice McKee in their individual capacities; and those against Lamar McLeod and Patrice McKee in their official capacities as employees of Arapahoe County remain standing."). Thus, Plaintiff's conclusion that the court in **Wigger** allowed claims against a county to go forward when the board of county commissioners was properly named and served in incorrect.[2]

7.  The Park County Sheriff's Office is also not a proper Defendant for the Plaintiff's 42 U.S.C. § 1983 claims. This Court has previously concluded that a suit naming a sheriff's department is properly considered a suit against the sheriff in his official capacity. *See* ***Cortese v. Black,*** 838 F.Supp. 485, 496 (D. Colo. 1993). Here, Plaintiff has sued both the Park County Sheriff's Office and Sheriff Fred Wegener in his official capacity. Under ***Cortese***, the Park County Sheriff's Office is not a proper Defendant as a matter of law. Any claim Plaintiff has based on the official actions of Sheriff Wegener and any deputy under his supervision are properly brought against Sheriff Wegener in his official capacity only.

8.  In his response in opposition to Defendants' motion to dismiss, Plaintiff argues

---

[2] Plaintiff also relies on the decision of ***Anderson v. County of Adams***, 592 P.2d 2 (Colo. App. 1978) in support of its position. The issue in ***Anderson***, however, is not whether an action against a county in its names survives a motion to dismiss when the board of commissioners is also named and served, but rather whether a plaintiff obtains jurisdiction over the county by naming and serving the county board of county commissioners. As Defendants herein are not challenging the court's jurisdiction over Park County based on the Plaintiff's claims against the Board of County Commissioner of Park County, the holding is ***Anderson*** is not applicable to the case at bar.

5

that it is proper to name the sheriff in his official capacity along with the sheriff's department. Plaintiff cites to several decisions he believes support his position. As the authority cited by Plaintiff does not hold that suit against a sheriff's department is proper and Colorado law clearly provides that suit shall only be made against the sheriff in his official capacity, Defendant Park County Sheriff's Office is entitled to dismissal as a matter of law.

9.  Plaintiff again cites to the decision in *Wigger,* and argues it holds that once the sheriff has been properly served it is appropriate to also name the sheriff's department. As stated above, the court in *Wigger* considered the application of the Eleventh Amendment to the various governmental agencies, including the Arapahoe County Sheriff's Department. Though it is true the court held the Arapahoe County Sheriff's Department qualifies as a "person" under 42 U.S.C. § 1983, the court did not consider the appropriate method by which the sheriff's department could be named and brought into suit. Plaintiff's reliance on *Cortese,* is similarly misplaced. In *Cortese*, the court treated the plaintiff's suit against the sheriff's department as if brought against the sheriff in his official capacity recognizing that suit against a sheriff's department is improper. Plaintiff suggests because the court did not dismiss the sheriff's department after stating it would treat plaintiff's suit against the sheriff's department as a suit against the sheriff in his official capacity, it gave tacit approval to proceed against the sheriff's department. However, as with the decision in *Wigger*, the issue of the dismissal of the sheriff's department was never before the court in *Cortese* as the case was decided on other grounds. Thus, it is inappropriate to read anything more into the decision than explicitly held by the court.[3]

---

[3] Plaintiff's reliance on *Ireland v. Jefferson County Sheriff's Department*, 193 F.Supp.2d 1201 (D.Colo. 2002), is equally misplaced. The question before the court in *Ireland* was the application of municipal liability against the Sheriff's Department based on acts of

6

10. Finally, Plaintiff challenges the precedent cited by Defendants holding a sheriff's department, similar to a police department, is not a proper defendant because the sheriff's department is simply a part of the municipal government. *See* **Lee v. Denver Sheriff's Department,** 1998 U.S. Dist. LEXIS 21637 (May 26, 1998) (holding a sheriff's department is not a proper defendant because the sheriff's department is simply a part of the municipal government). [Unpublished disposition attached to Motion to Dismiss of Defendants Park County and Park County Sheriff's Office as Exhibit A]. This precedent is consistent with other decisions from this Court repeatedly holding police departments are not proper defendants. *See, e.g.* **Renalde v. City & County of Denver,** 807 F.Supp. 668, 675 (D. Colo. 1992); **Stump v. Gates,** 777 F.Supp. 808, 814-16 (D. Colo. 1991), *aff'd,* 986 F.2d 1429 (10th Cir. 1993) (unpublished disposition); **Boren v. City of Colorado Springs,** 624 F.Supp. 474, 479 (D. Colo. 1985). Though Plaintiff argues the Colorado Appellate Courts have drawn a distinction between suing municipal police departments as opposed to the sheriff's departments that have authority to establish policy, Plaintiff cites to no such authority and Defendants are aware of none. Moreover, logically, while the office of county sheriff is a separate and distinct county office, the same cannot be said for the sheriff's department. Colorado law repeatedly describes the office of sheriff, not the sheriff's department. **Lee v. Denver Sheriff's Department,** 1998 U.S. Dist. LEXIS 21637 (May 26, 1998).

WHEREFORE, for all of the foregoing reasons as well as based on all of the arguments and authority contained in the original Motion to Dismiss, Defendants Park County and the Park

---

policy-maker Sheriff Stone in his official capacity. From a reading of the court's opinion, there is no basis to determine the question of the appropriateness of bringing suit in the name of the Sheriff's Department was ever brought before or considered by the court.

County Sheriff's Office respectfully request this Court dismiss the Plaintiff's claims against them in their entirety with prejudice, award them their attorneys fees for having to file this Motion to Dismiss and Reply Brief, and for all other and further relief as this Court deems just and appropriate.

Dated this 22nd date of August, 2005.

                                                  Respectfully submitted,

s/Jennifer L. Veiga, Esq.
Andrew D. Ringel, Esq.
Jennifer L. Veiga, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, Colorado 80202-2052
Tel:  (303) 628-3300
Fax:  (303) 293-3238
ringela@hallevans.com
veigaj@hallevans.com

**ATTORNEYS FOR DEFENDANTS PARK COUNTY, PARK COUNTY BOARD OF COUNTY COMMISSIONERS, PARK COUNTY SHERIFF'S OFFICE, FRED WEGENER AND MONTE GORE**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 22nd day of August, 2005, I electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FROM DEFENDANTS PARK COUNTY AND PARK COUNTY SHERIFF'S OFFICE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Joseph J. Archuleta, Esq.
Joseph J. Archuleta & Associates
724 Ogden Street
Denver, Colorado 80218
archuletalaw@qwest.net

Lloyd C. Kordick, Esq.
Lloyd C. Kordick & Associates
805 S. Cascade Avenue
Colorado Springs, Colorado 80903
Lloyd@kordicklaw.com

Adele Kimmel, Esq.
Trial Lawyers for Public Justice, P.C.
1717 Massachusetts Avenue, NW
Suite 800
Washington, D.C. 20036
akimmell@tlph.org

Craig A. Sargent, Esq.
Johnson, McConaty & Sargent, P.C.
400 So. Colorado Blvd., Suite 900
Glendale, CO 80246-1241
csargent@jmspc.com

and hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

William A. Trine, Esq. (Via U.S. Mail)
Trine & Metcalf, P.C.
1435 Arapahoe Avenue
Boulder, Colorado 80302-6390

s/Dorhla Krening, Secretary
Andrew D. Ringel, Esq.
Jennifer L. Veiga, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3300
Fax: 303-293-3238
viegaj@hallevans.com

**ATTORNEYS FOR DEFENDANTS PARK COUNTY, PARK COUNTY BOARD OF COUNTY COMMISSIONERS, PARK COUNTY SHERIFF'S OFFICE, FRED WEGENER**

**AND MONTE GORE**