IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-377-WDM-BNB

MOISES CARRANZA-REYES,

      Plaintiff,

v.

PARK COUNTY, a public entity of the State of Colorado and its governing board;
THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
PARK COUNTY SHERIFF'S OFFICE, a public entity of the State of Colorado;
FRED WEGENER, individually and in his capacity as Sheriff of Park County, Colorado;
MONTE GORE, individually and in his capacity as Captain of Park County Sheriff's Department;
VICKIE PAULSEN, individually and in her official capacity as Registered Nurse for Park County, Colorado;
JAMES BACHMAN, M.D., individually and in his official capacity as Medical Director of the Park County jail;

      Defendants.

---

**DEFENDANT PAULSEN'S ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

Defendant Vicki Paulsen, by and through her counsel, Josh A. Marks and Melanie B. Lewis of Berg Hill Greenleaf and Ruscitti LLP, hereby answers Plaintiff's Second Amended Complaint as follows:

**JURISDICTION**

1.    Defendant admits the allegations of paragraph 1 of Plaintiff's Second Amended Complaint that Plaintiff is citizen of Mexico, that she is a citizen of the United States and that this Court has jurisdiction over this matter. Defendant denies the remaining allegations of paragraph 1.

2. Paragraph 2 of the Second Amended Complaint contains a summary of Plaintiff's legal claims and does not contain factual allegations warranting a response from this Defendant. To the extent paragraph 2 is construed as containing any allegations requiring a response, however, Defendant denies the same.

3. Defendant admits the allegations of paragraph 3 of the Second Amended Complaint that this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Defendant denies the remaining allegations of paragraph 3.

4. Defendant is without knowledge of the truth of the information contained in paragraph 4 of the Second Amended Complaint and therefore denies the same.

## FACTS

5. Defendant admits the allegations of paragraph 5 of Plaintiff's Second Amended Complaint.

6. Defendant admits the allegations of paragraph 6 of Plaintiff's Second Amended Complaint that Plaintiff was transported to the Park County Jail on March 1, 2003. Defendant is without knowledge of the truth of the remaining allegations in paragraph 6 and therefore denies the same.

7. Defendant is without information to form a belief as to the truth of the allegations in paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 27 of Plaintiff's Second Amended Complaint and therefore denies the same. To the extent the allegations in any of these paragraphs allege that the conditions in the Park County Jail were inhumane, Defendant denies such allegations.

8. Defendant denies the allegations of paragraphs 24, 25 and 26 of Plaintiff's Second Amended Complaint.

10. Defendant admits the allegations of paragraph 28 of Plaintiff's Second Amended Complaint that she examined Plaintiff on March 6, 2003, and at that time he had a temperature of 100 degrees and complained of body aches, headaches, nausea, diarrhea, nasal congestion and a sore throat; that she noted his skin was warm and dry to the touch and that his abdomen was non-rigid and slightly tender over his stomach; that she gave Plaintiff Motrin 400 mg for body aches and headaches and Pepto Bismol for nausea. Defendant is without knowledge of the truth of the allegations in paragraph 28 concerning Plaintiff's symptoms on March 4, 2003, and therefore denies the same. Defendant denies the remaining allegations of paragraph 28 of Plaintiff's Second Amended Complaint, and denies any inferences created by paragraph 28's selective omission of other information concerning his health on March 6, 2003.

11. Defendant admits the allegations of paragraph 29 of Plaintiff's Second Amended Complaint that she examined Plaintiff on March 7, 2003; that at that time he complained of body aches, headaches, nausea, vomiting, diarrhea and nasal congestion; that she noted that his skin was warm and dry to the touch and that his abdomen was slightly tender; that she authorized Plaintiff to continue 400 mg of Motrin and Pepto Bismol for nausea and diarrhea. Defendant denies the remaining allegations of paragraph 29 of Plaintiff's Second Amended Complaint, and denies any inferences created by paragraph 29's selective omission of other information concerning Plaintiff's health on March 7, 2003.

12. Defendant is without knowledge of the truth of the allegations in paragraphs 30 and 31 of Plaintiff's Second Amended Complaint and therefore denies the same.

13. Defendant admits the allegations of paragraph 32 of Plaintiff's Second Amended Complaint that Deputy Fikjas called her at home at 0345 on March 8, 2003, to report that Plaintiff was having trouble breathing and complaining of vomiting and nausea and that they placed Plaintiff on oxygen. Defendant is without knowledge of the truth of the allegations in paragraph 32 concerning Deputy Frye's actions and knowledge and therefore denies the same. Defendant denies the remaining allegations of paragraph 32.

14. Defendant is without knowledge of the truth of the allegations in paragraphs 33 and 34 of Plaintiff's Second Amended Complaint and therefore denies the same.

15. Defendant admits the allegations of paragraph 35 of Plaintiff's Second Amended Complaint that she examined Plaintiff at approximately 8:00 a.m.; that he presented with complaints of acute pain on his right side; and that she called the Immigration and Naturalization Service to obtain authorization to transport Plaintiff to a medical center at that time. Defendant is without knowledge of the truth of the allegations in paragraph 35 concerning the actions of other individuals and therefore denies the same. Defendant denies the remaining allegations of paragraph 35.

16. Defendant admits the allegations of paragraph 36 of Plaintiff's Second Amended Complaint that she called the jail at approximately 10:30 a.m. on March 8, 2003, to check the status of Plaintiff's condition, that she was informed that Plaintiff was vomiting more frequently and that she requested immediate transport to Summit Medical Center. Defendant is without knowledge of the truth of the allegations in paragraph 36 concerning Plaintiff's transport and arrival at Summit Medical Center and therefore denies the same. Defendant denies the remaining allegations of paragraph 36.

17. Defendant is without knowledge of the truth of the allegations in paragraphs 37, 38 and 39 of Plaintiff's Second Amended Complaint and therefore denies the same.

### FIRST CLAIM FOR RELIEF

18. Defendant answers paragraph 40 of Plaintiff's Second Amended Complaint by adopting and incorporating her responses in paragraphs 1 through 17 of this Answer.

19. The allegations of paragraphs 41 (including its subparts), 42, 43, 44, 45, 46, 47, 48 and 49 of the Second Amended Complaint concern Plaintiff's claims against other individuals and do not warrant a response from this Defendant. To any extent such allegations are construed as requiring a response from this Defendant, however, Defendant denies the same.

### SECOND CLAIM FOR RELIEF

20. Defendant answers paragraph 50 of Plaintiff's Second Amended Complaint by adopting and incorporating her responses in paragraphs 1 through 19 of this Answer.

21. Defendant admits the allegations of paragraph 51 of Plaintiff's Second Amended Complaint that James Bachman, M.D., provided medical services for the Park County Sheriff's Office. As the remainder of the allegations of paragraph 51 concerning legal conclusions, Defendant denies the same.

22. Defendant is without knowledge of the truth of the allegations of paragraphs 52 and 54, as those allegations relate to another defendant, and therefore denies the same.

23. Defendant denies the allegations of paragraphs 53, 55 (including its subparts), 56, 57, 58, 59, and 60 of Plaintiff's Second Amended Complaint.

## THIRD CLAIM FOR RELIEF

24.     Defendant answers paragraph 61 of Plaintiff's Second Amended Complaint by adopting and incorporating her responses in paragraphs 1 through 23 of this Answer.

25.     Defendant admits the allegations of paragraph 62 of Plaintiff's Second Amended Complaint.

26.     Defendant denies the allegations of paragraphs 63 (including its subparts) and 64 of Plaintiff's Second Amended Complaint.

## FOURTH CLAIM FOR RELIEF

27.     Defendant answers paragraph 65 of Plaintiff's Second Amended Complaint by adopting and incorporating her responses in paragraphs 1 through 26 of this Answer.

28.     The allegations of paragraphs 66 (including its subparts), "69" [sic] and 67 concern a claim brought against another defendant and therefore no response from this Defendant is warranted.  To any extent such allegations are construed as warranting a response from this Defendant, however, Defendant denies the same.

## GENERAL DENIAL

Defendant denies each and every one of the allegations contained in the Second Amended Complaint that are not specifically admitted in this Answer.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiff fails to state any claim in the Second Amended Complaint upon which relief may be granted against Defendant.

2.     Plaintiff's claims do not rise to the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983.

3. Defendant's actions in relation to Plaintiff were taken in good faith and for legitimate reasons and did not violate any regulatory, statutory, common law, or other legal provision of any kind.

4. Any injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by his own acts or omissions, or the acts or omissions of third parties Defendant cannot control or over whom Defendant lacks the right to control.

5. Plaintiff's injuries and damages, if any, are the result of his own negligence, which bars or diminishes his right of recovery pursuant to C.R.S. § 13-21-111.

6. In the event that a verdict is returned in favor of the Plaintiff, Defendant is entitled to a reduction of the damage award, if any, to the extent of any payments made by a collateral source under the provisions of C.R.S. § 13-21-111.6.

7. Defendant's liability, if any, is limited by the provisions of C.R.S. § 13-21-111.5.

8. Plaintiff's alleged damages are the sole and proximate result of an injury sustained or a condition existing prior to the incident complained of in Plaintiff's Second Amended Complaint

9. Defendant is immune to Plaintiff's claims or his claims or limited by virtue of the doctrine of qualified immunity, or of the Colorado Governmental Immunity Act, C.R.S. § 24-10-101, et seq.

10. Plaintiff failed and refused to mitigate his damages, if any, as required by law.

11. Plaintiff is not the real party-in-interest to all of the claims set forth in the Second Amended Complaint.

12. Plaintiff's claim for punitive damages against Defendant is barred as a matter of law or would otherwise be unconstitutional as applied to this Defendant.

13. Defendant asserts any and all protections, limitations and rights afforded under the Health Care Availability Act, C.R.S. § 13-64-101.

14. Defendant asserts any affirmative defense raised by any other Defendants as appropriate.

15. Defendant specifically reserves the right to amend this Answer to include additional defenses and affirmative defenses or to delete defenses and affirmative defenses that become non-applicable upon completion of additional investigation and discovery.

### JURY DEMAND

Defendant Paulsen demands a jury trial on all claims so triable.

Respectfully submitted: August 24, 2005

BERG HILL GREENLEAF & RUSCITTI LLP

/s/ Melanie B. Lewis
_____
Josh A. Marks, Esq.
Melanie B. Lewis, Esq.
1712 Pearl Street
Boulder, CO 80302
Phone: (303) 402-1600
Fax: (303) 402-1601
Email: jam@bhgrlaw.com, mbl@bhgrlaw.com
*Attorneys for Defendant Paulsen*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2005, I electronically filed the foregoing **DEFENDANT PAULSEN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses,

Lloyd C. Kordick, Esq.
Lloyd C. Kordick & Associates
805 S. Cascade Ave.
Colorado Springs, CO 80903
Lloyd@kordicklaw.com

Andrew David Ringel, Esq.
Jennifer L. Veiga, Esq.
Hall & Evans, LLC
1125 Seventeenth St., Ste. 600
Denver, CO 80202-5817
ringela@hallevans.com
veigaj@hallevans.com

Craig A. Sargent
Johnson, McConaty & Sargent, PC
400 S. Colorado Blvd., #900
Glendale, CO 80246-3866
csargent@jmspc.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

William A. Trine, Esq.
Trine & Metcalf, PC
1435 Arapahoe Ave.
Boulder, CO 80302

_Jacki Bozeman_