## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00377-WDM-BNB

MOISES CARRANZA-REYES,

     Plaintiff,

v.

PARK COUNTY, a public entity of the State of Colorado and its governing board;
THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
PARK COUNTY SHERIFF'S OFFICE, a public entity of the State of Colorado;
FRED WEGENER, individually and in his official capacity as Sheriff of Park County, Colorado;
MONTE GORE, individually and in his capacity as Captain of Park County Sheriff's Department;
VICKIE PAULSEN, individually and in her official capacity as Registered Nurse for Park County, Colorado;
JAMES BACHMAN, M.D., individually and in his official capacity as Medical Director of the Park County Jail,

     Defendants.

---

## SCHEDULING ORDER

---

### 1.DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL

A scheduling conference was held before United States Magistrate Judge Boyd N.

Boland on September 16, 2005, at 9:00 a.m.  All parties were represented by counsel as follows:

For the Plaintiffs:    Lloyd C. Kordick
                Lloyd C. Kordick & Associates
                805 S. Cascade Avenue
                Colorado Springs, CO 80903
                Telephone:  719-475-8460

William A. Trine
Trine & Metcalf, P.C.
1435 Arapahoe Avenue
Boulder, CO 80302
Telephone:  303-442-0173

Joseph Archuleta
Attorney at Law
1724 Ogden Street
Denver, CO 80218
Telephone:  303-837-1642

For the Defendants Park County, Park County Board of County Commissioners, Park County Sheriff's Office, Fred Wegener, and Monte Gore:

Andrew D. Ringel
Jennifer L. Veiga
Hall & Evans, LLC
1125 17th Street, Suite 600
Denver, CO 80202-2052
Telephone:  303-628-3300

For the Defendant Dr. James Bachman:

Craig A. Sargent, Esq.
Johnson, McConaty & Sargent, PC
400 S. Colorado Blvd., Suite 900
Glendale, CO 80246
Telephone:  303-388-7711

For the Defendant Vicki Paulsen, R.N.:

Josh A. Marks, Esq.
Melanie B. Lewis, Esq.
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl St.
Boulder, CO 80302
Telephone:  303-402-1600

## 2. STATEMENT OF CLAIMS AND DEFENSES

**a.**   **Plaintiff:**  The Plaintiff, Moises Carranza-Reyes, was incarcerated in the Park County Jail in Fairplay, Colorado, as an INS detainee from March 1, 2003 until March 8, 2003.

During his detention in a crowded, unsanitary and filthy jail cell, he developed pneumonia in both lungs, bacterimia, sepsis, and the beginning of gangrene in both legs, which was not diagnosed and treated until he arrived at Denver Health Hospital on March 8, 2003 in septic shock followed by cardiac and respiratory arrest. While hospitalized, he had multiple surgical procedures, including amputation of the left lower leg, and he is permanently disabled.

Plaintiff has asserted a claim against all Defendants based upon violations of his constitutional rights under Section 1983 alleging that:

(1)   The conduct of the Defendants violated Plaintiff's 8th and 14th Amendment rights to sanitary and adequate clothing, shelter, and medical care which constitutes deliberate indifference to Plaintiff's serious medical needs and the inhumane conditions of Plaintiff's confinement.

(2)   The Defendants' conduct constitutes cruel and unusual punishment and a violation of due process and equal protection under the law.

(3)   The conduct of each of the Defendants constitutes a reckless or callous disregard of Plaintiff's constitutional rights entitling the Plaintiff to punitive damages.

Plaintiff also asserts state common law claims against Defendants Vicki Paulsen, R.N., and James Bachman, M.D., based on nursing and medical negligence.

Plaintiff requests compensatory damages for all injuries and damages sustained, punitive damages for the civil rights violations, attorney's fees and costs pursuant to Section 1988, and for interest as provided by law.

**b.    Defendants Park County, the Park County Board of County Commissioners, park County Sheriff's Office, Fred Wegener and Monte Gore:** Defendants Park County and Park County Sheriff's Office filed a Motion to Dismiss on July 18, 2005, on the grounds they are

not proper parties to this litigation under Colorado law. Defendants Park County and Park County Sheriff's Office reserve the right to include any applicable defenses and affirmative defenses if their Motion to Dismiss is denied and they are required o file an Answer to the Plaintiff's Second Amended Complaint.

Defendant Park County Board of County Commissioners, Fred Wegener and Monte Gore deny the Plaintiff is entitled to any recovery under any of the theories advanced in the Plaintiff's Second Amended Complaint. As defenses and affirmative defenses, these Defendants assert the following: (1) Plaintiff's Second Amended Complaint fails to state a claim as to which any relief may be granted; (2) All or part of Plaintiff's claims do not rise to the level of constitutional violations sufficient to state a claim upon which relief may be granted against these Defendants; (3) Defendants' actions were taken for legitimate, nondiscriminatory penological purposes; (4) Plaintiff's claims for punitive or exemplary damages against defendants Fred Wegener and Monte Gore in their individual capacities are barred, reduced, or in the alternative, are unconstitutional and would violated their rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution; (5) Plaintiff's claims for punitive or exemplary damages against Defendants Fred Wegener and Monte Gore in their official capacities, and Defendants Park County Board of County Commissioners and Park County Sheriff's Office if any, are barred as a matter of law; (6) The injuries and damages sustained by Plaintiff in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom the Defendants have not control or right to control; (7) Defendants Fred Wegener and Monte Gore in their individual capacities are entitled to qualified immunity for all of Plaintiff's claims of constitutional violations; (8) Plaintiff failed ot mitigate his damages, if any, as required by law; (9) Defendants never breached any duty owed

Plaintiff at any time in the course of his incarceration; (10) at all times pertinent herein, Defendants acted in accordance with all common law, statutory, regulatory, policy and constitutional obligations and without any intent to discriminate or cause Plaintiff any harm; (11) On information and belief, some or all of Plaintiff's claims are barred by his failure to comply with jurisdictional and administrative prerequisites to suit, including applicable deadlines; (12) All or part of Plaintiff's claims are barred, or limited, or controlled by Plaintiff's failure to complain pursuant to the available policies or procedures of the Park County Jail; (13)   On information and belief, some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, failure to exhaust administrative remedies, and failure to provide timely notice; (14)  Plaintiff is not entitled to the relief sought in the Second Amended Complaint under any of theories asserted; (15) Defendants may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United State Constitution; (16) Plaintiff was deprived of no well-settled liberty or property interest and he was afforded all rights privileges and immunities guaranteed by the Constitution and no constitutionally protected interest is impugned in relation to any claim of Plaintiff (17) Each of the Defendants followed the regulations, policies, procedures and contractual obligations of the Immigration and Naturalization Service and the Park County Jail in connection with any contact with Plaintiff; (18) Plaintiff's claims against the individual defendants are barred, in whole or in part, due to a failure of personal participation on their part; (19) Defendants' conduct was, at all times, lawful, justified and privileges and any actions complained of by Plaintiff in relation to the Defendants were justified by penological reasons; (20) Plaintiff's injuries and damages, if any were either pre-existing or not aggravated by any action or omission of or by Defendants, nor were they proximately caused by or related to any act or omission of Defendants; (21) All actions of

Defendants taken with respect to Plaintiff were taken in good faith and were reasonable under the circumstances; (22) Plaintiff's damages, if any, are subject to offset by virtue of amounts received from other sources; (23) Defendants specifically reserve the right to amend their Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become non-applicable upon completion of additional discovery.

      **c.**    **The Defendant, Vicki Paulsen, R.N.:**  Defendant Vicki Paulsen, R.N., denies that she violated Plaintiff's Eighth or Fourteenth Amendment, or any other constitutional, rights or that her treatment of Plaintiff was negligent.  For her defenses and affirmative defenses, Defendant states Plaintiff fails to state any claim in the Second Amended Complaint upon which relief may be granted against Defendant; Plaintiff's claims do not rise to the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983; Defendant's actions in relation to Plaintiff were taken in good faith and for legitimate reasons and did not violate any regulatory, statutory, common law, or other legal provision of any kind; any injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by his own acts or omissions, or the acts or omissions of third parties Defendant cannot control or over whom Defendant lacks the right to control; Plaintiff's injuries and damages, if any, are the result of his own negligence, which bars or diminishes his right of recovery pursuant to C.R.S. § 13-21-111; Defendant is entitled to a reduction of the damage award, if any, to the extent of any payments made by a collateral source under the provisions of C.R.S. § 13-21-111.6; Defendant's liability, if any, is limited by the provisions of C.R.S. § 13-21-111.5; Plaintiff's alleged damages are the sole and proximate result of an injury sustained or a condition existing prior to the incident complained of in Plaintiff's Second Amended Complaint; Defendant is immune to Plaintiff's

claims or his claims or limited by virtue of the doctrine of qualified immunity, or of the Colorado Governmental Immunity Act, C.R.S. § 24-10-101, et seq.; Plaintiff failed and refused to mitigate his damages, if any, as required by law; Plaintiff is not the real party-in-interest to all of the claims set forth in the Second Amended Complaint; Plaintiff's claim for punitive damages against Defendant is barred as a matter of law or would otherwise be unconstitutional as applied to this Defendant; Defendant asserts any and all protections, limitations and rights afforded under the Health Care Availability Act, C.R.S. § 13-64-101; and Defendant asserts any affirmative defense raised by any other Defendants as appropriate.

d. **The Defendant, James Bachman, M.D.**:   (1) Specifically, with regard to paragraph 1, Dr. Bachman admits that he is a United States Citizen.  Dr. Bachman does not have sufficient  information to form a belief as to the truth of the allegations contained therein, and therefore denies the same; (2) Specifically with regard to paragraph 3, Dr. Bachman admits the allegations contained therein. (3) Generally, with regard to the allegations in the complaint, Dr. Bachman refers to the medical records and the jail records.  To the extent that any of  the allegations in the complaint are inconsistent with the medical records or the jail records, Dr. Bachman denies those allegations.  Also, Dr. Bachman denies all allegations contained in the complaint that refer to the condition of the jail as being something other than acceptable.  (4) Specifically, with regard to paragraphs, 2, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 27, Dr. Bachman denies those allegations that refer to the condition of the jail as being something other than acceptable, otherwise, with regard to those allegations that refer to the events or sequences of events, Dr. Bachman refers to the medical and jail records, see paragraph 3 above.  Otherwise, Dr. Bachman does note have sufficient information to form a belief as to the truth of the allegations contained in these numbered paragraphs, and therefore denies the

same.  (5) Specifically, with regard to paragraphs 24, 25, 26, 41, 42, 43, 44, 45, 46, 47, 58, 49, 62, 63, and 64, and the allegations contained therein pertain to other Defendants in this lawsuit and not Defendant Dr. Bachman and do not therefore, require a response from Defendant Bachman.  To the extent that there are any allegations contained in these paragraphs that do pertain to Defendant Bachman, Dr. Bachman denies those allegations.  (6)  With regard to paragraphs 5, 6, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39, Defendant Bachman states that the medical records and the jail records speak for themselves.  To the extent that these allegations are inconsistent with the medical records or the jail records, Defendant Bachman denies these allegations.  (7) With regard to paragraph 23, and 54, Dr. Bachman admits that he visited the jail.  Dr. Bachman denies the remaining allegations in paragraph 23.  (8)With regard to paragraphs 52, 53, 55, 56, 57, 59, 60, 66, 69 (sic) and 67 as it pertains to this Defendant, Defendant Bachman denies the allegations contained in paragraphs 52, 53, 54, 55, 56, 57, 58, 59, 60, 66, 69 (sic) and 67.  (9) With regard t paragraph 51, Dr. Bachman states that his duty as Medical Director are set forth in his contract.  To the extent that the allegations in paragraph 51 are inconsistent with such contract, Dr. Bachman denies such allegations.  (10)  Defendant, Dr. Bachman, denies each and every allegation not specifically admitted herein.  (11) The Plaintiff's Second Amended Complaint fails to state a claim or claims against Defendant Bachman upon which relief may be granted.  (12) Plaintiff's complaint fails to allege sufficient facts to support constitutional violation against this Defendant (13) Plaintiff's claim for punitive damages are barred as a matter of law or would otherwise be unconstitutional as applied o this Defendant. (14)  The Plaintiff's injuries and damages, if any, are the result of Plaintiff's own negligence, which negligence bars or diminishes Plaintiff's right of recovery pursuant to C.R.S. § 13-21-111. (15) The Plaintiff is not the real party-in-interest to all of the claims set forth in Plaintiff' Second

Amended Complaint. (16) This action is barred by the applicable statute of limitations and statute of repose. (17) The Plaintiff has failed to mitigate his damages, if any, as required by law. (18) Any damages complained of by the Plaintiff were caused by the Plaintiff's own act or omission or the acts or omissions of others over whom Defendant Bachman has no control or no right of control. (19) The Plaintiff's injuries and damages, if any, are the result of the Plaintiff's failure to follow reasonable medical advice and instructions of attending physicians and health care providers. (20) In the event that a verdict is returns in favor of the Plaintiff, Defendant Dr. Bachman is entitled to a reduction o the damage award, if any, to the extent of any payments may by a collateral source under the provisions of C.R.S. §13-21-111.6. (21) The Defendant's liability, if any, is limited by the provisions of C.R.S. §13-21-111.5. (22) The Plaintiff is hereby notified that the Defendant, Dr. Bachman, reserves the right to designate nonparties and hereby designate any settling or dismissed parties. (23) Defendant, Dr. Bachman reserves the right to assert the applicable substantive and procedural provisions of the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. §13-50.5-102, *et seq.* (24) The Plaintiff's alleged damages are the sole and proximate result of an injury sustained or a condition existing prior to the incident complained of in Plaintiff's Second Amended Complaint (25) Defendant Dr. Bachman, asserts any and all protections, limitations and rights afforded under the Health Care Availability Act, C.R.S. § 13-64-101, et seq. (26) Defendant, Dr. Bachman reserves the right to amend his Answer to assert additional affirmative defenses as factual and legal issues are developed during discovery.

### 3.UNDISPUTED FACTS

The following facts are undisputed:

a.      The Plaintiff is a citizen of Mexico and the Defendants, Fred Wegener, Monte Gore, Vicki Paulsen, and James Bachman, are citizens of the United States.

b.      This Court has jurisdiction over the Plaintiff's claims against the Defendants pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

c.      The Plaintiff was arrested on March 1, 2003, and held in custody as a detainee by the INS and on March 1, 2003, was transported at the direction of the INS to the Park County Jail.

d.      Plaintiff was transported from the Park County Jail to the Emergency Room of the Summit Medical Center in Frisco, Colorado, on March 8, 2003, and from there was transported by ambulance to Denver General Hospital in Denver, Colorado, for further medical care and treatment.

e.      During Plaintiff's incarceration in the Park County Jail, the Defendant, James Bachman, M.D., was the medical director of the jail.

f.      During Plaintiff's confinement in the Park County Jail, the Defendant, Vicki Paulsen, was a registered nurse working for the Park County Jail.

### 4.COMPUTATION OF DAMAGES

**Plaintiff:**

a.      **Non-Economic Damages.**  Plaintiff claims non-economic damages for past and future physical and mental pain and suffering, physical impairment and disfigurement, stress and distress, humiliation and embarrassment, mental anguish and depression, and for the loss of the enjoyment of a full and complete life.  These damages cannot be mathematically calculated and are to be determined by a jury.

b.   **Economic Damages.**   Plaintiff has suffered a loss of earnings and earning capacity and a loss of home services and will need funding for a life care plan. These economic damages are presently being evaluated by expert witnesses. When the life care planner and rehabilitation expert and the economics expert have rendered their reports, they will be made available to defense counsel. The calculations are not presently available.

c.   **Permanent Injuries.**  The Plaintiff has permanent injuries caused by Defendants' conduct, including, *inter alia,* a below-knee amputation of the left leg, substantial tissue damage of the right leg, permanent lung damage, damage to other organs which may be permanent, and other injuries described in Plaintiff's medical records.

d.   **Health Care Expenses.**  Plaintiff's hospital, medical and rehabilitation expenses to date are in excess of $700,000. The precise amount is being calculated and copies of medical bills and statements are being provided to defense counsel. Plaintiff's recovery in this case may be subject to substantial subrogation liens.

e.   **Punitive Damages.**   Plaintiff seeks punitive or exemplary damages in an undetermined amount to be decided by a jury.

f.   **Attorney's Fees and Costs.**   Plaintiff seeks reasonable attorney's fees and reimbursement of all litigation expenses pursuant to §1988.

**Defendants Park County, Park County Sheriff's Office, Park County Board of County Commissioners, Fred Wegener Monte Gore and Vicky Paulsen:** These Defendants are not requesting damages from the Plaintiff at this time. However, these Defendants respectfully reserve their right to seek their attorneys fees and costs pursuant to applicable law.

**5. REPORT OF PRECONFERENCE DISCOVERY AND
MEETING UNDER FED. R. CIV. P. 26(f)**

11

    a.    Meeting was held by telephone conference call on August 12, 2005, commencing at 9:00 a.m.

    b.    The names of the participants and parties represented are:

| For the Plaintiff: | Lloyd Kordick |
| | William A. Trine |
| For the Defendants: | Andrew Ringel |
| | Craig Sargent |
| | Melanie Lewis |

    c.    Proposed changes, if any, in timing or requirement of disclosure under Fed. R. Civ. P. 26(a)(1):  None.

    d.    Statement as to when Rule 26(a)(1) Disclosures were made:  On or before August 30, 2005.

    e.    The parties agreed to consider some informal discovery, following receipt of the Rule 26(a)(1) Disclosures, but no specific agreement was reached.

## 6. CONSENT

The parties have not all consented to the exercise of jurisdiction of a magistrate judge.

## 7. CASE PLAN AND SCHEDULE

The parties agree that extensive discovery is necessary.  At this point, the parties do not know the full extent of the discovery that will be required because the initial round of discovery will undoubtedly lead to additional numerous witnesses, i.e., jail deputies who were involved in Plaintiff's incarceration at the Park County Jail, possible witnesses in Mexico who may have knowledge of Plaintiff's pre-existing medical and health condition, treating physicians and heath care personnel in Denver involved in Plaintiff's several months of hospitalization and

    4.     The Defendants shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>July 17, 2006</u>.

    5.     The parties shall designate any rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>August 15, 2006</u>.

    e.     Deposition Schedule:  Numerous depositions of lay persons and experts will be required in this case.  The parties have set aside the following weeks for depositions: <u>October 31, 2005- November 4, 2006</u> – Plaintiff will schedule depositions of Park County Witnesses/parties:

| Name | Estimated Time of Deposition |
| --- | --- |
| Captain Monte Gore | 6 - 8 hours |
| Sgt. Muldoon | 3 – 4 hours |
| Deputy Don Frye | 2 hours |
| Deputy John Thomas | 1 – 2 hours |
| Corporal J. Bellantonio | 30 minutes – 1 hour |
| Deputy Gurein | 30 minutes – 1 hour |
| Deputy Woodward | 30 minutes – 1 hour |
| Deputy Fikejs | 1 hour |
| Corporal Steve Crawford | 1 – 1 & 1/2 hours |
| Deputy Walker | 30 minutes – 1 hour |
| Deputy Scott Theobald | 30 minutes – 1 hour |

The list of witnesses may change based upon the disclosures of Defendants and the availability of witnesses.

During this week, Plaintiff may also depose the Sheriff, Fred Wegener, and the Park County Commissioners.  If these depositions cannot be concluded during this initial week, the parties have set aside additional weeks for additional depositions.

<u>January 16, 2006 – January 20, 2006</u>.  The depositions of the Plaintiff and Defendants James Bachman, M.D. and Vicki Paulsen, R.N. will be scheduled.

February 6, 2006 – February 10, 2006.  The depositions of Plaintiff's treating physicians and health care personnel will be scheduled.

April 3, 2006 – April 7, 2006 and April 10, 2006 – April 14, 2006 .

     f.     Interrogatory Schedule:  33 days before the discovery cut-off, or on or before May 3, 2006

     g.     Schedule for Requests for Production of Documents and Requests for Admission: 33 days before the discovery cut-off or on or before May 3, 2006

     h.     Discovery Limitations:

     (1)     The parties acknowledge that they are unclear as to the number of depositions that will be necessary.  Plaintiff will be permitted 18 lay witness depositions, the depositions of no more than 10 treating physicians and the depositions of all of Defendants' Rule 26(a)(2) specially designated and retained expert witnesses.

     (2)     The Defendants collectively will be permitted 18 lay depositions, 10 medical providers, and if additional witnesses are disclosed as witnesses to be used at trial, their depositions will also be permitted within the discovery period.  Additionally, they will be permitted the depositions of all of Plaintiff's 26(a)(2) specially designated and retained experts.  No deposition will be longer than 7 hours except for the deposition of the Plaintiff which may be up to 14 hours because of the need for a Spanish-English interpreter to participate in the deposition.

     (3)     The parties have agreed to modify the presumptive numbers of depositions or interrogatories contained in the federal rules and their modification is contained in Section 7.h.(1) and (2) as set forth above, and in Section 7.h.(4), set forth below.  The parties will negotiate any need to change these rules before submitting any request for changes to the Court.

(4)   Limitations which any party proposes on number of interrogatories, requests for production of documents and/or requests for admissions.   The parties have agreed that Plaintiff shall have 50 Interrogatories, 50 Requests for Production, and 50 Requests for Admission.  The parties represented by Mr. Ringel, i.e. Park County, the County Commissioners, Fred Wegener and Monte Gore, shall have collectively have the same number of interrogatories (50), requests for production of documents (50), and requests for admission (50) as Plaintiff. Each of the Defendants, Vicki Paulsen and James Bachman, shall also be permitted the same number of interrogatories (50), requests for production of documents (50), and requests for admission (50) as Plaintiff.

(5)   Other Planning or Discovery Orders.  None.

## 8. SETTLEMENT

Settlement statements are due <u>August 30, 2005</u>.  No settlement conference has yet been set.  The parties discussed this matter in the Rule 26(f) telephone conference that was held with all counsel on August 12, 2005 at 9:00 a.m. and all agreed that they have insufficient information to engage in a meaningful settlement discussion and a settlement conference would not be beneficial until depositions are conducted.   The parties believe that any settlement conference should be scheduled after the completion of a substantial amount of the discovery.

## 9. OTHER SCHEDULING ISSUES

a.   The parties have had no disagreements regarding scheduling or discovery at this time.

b.   Anticipated length of trial and whether trial is to the court or jury - 30 days.  It is anticipated that a jury trial may take 30 days.  The parties will be in a better position to determine if it can be tried in a shorter time frame after discovery is completed.

16

## 10. DATES FOR FURTHER CONFERENCES

a.     A settlement conference will be held on _February 22_, 200_6_ at _10:00a_ o'clock
          _A_.m.

It is hereby ordered that all settlement conferences that take place before the magistrate
judge shall be confidential.

( )     *Pro se* parties and attorneys only need be present.

(X)    *Pro se* parties, attorneys, and client representatives with authority to settle must be
          present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If
          an insurance company is involved, an adjustor authorized to enter into settlement
          must also be present.)

(X)    Each party shall submit a Confidential Settlement Statement to the magistrate
          judge on or before _February 15_ , 200_6_ outlining the facts and issues in the
          case and the party's settlement position.

b.     Status conferences will be held in this case at the following dates and times:

          _____, 200_____

          _____

c.     A final pretrial conference will be held in this case on _December 7_ , 200_6_
          at _9:30_ o'clock_A_ .m.  A Final Pretrial Order shall be prepared by the parties and
          submitted to the court no later than ~~five days before the final pretrial conference.~~
                                    _November 30, 2006_.

## 11. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy

of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's

address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO. LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO. LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 12. AMENDMENTS TO SCHEDULING ORDER

The parties acknowledge that the scheduling order may be altered or amended only upon a showing of good cause.

DATED this __*16 th*__ day of September, 2005.

BY THE COURT:

The Honorable Boyd N. Boland
United States Magistrate Judge

APPROVED:


/s/ Joseph J. Archuleta                                   /s/ Jennifer L. Veiga
                                                          /s/ Andrew Ringel

_____        _____
Joseph J. Archuleta, #19426                    Andrew Ringel
Joseph J. Archuleta and Associates             Jennifer L. Veiga
1724 Ogden Street                              Hall & Evans
Denver, Colorado 80218                         1125 17th Street, Suite 600
Telephone:  303-837-1642                       Denver, CO 80202-2052
Attorney for Plaintiff                         Telephone:  303-628-3300
                                               *Counsel for Defendant Park County, Park*
                                               *County Board of County Commissioners,*
                                               *Park County Sheriff's Office, Fred Wegener,*
                                               *and Monte Gore*


/s/ Lloyd C. Kordick                           /s/ Craig A. Sargent

_____        _____
Lloyd C. Kordick                               Craig A. Sargent
Lloyd C. Kordick & Associates                  Johnson, McConaty & Sargent, PC
805 S. Cascade Avenue                          400 S. Colorado Blvd., Suite 900
Colorado Springs, Colorado 80903               Glendale, Colorado 80246
Telephone:  719-475-8460                       Telephone:  303-388-7711
Attorneys for Plaintiff
Susan@kordicklaw.com                           Attorneys for Defendant James Bachman,
                                               M.D.


/s/ William A. Trine                           /s/ Josh A. Marks
                                               /s/ Melanie B. Lewis
_____        Josh A. Marks
William A. Trine                               Melanie B. Lewis
Trine & Metcalf, P.C.                          Berg Hill Greenleaf & Ruscitti, LLP
1435 Arapahoe Avenue                           1712 Pearl St.
Boulder, Colorado 80302                        Boulder, CO 80302
Telephone 303-442-0173                         Telephone: 303-402-1600
Attorneys for Plaintiff                        jam@bhgrlaw.com, mbl@bhgrlaw.com
                                               Attorneys for Defendant Vicki Paulsen, R.N.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00377-WDM-BNB

MOISES CARRANZA-REYES,

      Plaintiff,

v.

PARK COUNTY, a public entity of the State of Colorado and its governing board;
THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
PARK COUNTY SHERIFF'S OFFICE, a public entity of the State of Colorado;
FRED WEGENER, individually and in his official capacity as Sheriff of Park County, Colorado;
MONTE GORE, individually and in his capacity as Captain of Park County Sheriff's Department;
VICKIE PAULSEN, individually and in her official capacity as Registered Nurse for Park County, Colorado;
JAMES BACHMAN, M.D., individually and in his official capacity as Medical Director of the Park County Jail,

      Defendants.

---

## SCHEDULING ORDER

---

## 1.DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL

    A scheduling conference was held before United States Magistrate Judge Boyd N. Boland on September 16, 2005, at 9:00 a.m.  All parties were represented by counsel as follows:

For the Plaintiffs:    Lloyd C. Kordick
                    Lloyd C. Kordick & Associates
                    805 S. Cascade Avenue
                    Colorado Springs, CO 80903
                    Telephone: 719-475-8460

William A. Trine
Trine & Metcalf, P.C.
1435 Arapahoe Avenue
Boulder, CO 80302
Telephone: 303-442-0173

Joseph Archuleta
Attorney at Law
1724 Ogden Street
Denver, CO 80218
Telephone: 303-837-1642

For the Defendants Park County, Park County Board of County Commissioners, Park County
Sheriff's Office, Fred Wegener, and Monte Gore:

Andrew D. Ringel
Jennifer L. Veiga
Hall & Evans, LLC
1125 17th Street, Suite 600
Denver, CO 80202-2052
Telephone: 303-628-3300

For the Defendant Dr. James Bachman:

Craig A. Sargent, Esq.
Johnson, McConaty & Sargent, PC
400 S. Colorado Blvd., Suite 900
Glendale, CO 80246
Telephone: 303-388-7711

For the Defendant Vicki Paulsen, R.N.:

Josh A. Marks, Esq.
Melanie B. Lewis, Esq.
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl St.
Boulder, CO 80302
Telephone: 303-402-1600

## 2.STATEMENT OF CLAIMS AND DEFENSES

a.    **Plaintiff:**  The Plaintiff, Moises Carranza-Reyes, was incarcerated in the Park

County Jail in Fairplay, Colorado, as an INS detainee from March 1, 2003 until March 8, 2003.

2

During his detention in a crowded, unsanitary and filthy jail cell, he developed pneumonia in both lungs, bacterimia, sepsis, and the beginning of gangrene in both legs, which was not diagnosed and treated until he arrived at Denver Health Hospital on March 8, 2003 in septic shock followed by cardiac and respiratory arrest. While hospitalized, he had multiple surgical procedures, including amputation of the left lower leg, and he is permanently disabled.

Plaintiff has asserted a claim against all Defendants based upon violations of his constitutional rights under Section 1983 alleging that:

(1)    The conduct of the Defendants violated Plaintiff's 8th and 14th Amendment rights to sanitary and adequate clothing, shelter, and medical care which constitutes deliberate indifference to Plaintiff's serious medical needs and the inhumane conditions of Plaintiff's confinement.

(2)    The Defendants' conduct constitutes cruel and unusual punishment and a violation of due process and equal protection under the law.

(3)    The conduct of each of the Defendants constitutes a reckless or callous disregard of Plaintiff's constitutional rights entitling the Plaintiff to punitive damages.

Plaintiff also asserts state common law claims against Defendants Vicki Paulsen, R.N., and James Bachman, M.D., based on nursing and medical negligence.

Plaintiff requests compensatory damages for all injuries and damages sustained, punitive damages for the civil rights violations, attorney's fees and costs pursuant to Section 1988, and for interest as provided by law.

**b.    Defendants Park County, the Park County Board of County Commissioners, park County Sheriff's Office, Fred Wegener and Monte Gore:**  Defendants Park County and Park County Sheriff's Office filed a Motion to Dismiss on July 18, 2005, on the grounds they are

not proper parties to this litigation under Colorado law. Defendants Park County and Park County Sheriff's Office reserve the right to include any applicable defenses and affirmative defenses if their Motion to Dismiss is denied and they are required o file an Answer to the Plaintiff's Second Amended Complaint.

Defendant Park County Board of County Commissioners, Fred Wegener and Monte Gore deny the Plaintiff is entitled to any recovery under any of the theories advanced in the Plaintiff's Second Amended Complaint. As defenses and affirmative defenses, these Defendants assert the following: (1) Plaintiff's Second Amended Complaint fails to state a claim as to which any relief may be granted; (2) All or part of Plaintiff's claims do not rise to the level of constitutional violations sufficient to state a claim upon which relief may be granted against these Defendants; (3) Defendants' actions were taken for legitimate, nondiscriminatory penological purposes; (4) Plaintiff's claims for punitive or exemplary damages against defendants Fred Wegener and Monte Gore in their individual capacities are barred, reduced, or in the alternative, are unconstitutional and would violated their rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution; (5) Plaintiff's claims for punitive or exemplary damages against Defendants Fred Wegener and Monte Gore in their official capacities, and Defendants Park County Board of County Commissioners and Park County Sheriff's Office if any, are barred as a matter of law; (6) The injuries and damages sustained by Plaintiff in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom the Defendants have not control or right to control; (7) Defendants Fred Wegener and Monte Gore in their individual capacities are entitled to qualified immunity for all of Plaintiff's claims of constitutional violations; (8) Plaintiff failed ot mitigate his damages, if any, as required by law; (9) Defendants never breached any duty owed

Plaintiff at any time in the course of his incarceration; (10) at all times pertinent herein, Defendants acted in accordance with all common law, statutory, regulatory, policy and constitutional obligations and without any intent to discriminate or cause Plaintiff any harm; (11) On information and belief, some or all of Plaintiff's claims are barred by his failure to comply with jurisdictional and administrative prerequisites to suit, including applicable deadlines; (12) All or part of Plaintiff's claims are barred, or limited, or controlled by Plaintiff's failure to complain pursuant to the available policies or procedures of the Park County Jail; (13)  On information and belief, some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, failure to exhaust administrative remedies, and failure to provide timely notice; (14)  Plaintiff is not entitled to the relief sought in the Second Amended Complaint under any of theories asserted; (15) Defendants may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United State Constitution; (16) Plaintiff was deprived of no well-settled liberty or property interest and he was afforded all rights privileges and immunities guaranteed by the Constitution and no constitutionally protected interest is impugned in relation to any claim of Plaintiff (17) Each of the Defendants followed the regulations, policies, procedures and contractual obligations of the Immigration and Naturalization Service and the Park County Jail in connection with any contact with Plaintiff; (18) Plaintiff's claims against the individual defendants are barred, in whole or in part, due to a failure of personal participation on their part; (19) Defendants' conduct was, at all times, lawful, justified and privileges and any actions complained of by Plaintiff in relation to the Defendants were justified by penological reasons; (20) Plaintiff's injuries and damages, if any were either pre-existing or not aggravated by any action or omission of or by Defendants, nor were they proximately caused by or related to any act or omission of Defendants; (21) All actions of

Defendants taken with respect to Plaintiff were taken in good faith and were reasonable under the circumstances; (22) Plaintiff's damages, if any, are subject to offset by virtue of amounts received from other sources; (23) Defendants specifically reserve the right to amend their Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become non-applicable upon completion of additional discovery.

c.      **The Defendant, Vicki Paulsen, R.N.:**   Defendant Vicki Paulsen, R.N., denies that she violated Plaintiff's Eighth or Fourteenth Amendment, or any other constitutional, rights or that her treatment of Plaintiff was negligent.  For her defenses and affirmative defenses, Defendant states Plaintiff fails to state any claim in the Second Amended Complaint upon which relief may be granted against Defendant; Plaintiff's claims do not rise to the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983; Defendant's actions in relation to Plaintiff were taken in good faith and for legitimate reasons and did not violate any regulatory, statutory, common law, or other legal provision of any kind; any injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by his own acts or omissions, or the acts or omissions of third parties Defendant cannot control or over whom Defendant lacks the right to control; Plaintiff's injuries and damages, if any, are the result of his own negligence, which bars or diminishes his right of recovery pursuant to C.R.S. § 13-21-111; Defendant is entitled to a reduction of the damage award, if any, to the extent of any payments made by a collateral source under the provisions of C.R.S.  § 13-21-111.6; Defendant's liability, if any, is limited by the provisions of C.R.S. § 13-21-111.5; Plaintiff's alleged damages are the sole and proximate result of an injury sustained or a condition existing prior to the incident complained of in Plaintiff's Second Amended Complaint; Defendant is immune to Plaintiff's

claims or his claims or limited by virtue of the doctrine of qualified immunity, or of the Colorado

Governmental Immunity Act, C.R.S. § 24-10-101, et seq.; Plaintiff failed and refused to mitigate

his damages, if any, as required by law; Plaintiff is not the real party-in-interest to all of the

claims set forth in the Second Amended Complaint; Plaintiff's claim for punitive damages

against Defendant is barred as a matter of law or would otherwise be unconstitutional as applied

to this Defendant; Defendant asserts any and all protections, limitations and rights afforded under

the Health Care Availability Act, C.R.S. § 13-64-101; and Defendant asserts any affirmative

defense raised by any other Defendants as appropriate.

      **d.**    **The Defendant, James Bachman, M.D.:**  (1) Specifically, with regard to

paragraph 1, Dr. Bachman admits that he is a United States Citizen. Dr. Bachman does not have

sufficient  information to form a belief as to the truth of the allegations contained therein, and

therefore denies the same; (2) Specifically with regard to paragraph 3, Dr. Bachman admits the

allegations contained therein. (3) Generally, with regard to the allegations in the complaint, Dr.

Bachman refers to the medical records and the jail records.  To the extent that any of  the

allegations in the complaint are inconsistent with the medical records or the jail records, Dr.

Bachman denies those allegations.  Also, Dr. Bachman denies all allegations contained in the

complaint that refer to the condition of the jail as being something other than acceptable.  (4)

Specifically, with regard to paragraphs, 2, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21,

22, and 27, Dr. Bachman denies those allegations that refer to the condition of the jail as being

something other than acceptable, otherwise, with regard to those allegations that refer to the

events or sequences of events, Dr. Bachman refers to the medical and jail records, see paragraph

3 above.  Otherwise, Dr. Bachman does note have sufficient information to form a belief as to

the truth of the allegations contained in these numbered paragraphs, and therefore denies the

same.  (5) Specifically, with regard to paragraphs 24, 25, 26, 41, 42, 43, 44, 45, 46, 47, 58, 49, 62, 63, and 64, and the allegations contained therein pertain to other Defendants in this lawsuit and not Defendant Dr. Bachman and do not therefore, require a response from Defendant Bachman.  To the extent that there are any allegations contained in these paragraphs that do pertain to Defendant Bachman, Dr. Bachman denies those allegations.  (6)  With regard to paragraphs 5, 6, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39, Defendant Bachman states that the medical records and the jail records speak for themselves.  To the extent that these allegations are inconsistent with the medical records or the jail records, Defendant Bachman denies these allegations.  (7) With regard to paragraph 23, and 54, Dr. Bachman admits that he visited the jail.  Dr. Bachman denies the remaining allegations in paragraph 23.  (8)With regard to paragraphs 52, 53, 55, 56, 57, 59, 60, 66, 69 (sic) and 67 as it pertains to this Defendant, Defendant Bachman denies the allegations contained in paragraphs 52, 53, 54, 55, 56, 57, 58, 59, 60, 66, 69 (sic) and 67.  (9) With regard t paragraph 51, Dr. Bachman states that his duty as Medical Director are set forth in his contract.  To the extent that the allegations in paragraph 51 are inconsistent with such contract, Dr. Bachman denies such allegations.  (10)  Defendant, Dr. Bachman, denies each and every allegation not specifically admitted herein.  (11) The Plaintiff's Second Amended Complaint fails to state a claim or claims against Defendant Bachman upon which relief may be granted.  (12) Plaintiff's complaint fails to allege sufficient facts to support constitutional violation against this Defendant (13) Plaintiff's claim for punitive damages are barred as a matter of law or would otherwise be unconstitutional as applied o this Defendant.  (14)  The Plaintiff's injuries and damages, if any, are the result of Plaintiff's own negligence, which negligence bars or diminishes Plaintiff's right of recovery pursuant to C.R.S. § 13-21-111.  (15) The Plaintiff is not the real party-in-interest to all of the claims set forth in Plaintiff' Second

Amended Complaint.  (16)  This action is barred by the applicable statute of limitations and statute of repose. (17) The Plaintiff has failed to mitigate his damages, if any, as required by law. (18)  Any damages complained of by the Plaintiff were caused by the Plaintiff's own act or omission or the acts or omissions of others over whom Defendant Bachman has no control or no right of control.  (19) The Plaintiff's injuries and damages, if any, are the result of the Plaintiff's failure to follow reasonable medical advice and instructions of attending physicians and health care providers.  (20) In the event that a verdict is returns in favor of the Plaintiff, Defendant Dr. Bachman is entitled to a reduction o the damage award, if any, to the extent of any payments may by a collateral source under the provisions of C.R.S.  §13-21-111.6.  (21) The Defendant's liability, if any, is limited by the provisions of C.R.S. §13-21-111.5.  (22)  The Plaintiff is hereby notified that the Defendant, Dr. Bachman, reserves the right to designate nonparties and hereby designate any settling or dismissed parties.  (23)  Defendant, Dr. Bachman reserves the right to assert the applicable substantive and procedural provisions of the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. §13-50.5-102, *et seq*.  (24) The Plaintiff's alleged damages are the sole and proximate result of an injury sustained or a condition existing prior to the incident complained of in Plaintiff's Second Amended Complaint  (25) Defendant Dr. Bachman, asserts any and all protections, limitations and rights afforded under the Health Care Availability Act, C.R.S. § 13-64-101, et seq.  (26) Defendant, Dr. Bachman reserves the right to amend his Answer to assert additional affirmative defenses as factual and legal issues are developed during discovery.

### 3.UNDISPUTED FACTS

The following facts are undisputed:

a.      The Plaintiff is a citizen of Mexico and the Defendants, Fred Wegener, Monte Gore, Vicki Paulsen, and James Bachman, are citizens of the United States.

b.      This Court has jurisdiction over the Plaintiff's claims against the Defendants pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

c.      The Plaintiff was arrested on March 1, 2003, and held in custody as a detainee by the INS and on March 1, 2003, was transported at the direction of the INS to the Park County Jail.

d.      Plaintiff was transported from the Park County Jail to the Emergency Room of the Summit Medical Center in Frisco, Colorado, on March 8, 2003, and from there was transported by ambulance to Denver General Hospital in Denver, Colorado, for further medical care and treatment.

e.      During Plaintiff's incarceration in the Park County Jail, the Defendant, James Bachman, M.D., was the medical director of the jail.

f.      During Plaintiff's confinement in the Park County Jail, the Defendant, Vicki Paulsen, was a registered nurse working for the Park County Jail.

### 4.COMPUTATION OF DAMAGES

**Plaintiff:**

a.      **Non-Economic Damages.**  Plaintiff claims non-economic damages for past and future physical and mental pain and suffering, physical impairment and disfigurement, stress and distress, humiliation and embarrassment, mental anguish and depression, and for the loss of the enjoyment of a full and complete life.  These damages cannot be mathematically calculated and are to be determined by a jury.

      **b.**    <u>**Economic Damages.**</u>   Plaintiff has suffered a loss of earnings and earning capacity and a loss of home services and will need funding for a life care plan. These economic damages are presently being evaluated by expert witnesses. When the life care planner and rehabilitation expert and the economics expert have rendered their reports, they will be made available to defense counsel. The calculations are not presently available.

      **c.**    <u>**Permanent Injuries.**</u>  The Plaintiff has permanent injuries caused by Defendants' conduct, including, *inter alia,* a below-knee amputation of the left leg, substantial tissue damage of the right leg, permanent lung damage, damage to other organs which may be permanent, and other injuries described in Plaintiff's medical records.

      **d.**    <u>**Health Care Expenses.**</u>  Plaintiff's hospital, medical and rehabilitation expenses to date are in excess of $700,000. The precise amount is being calculated and copies of medical bills and statements are being provided to defense counsel. Plaintiff's recovery in this case may be subject to substantial subrogation liens.

      **e.**    <u>**Punitive Damages.**</u>   Plaintiff seeks punitive or exemplary damages in an undetermined amount to be decided by a jury.

      **f.**    <u>**Attorney's Fees and Costs.**</u>   Plaintiff seeks reasonable attorney's fees and reimbursement of all litigation expenses pursuant to §1988.

      **Defendants Park County, Park County Sheriff's Office, Park County Board of County Commissioners, Fred Wegener Monte Gore and Vicky Paulsen:** These Defendants are not requesting damages from the Plaintiff at this time. However, these Defendants respectfully reserve their right to seek their attorneys fees and costs pursuant to applicable law.

**5.REPORT OF PRECONFERENCE DISCOVERY AND
MEETING UNDER FED. R. CIV. P. 26(f)**

     a.     Meeting was held by telephone conference call on August 12, 2005, commencing at 9:00 a.m.

     b.     The names of the participants and parties represented are:

| For the Plaintiff: | Lloyd Kordick |
| | William A. Trine |
| For the Defendants: | Andrew Ringel |
| | Craig Sargent |
| | Melanie Lewis |

     c.     Proposed changes, if any, in timing or requirement of disclosure under Fed. R. Civ. P. 26(a)(1):  None.

     d.     Statement as to when Rule 26(a)(1) Disclosures were made:  On or before August 30, 2005.

     e.     The parties agreed to consider some informal discovery, following receipt of the Rule 26(a)(1) Disclosures, but no specific agreement was reached.

## 6. CONSENT

The parties have not all consented to the exercise of jurisdiction of a magistrate judge.

## 7. CASE PLAN AND SCHEDULE

The parties agree that extensive discovery is necessary.  At this point, the parties do not know the full extent of the discovery that will be required because the initial round of discovery will undoubtedly lead to additional numerous witnesses, i.e., jail deputies who were involved in Plaintiff's incarceration at the Park County Jail, possible witnesses in Mexico who may have knowledge of Plaintiff's pre-existing medical and health condition, treating physicians and heath care personnel in Denver involved in Plaintiff's several months of hospitalization and

rehabilitation, county commissioners and others. The parties have agreed to work with each other cooperatively regarding any disagreements or disputes over discovery.

      a.      Deadline for Joinder of Parties and Amendment of Pleadings: <u>October 17, 2005</u>

      b.      Discovery Cut-off: For all witnesses other than designated expert witnesses: <u>June 6, 2006</u>. For designated expert witnesses, the discovery cutoff is <u>September 6, 2006</u>.

      c.      Dispositive Motion Deadline: <u>October 6, 2006</u>, ~~30 days after completion of discovery~~.

      d.      Expert Witness Disclosure:

      1.      Anticipated Fields of Expert Testimony: <u>Plaintiff</u>: Plaintiff anticipates expert testimony in the areas of jail administration, infectious disease, provision of medical and nursing services in jails, nursing standards of care, standards of care of county jail medical director, rehabilitation and life care planning, economist, and treating physicians regarding diagnosis, treatment rendered, cause of infection, and prognosis. <u>Defendants</u>: The Defendants anticipate expert testimony in the areas of jail administration, provision of medical and nursing services in jails, medicine, nursing, and any area where the Plaintiff designates an expert witness.

      2.      The parties agree that the Plaintiff and each of three groups of Defendants will each be limited to seven (7) retained experts, excluding any rebuttal experts that Plaintiff may designate.

      3.      The Plaintiff shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>June 15, 2006.</u>

4.    The Defendants shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>July 17, 2006</u>.

5.    The parties shall designate any rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>August 15, 2006</u>.

e.    Deposition Schedule:  Numerous depositions of lay persons and experts will be required in this case.  The parties have set aside the following weeks for depositions: <u>October 31, 2005- November 4, 2006</u> – Plaintiff will schedule depositions of Park County Witnesses/parties:

| Name | Estimated Time of Deposition |
| --- | --- |
| Captain Monte Gore | 6 - 8 hours |
| Sgt. Muldoon | 3 – 4 hours |
| Deputy Don Frye | 2 hours |
| Deputy John Thomas | 1 – 2 hours |
| Corporal J. Bellantonio | 30 minutes – 1 hour |
| Deputy Gurein | 30 minutes – 1 hour |
| Deputy Woodward | 30 minutes – 1 hour |
| Deputy Fikejs | 1 hour |
| Corporal Steve Crawford | 1 – 1 & 1/2 hours |
| Deputy Walker | 30 minutes – 1 hour |
| Deputy Scott Theobald | 30 minutes – 1 hour |

The list of witnesses may change based upon the disclosures of Defendants and the availability of witnesses.

During this week, Plaintiff may also depose the Sheriff, Fred Wegener, and the Park County Commissioners.  If these depositions cannot be concluded during this initial week, the parties have set aside additional weeks for additional depositions.

<u>January 16, 2006 – January 20, 2006</u>.  The depositions of the Plaintiff and Defendants James Bachman, M.D. and Vicki Paulsen, R.N. will be scheduled.

 February 6, 2006 – February 10, 2006.  The depositions of Plaintiff's treating physicians and health care personnel will be scheduled.

April 3, 2006 – April 7, 2006 and April 10, 2006 – April 14, 2006 .

     f.     Interrogatory Schedule:  33 days before the discovery cut-off, or on or before May 3, 2006

     g.     Schedule for Requests for Production of Documents and Requests for Admission: 33 days before the discovery cut-off or on or before May 3, 2006

     h.     Discovery Limitations:

     (1)     The parties acknowledge that they are unclear as to the number of depositions that will be necessary.  Plaintiff will be permitted 18 lay witness depositions, the depositions of no more than 10 treating physicians and the depositions of all of Defendants' Rule 26(a)(2) specially designated and retained expert witnesses.

     (2)     The Defendants collectively will be permitted 18 lay depositions, 10 medical providers, and if additional witnesses are disclosed as witnesses to be used at trial, their depositions will also be permitted _within the discovery period_.  Additionally, they will be permitted the depositions of all of Plaintiff's 26(a)(2) specially designated and retained experts.  No deposition will be longer than 7 hours except for the deposition of the Plaintiff which may be up to 14 hours because of the need for a Spanish-English interpreter to participate in the deposition.

     (3)     The parties have agreed to modify the presumptive numbers of depositions or interrogatories contained in the federal rules and their modification is contained in Section 7.h.(1) and (2) as set forth above, and in Section 7.h.(4), set forth below.  The parties will negotiate any need to change these rules before submitting any request for changes to the Court.

(4)   Limitations which any party proposes on number of interrogatories, requests for production of documents and/or requests for admissions.   The parties have agreed that Plaintiff shall have 50 Interrogatories, 50 Requests for Production, and 50 Requests for Admission.  The parties represented by Mr. Ringel, i.e. Park County, the County Commissioners, Fred Wegener and Monte Gore, shall have collectively have the same number of interrogatories (50), requests for production of documents (50), and requests for admission (50) as Plaintiff. Each of the Defendants, Vicki Paulsen and James Bachman, shall also be permitted the same number of interrogatories (50), requests for production of documents (50), and requests for admission (50) as Plaintiff.

(5)   Other Planning or Discovery Orders.  None.

## 8. SETTLEMENT

Settlement statements are due <u>August 30, 2005</u>.  No settlement conference has yet been set.  The parties discussed this matter in the Rule 26(f) telephone conference that was held with all counsel on August 12, 2005 at 9:00 a.m. and all agreed that they have insufficient information to engage in a meaningful settlement discussion and a settlement conference would not be beneficial until depositions are conducted.   The parties believe that any settlement conference should be scheduled after the completion of a substantial amount of the discovery.

## 9. OTHER SCHEDULING ISSUES

a.   The parties have had no disagreements regarding scheduling or discovery at this time.

b.   Anticipated length of trial and whether trial is to the court or jury - 30 days.  It is anticipated that a jury trial may take 30 days.  The parties will be in a better position to determine if it can be tried in a shorter time frame after discovery is completed.

## 10. DATES FOR FURTHER CONFERENCES

a.     A settlement conference will be held on _February 22_, 200_6_  at _10:00_ o'clock _A_.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )     *Pro se* parties and attorneys only need be present.

(X)     *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

(X)     Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _February 15_ , 200_6_ outlining the facts and issues in the case and the party's settlement position.

b.     Status conferences will be held in this case at the following dates and times:

_____, 200___

c.     A final pretrial conference will be held in this case on _December 7_ , 200_6_ at _9:30_ o'clock _A_.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than ~~five days before the final pretrial conference.~~ _November 30, 2006_.

## 11. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO. LCivR 7.1A.

17

The parties filing motions for extension of time or continuances must comply with D.C.COLO. LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 12. AMENDMENTS TO SCHEDULING ORDER

The parties acknowledge that the scheduling order may be altered or amended only upon a showing of good cause.

DATED this _16th_ day of September, 2005.

BY THE COURT:

_Boyd N. Boland_
The Honorable Boyd N. Boland
United States Magistrate Judge

APPROVED:


/s/ Joseph J. Archuleta
_____
Joseph J. Archuleta, #19426
Joseph J. Archuleta and Associates
1724 Ogden Street
Denver, Colorado 80218
Telephone:  303-837-1642
Attorney for Plaintiff



/s/ Lloyd C. Kordick
_____
Lloyd C. Kordick
Lloyd C. Kordick & Associates
805 S. Cascade Avenue
Colorado Springs, Colorado 80903
Telephone:  719-475-8460
Attorneys for Plaintiff
Susan@kordicklaw.com



/s/ William A. Trine
_____
William A. Trine
Trine & Metcalf, P.C.
1435 Arapahoe Avenue
Boulder, Colorado 80302
Telephone 303-442-0173
Attorneys for Plaintiff

/s/ Jennifer L. Veiga
/s/ Andrew Ringel
_____
Andrew Ringel
Jennifer L. Veiga
Hall & Evans
1125 17th Street, Suite 600
Denver, CO 80202-2052
Telephone:  303-628-3300
*Counsel for Defendant Park County, Park County Board of County Commissioners, Park County Sheriff's Office, Fred Wegener, and Monte Gore*


/s/ Craig A. Sargent
_____
Craig A. Sargent
Johnson, McConaty & Sargent, PC
400 S. Colorado Blvd., Suite 900
Glendale, Colorado 80246
Telephone:  303-388-7711

Attorneys for Defendant James Bachman, M.D.


/s/ Josh A. Marks
/s/ Melanie B. Lewis
Josh A. Marks
Melanie B. Lewis
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl St.
Boulder, CO 80302
Telephone: 303-402-1600
jam@bhgrlaw.com, mbl@bhgrlaw.com
Attorneys for Defendant Vicki Paulsen, R.N.