IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00377-WDM-BNB

MOISES CARRANZA REYES,

    Plaintiff,

v.

PARK COUNTY, a public entity of the State of Colorado and its governing board;
THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
PARK COUNTY SHERIFF'S OFFICE, a public entity of the State of Colorado;
FRED WEGENER, individually and in his official capacity as Sheriff of Park County, Colorado;
MONTE GORE, individually and in his official capacity as Captain of Park County Sheriff's Department;
VICKIE PAULSEN, individually and in her official capacity as Registered Nurse for Park County, Colorado; and
JAMES BACHMAN, M.D., individually and in his official capacity as Medical Director of the Park County Jail,

    Defendants.

## ORDER ON MOTION TO DISMISS

Miller, J.

This case is before me on the motion to dismiss defendants Park County and Park County Sheriff's Office, filed July 18, 2005, on the ground that these two entities are properly sued only through the Park County Board of County Commissioners (the Board) and Sheriff Wegener in his official capacity. Plaintiff opposes the motion. For the reasons that follow, the motion will be granted.

Under Colorado law, a suit against a county must be brought against the board of county commissioners. C.R.S. § 30-11-105. Here, Plaintiff has sued both Park County

and the Board.  Pursuant to § 30-11-105, only the suit against the Board is proper.

Plaintiff relies on *Wigger v. McKee*, 809 P.2d 999 (Colo. App. 1990), to argue that he has properly sued Park County.  *Wigger* addressed whether a county is a "person" for purposes of 42 U.S.C. § 1983.  Moreover, the opinion expressly states that the defendant, Arapahoe County, was "sued properly in the name of The Board of County Commissioners of Arapahoe County."  *Id.* at 1003.  Because Plaintiff has sued the Board here, the suit against Park County is improper and redundant.

Plaintiff's claims against the Park County Sheriff's Office should be construed as claims against Sheriff Wegener in his official capacity.  *Cortese v. Black*, 838 F. Supp. 485, 496 (D. Colo. 1993).  Although Plaintiff asserts that the Park County Sheriff's Department has final decision-making authority under state law, the statutes cited refer to the duties and authority of a sheriff, not his or her department.  C.R.S. § 30-10-501, *et seq.*  Further, Colorado law places the liability for actions by the sheriff or his or her deputies on the sheriff rather than on a department.  *See, e.g.*, § 30-10-506.  Finally, because Plaintiff has sued Sheriff Wegener in his official capacity, as well as the Board, the claims against the Sheriff's Office are redundant, and their deletion does not alter any of the remedies available to Plaintiff.

Accordingly, it is ordered:

1. The motion to dismiss, filed July 18, 2005, is granted.

2. Park County and Park County Sheriff's Office are dismissed from this case.

3. The caption of the case shall be amended to delete Park County and Park County Sheriff's Office as defendants.

DATED at Denver, Colorado, on November 3, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge