IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-377-WDM-BNB

MOISES CARRANZA-REYES,

Plaintiff,

v.

PARK COUNTY, a public entity of the State of Colorado and its governing board,
THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
PARK COUNTY SHERIFFS OFFICE, a public entity of the State of Colorado;
FRED WEGENER, individually, and in his official capacity as Sheriff of Park County, Colorado;
MONTE-GORE, individually, and in his capacity as Captain of Park County Sheriffs Department;
VICKIE PAULSEN, individually and in her official capacity as Registered Nurse for Park County, Colorado;
JAMES BACHMAN, M.D., individually and in his official capacity as Medical Director of the Park County Jail, Defendants.

## JAMES BACHMAN, M.D.'S RESPONSE TO PLAINTIFF'S MOTION FOR AN EXTENSION OF THE WRITTEN DISCOVERY DEADLINE

The Defendant James Bachman, M.D., by his attorneys, Craig A. Sargent and Andrew W. Jurs, respectfully submits his Response to Plaintiff's Motion for an Extension of the Written Discovery Deadline, as follows:

### I.   BACKGROUND

Plaintiff filed his initial Complaint on February 28, 2005, and Amended Complaints and Jury Demands on April 29, 2005 and July 18, 2005, alleging negligence on behalf of the Defendants causing injuries to Plaintiff Moises Carranza-Reyes. Following service of the Complaint to all Defendants, the Court held a Scheduling conference for all named parties on September 16, 2005.

At the Scheduling conference, counsel for all parties agreed to a Scheduling Order which the Court signed on September 16, 2005. See *attached*, **Exhibit A**, Scheduling Order. In the Scheduling Order, the parties agreed that all written discovery would be served by May 3, 2006. **Exhibit A**, ¶¶ 7(g) & 7(h). All parties also agreed that no one may request a modification of the Scheduling Order without a showing of "good cause." **Exhibit A**, ¶ 12. Following the Scheduling Order, parties proceeded with discovery.

On May 3, 2006, Plaintiff filed a Motion for an Extension of the Written Discovery Deadline, requesting an additional thirty days to serve written discovery in the case, due to scheduling conflicts with Mr. Trine and Mr. Kordick's schedules and the need for additional time to review the Defendants' disclosed documents. See **Exhibit B**, Motion for Extension of Written Discovery Deadline (Filed May 3, 2006). Plaintiff's counsel also noted that "Defense counsel, Mr. Ringel, is out of town so Plaintiff's counsel does not know if he objects to this Motion for Extension." **Exhibit B**, ¶ 4.

Plaintiff does not establish "good cause" for a Modification of the Scheduling Order, and the Motion for Extension should be denied.

## II.  LEGAL ARGUMENT AND AUTHORITY

Plaintiff's Motion should be denied outright under L.R.Civ.P. 7.1(A), and simultaneously denied on the merits for Plaintiff's failure to establish good cause for amendment of the Scheduling Order.

### A. NON-COMPLIANCE WITH D.C.COLO.LCivR 7.1(A) MANDATES REJECTION OF THE PLAINTIFF'S MOTION

In the U.S. District Court for the District of Colorado, any litigant to a civil action must adhere to the Local Rules of Practice. D.C.Colo.LCivR 1.1(C).

Under Local Rule 7.1(A), any party filing a motion has a duty to confer prior to filing the motion:

> The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

D.C.Colo.LCivR 7.1(A).

In this case, Plaintiff's Motion lacks any mention of attempts to confer with counsel for Dr. Bachman, or any certificate of compliance with L.Civ.R. 7.1(A). **Exhibit B**. Therefore, the Court should not consider the motion under the language of the rule.

Multiple district court published cases address the issue of Rule 7.1(A) noncompliance.

In Hoelzel v. First Select Corp., 214 F.R.D. 634 (D. Colo. 2003), Magistrate Judge Boland noted the purpose of Rule 7.1(A) is to require the parties to confer and attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue. Id at 635. A single letter, e-mail, or demand for compliance cannot satisfy the rule. Id at 636. Rather, the parties must conference "possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement..." Ibid.

Judge Boland then denies the Plaintiff's Motion to Compel in Hoelzel outright through Plaintiff's flagrant violation of Rule 7.1(A). Ibid.

3

In another case, Exum v. U.S.O.C., 209 F.R.D. 201 (D. Colo. 2002), Magistrate Judge Coan denied a Motion to Compel partially on failure to conform to Rule 7.1(A), and ordered sanctions against the offending party. Id at 207-208.

Finally, in Echostar Communications Corp. v. The News Corp., Ltd., 180 F.R.D. 391 (D. Colo. 1998), Magistrate Judge Schlatter noted that "[t]he failure to comply with Local Rule 7.1A is sufficient alone to warrant a denial of the motion to compel."

Pursuant to the plain language of Local Rule 7.1(A), and consistent with the decisions from the District of Colorado in Hoelzel, Exum, and Echostar, Dr. Bachman respectfully requests that this Court deny outright the Plaintiff's Motion to Amend the Scheduling Order for non-compliance with Local Rule 7.1(A). Plaintiff made no attempt to confer with counsel for Dr. Bachman, and the Motion lacks the genuine conferral and exchange of ideas prior to filing, as needed by Hoetzel.

Dr. Staples does not, at this time, make any request for sanctions with the Court.

B.  PLAINTIFF'S REQUEST FOR MODIFICATION OF THE SCHEDULING ORDER DOES NOT ESTABLISH "GOOD CAUSE"

Once a scheduling order enters, a court shall not modify it except upon a showing of good cause and by leave of the court. Fed. R. Civ. P. 16(b). The decision to modify an order is within the discretion of the district court, subject to review only for abuse of discretion. Burks v. Okla. Pub. Co., 81 F.3d 975, 978 (10th Cir. 1996).

In this lawsuit, the deadline for submission of written discovery was May 3, 2006. **Exhibit A, ¶¶** 7(g) & 7(h). Only if the Plaintiff can show "good cause" for the requested modification should the Court grant an additional thirty (30) days for filing. Fed. R. Civ. P. 16(b); **Exhibit A, ¶** 12.

4

In making a determination on the issue of "good cause," a court should not examine the actions of the movant or the prejudice to the opposing party, but rather the focus is on the *"**diligence of the party seeking to modify the scheduling order**"*. Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000) (emphasis added). The court continued:

> Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may 'modify the schedule on a showing of good cause [if the deadline] cannot be met despite the diligence of the party seeking the extension.' ***Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.***

Ibid (emphasis added); see also Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (citing language of Colorado Visionary).

In this case, Plaintiff alleges that they cannot meet the deadline of the Scheduling Order for written discovery due to:

    a)    Mr. Kordick's preparation for a trial in La Plata County;

    b)    Mr. Trine's travel out-of-the-country until May 10, 2006; and

    c)    Plaintiff's counsel's need for additional time to review "voluminous documents" produced by Defendant.

**Exhibit B,** ¶¶ 2 & 3. These reasons do not rise to the level of "good cause."

Plaintiff's counsel makes no representation of why discovery could not be prepared by the third counsel of record, Joseph Archuleta. Since Mr. Archuleta is neither preparing for trial nor out of the county, as the other attorneys are, then he may well be

5

disposed to the preparation of written discovery. Convenience to co-counsel is not enough to establish good cause when an attorney of record is not mentioned as unable to meet the established deadline despite diligent efforts.

Even if Mr. Archuleta is unable to prepare the discovery, the rationale for the additional thirty days still fails to persuade. Mr. Kordick does not allege that he is *in trial*, but merely preparing for one. Mr. Kordick's preparation is unable to explain why the written discovery could not have been prepared well in advance of the deadline. Mr. Trine's travel until May 10, 2006, also fails to persuade, as again no rationale for the preparation of the discovery prior to his travel has been alleged or mentioned. Similarly, the mere mention of "voluminous documents" does not allow for a finding of diligence in pursuing their analysis, as is needed to establish good cause.

The bottom line is that Plaintiff offers no evidence or explanation, specific or otherwise, which explains why the written discovery could not have already been prepared prior to the deadline. Until such explanation is offered, and accepted by the Court as "good cause, the continuance must be denied.

The focus in analyzing "good cause" is on the diligence of the party seeking the extension and, under <u>Colorado Visionary</u>, the Plaintiff's motion fails to provide any specific basis on which the Court could find "good cause" has been met. Rather, the Plaintiff's counsel asks for a modification of the scheduling order due to their disorganized schedules, personal preferences on which attorneys are to prepare the discovery, and failure analyze the disclosed documents in a timely manner. The Plaintiff's acts fall squarely under the ruling of <u>Colorado Visionary</u>: "Carelessness is not

compatible with a finding of diligence and offers no reason for a grant of relief." <u>Colorado Visionary</u>, 194 F.R.D. at 687.

Plaintiff's request to modify the scheduling order does not meet the "good cause" standard of Fed. R. Civ. P. 16(b), as interpreted in <u>Colorado Visionary</u>. Plaintiff's request to modify the Joint Scheduling Order should therefore be denied on the merits.

### III.    CONCLUSION

Plaintiff's Motion for an Extension of the Written Discovery Deadline, based on scheduling conflicts and failure to review disclosures should be denied on the merits by the Court. The Motion is not in compliance with Local Rule 7.1(A) and should be denied outright.

WHEREFORE, Defendant James Bachman, M.D., requests that this Court deny the Plaintiff's Motion for an Extension of the Written Discovery Deadline established in the Scheduling Order, finding that it was filed in violation of Local Rule 7.1(A), and also finding that the Plaintiff fails to establish good cause for amendment of the Scheduling Order.

DATED this 8th day of May, 2006

JOHNSON, McCONATY & SARGENT
A Professional Corporation


By:    s/ Andrew W. Jurs
Craig A. Sargent, #17975
Andrew W. Jurs, #31988
Attorneys for James Bachman, M.D.
400 South Colorado Boulevard, Suite 900
Glendale, Colorado  80246
Telephone: (303) 388-7711

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th Day of May, 2006, I electronically filed the foregoing **JAMES BACHMAN, M.D.'S RESPONSE TO PLAINTIFF'S MOTION FOR AN EXTENSION OF THE WRITTEN DISCOVERY DEADLINE**, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Joseph J. Archuleta, Esq.
Archuletalaw@qwest.net

Lloyd C. Kordick, Esq.
Lloyd@kordicklaw.com

Susan Kordick, Esq.
susan@kordicklaw.com

William A. Trine, Esq.
Btrine@trine-metcalf.com

Andrew Ringel, Esq.
ringela@hallevans.com

Melanie Lewis, Esq.
mbl@bhgrlaw.com

                                            s/ Andrew W. Jurs