## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-377-WDM-BNB

MOISES CARRANZA-REYES,

Plaintiff,

v.

PARK COUNTY, a public entity of the State of Colorado and its governing board,
THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
PARK COUNTY SHERIFFS OFFICE, a public entity of the State of Colorado;
FRED WEGENER, individually, and in his official capacity as Sheriff of Park County,
Colorado;
MONTE-GORE, individually, and in his capacity as Captain of Park County Sheriffs
Department;
VICKIE PAULSEN, individually and in her official capacity as Registered Nurse for
Park County, Colorado;
JAMES BACHMAN, M.D., individually and in his official capacity as Medical
Director of the Park County Jail,

Defendants.

---

### JAMES BACHMAN, M.D.'S MOTION FOR A COST BOND PURSUANT TO C.R.S. § 13-16-102

---

Defendant James Bachman, M.D., by and through his attorneys, Craig A. Sargent and Andrew W. Jurs, respectfully submits his Motion for a Cost Bond Pursuant to C.R.S. § 13-16-102, as follows:

### I.    CERTIFICATION PURSUANT TO D.C.COLO. LR 7.1

Pursuant to D.C.Colo.LR 7.1, undersigned counsel certifies that he contacted Plaintiff's attorney concerning the relief requested in this Motion and that Plaintiff's counsel objects to the requested relief.

## II.   INTRODUCTION

Plaintiff filed his initial Complaint on February 28, 2005, and Amended Complaints alleging against Dr. James Bachman both 42 U.S.C. § 1983 constitutional claims and state law medical negligence claims causing injuries to Plaintiff Moises Carranza-Reyes.

Defendants took the deposition of Plaintiff Moises Carranza-Reyes on January 16 and 17, 2006. In his sworn testimony at the deposition, Plaintiff testified to the following:

    a)  he does not currently have any employment;

    b)  he has not worked since he left the hospital in 2003;

    c)  he has never worked in the United States;

    d)  he cannot work in the U.S. without a work permit;

    e)  he does not have a work permit;

    f)  he does not make any financial contribution to the rent at his residence; and

    g)  he does not make any financial contribution to the food costs either.

See **Exhibit A**, Deposition Testimony of Plaintiff, pg. 64, ln, 21-23; pg. 67, ln. 20-22; pg. 68, ln. 4-6; pgs. 64, ln., 24 to 65, ln. 1; pg. 332, ln 6-7; pg. 319, ln. 9-14.

Plaintiff's testimony casts serious doubt on his ability to pay for the costs of this litigation in the event of a defense verdict. Dr. Bachman will reasonably expend substantial resources defending himself against Plaintiff's allegations. Therefore, Dr. Bachman submits a cost bond will provide some security for the extensive costs he will incur in defending this lawsuit, and asks the Court to order Plaintiff to secure a cost bond.

### III.    LEGAL ARGUMENT AND AUTHORITY

The present lawsuit has been filed in federal Court due to federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction of state claims under 28 U.S.C. § 1367. The substantive law of Colorado applies to the supplemental claims in the lawsuit. See, e.g. Bancoklahoma Mortg. Corp. v. Capital Title Co., 194 F.3d 1089, 1103 (10th Cir. 1999).

Colorado law provides a method by which a Defendant in a lawsuit may request security for his defense costs in the event any plaintiff is without resources to pay for the costs of litigation. C.R.S. § 13-16-102 states as follows:

> If such action is commenced without filing such instrument of writing, or if at any time after the commencement of any suit by a resident of this state, he shall become nonresident, or if, in any case, the court is satisfied that any plaintiff is unable to pay the costs of suit, or that he is so unsettled as to endanger the officers of the court with respect to their legal demands, it is the duty of the court, on motion of the defendant or any officer of the court, to rule the plaintiff, on or before the day in such rule named, to give security for the payment of costs in such suit.  If such plaintiff neglects or refuses, on or before the day in such rule named, to file such instrument, the court, on motion, shall dismiss the suit.  In the case of a plaintiff who is not a resident of this state at the time of the commencement of such action, the attorney of the last named plaintiff shall pay all costs in said action, upon any such dismissal thereof.

C.R.S. § 13-16-102 (emphasis added). Pursuant to C.R.S. § 13-16-102, the Court may order a cost bond to secure the costs incurred by a Defendant in defending against the allegations of the lawsuit. The decision to order a cost bond for a resident plaintiff is discretionary. Fleming v. Breitner, 215 P. 133 (Colo. 1925).

Dr. Bachman requests the Court exercise the discretion for cost bond security in light of his extensive costs of defense against Plaintiff's allegations, and also due to Plaintiff's testimony casting doubt on his financial status in the event he must pay costs.

It is anticipated that Defendant will incur extensive costs in defending against Plaintiff's allegations in this case.  This is a complex medical negligence action involving medical treatment claims. Expert testimony will be necessary in several areas to defend against the allegations. In light of the fact that extensive and expensive expert discovery remains in this action, the recoverable costs accruing are considerable.

Because of the extensive costs, a cost bond is an appropriate precaution against large expenses in defense of a case. Defending the Plaintiff's allegations involve: obtaining medical records, consulting with and retaining expert witnesses, taking the depositions of treating and expert physicians, photocopying, and other expenses, as well as the attendant travel expenses associated with an out-of-state Plaintiff, and possible out-of-state Plaintiff expert witnesses.  Typically, in these types of medical malpractice actions, costs for this Defendant may well be in excess of $50,000.

Moises Carranza-Reyes has not claimed to be indigent, but there is no indication that he is capable of paying Defendants' costs upon a defense verdict.  His testimony at the deposition in January casts considerable doubt on his financial security. Plaintiff testified that he is not currently working nor has he been working since he left the hospital in 2003. **Exhibit A**, pg. 64, ln, 21-23; pg. 67, ln. 20-22. Plaintiff has not ever worked in the United States, and cannot do so until he obtains a work permit or visa, which he does not have. **Exhibit A**, pg. 68, ln. 4-6; pgs. 64, ln., 24 to 65, ln. 1; pg. 332,

ln. 6-7. Plaintiff does not make any contribution to the household expenses, such as for food or for rent. **Exhibit A**, pg. 319, ln. 9-14.

Balancing the extensive costs Dr. Bachman will incur in defending this lawsuit and Plaintiff's questionable financial situation, a costs bond is appropriate to secure costs. Dr. Bachman requests that Plaintiff be required to post a cost bond in the amount of $50,000 to cover his anticipated costs in the case. Furthermore, Dr. Bachman requests that the Court order that the cost bond be filed within thirty (30) days.

## IV.    CONCLUSION

Plaintiff filed claims against Plaintiff on both federal law and state law questions. Under state law, a defendant may request that the court order costs security if the court is satisfied that the claimant is unable to pay the costs of a suit. Plaintiff's testimony at deposition demonstrated Plaintiff's limited financial means, while Dr. Bachman anticipates extensive costs in his defense. Based on these considerations, Dr. Bachman asks that the Court order Plaintiff to post cost security.

WHEREFORE, Defendant James Bachman, M.D., requests that this Court grant his Motion for Cost Bond, thereby securing the his costs, and enter an Order requiring Plaintiff to post a cost bond in the amount of $50,000, within thirty (30) days from the date of the Order

DATED this 5th day of June, 2006

JOHNSON, McCONATY & SARGENT
A Professional Corporation

By: /s/ Andrew W. Jurs
Craig A. Sargent
Andrew W. Jurs
Attorneys for James Bachman, M.D.
400 South Colorado Boulevard, Suite 900
Glendale, Colorado   80246
Telephone: (303) 388-7711

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th Day of June, 2006, I electronically filed the foregoing **JAMES BACHMAN, M.D.'S MOTION FOR A COST BOND PURSUANT TO C.R.S. § 13-16-102,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Joseph J. Archuleta, Esq.
Archuletalaw@qwest.net

Lloyd C. Kordick, Esq.
Lloyd@kordicklaw.com

Susan Kordick, Esq.
susan@kordicklaw.com

William A. Trine, Esq.
Btrine@trine-metcalf.com

Andrew Ringel, Esq.
ringela@hallevans.com

Melanie Lewis, Esq.
mbl@bhgrlaw.com

/s/  Andrew W. Jurs
Andrew W. Jurs
Attorneys for Defendant Bachman
400 S. Colorado Boulevard, Suite 900
Glendale, Colorado 80246
303-388-7711
303-388-1749-fax
ajurs@jmspc.com