**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 2005-WM-377 (BNB)

MOISES CARRANZA-REYES

       Plaintiff,

vs.

PARK COUNTY, a public entity of the State of Colorado and its governing board, THE PARK
COUNTY BOARD OF COUNTY COMMISSIONERS; PARK COUNTY SHERIFF'S OFFICE, a
public entity of the State of Colorado; FRED WEGENER, individually and in his official capacity as
Sheriff of Park County, Colorado; MONTE GORE, individually and in his capacity as Captain of
Park County Sheriff's Department; VICKIE PAULSEN, individually and in her official capacity as
Registered Nurse for Park County, Colorado; JAMES BACHMAN, M.D., individually and in his
official capacity as Medical Director of the Park County Jail,

       Defendants.

---

**PLAINTIFF'S RESPONSE TO JAMES BACHMAN, M.D.'S
MOTION FOR A COST BOND
PURSUANT TO C.R.S. §13-16-102**

---

Plaintiff, through his attorneys, Bill Trine of Trine & Metcalf, P.C., requests that James

Bachman, M.D.'s Motion for a Cost Bond Pursuant to C.R.S. §13-16-012 be denied, for the

following reasons:

**I.    C.R.S. §13-16-102 DOES NOT APPLY IN FEDERAL COURT.**

Colorado's cost bond statute is procedural in nature and inapplicable in civil actions filed in

federal court. *Hartnett v. Catholic Health Initiative's Mountain Region,* 47 F.Supp.2d 1255

(U.S.D.C. 1999) and *Piallat v. Replogle, M.D.,* 125 F.R.D. 165 (U.S.D.C. 1989). As stated by

District Judge Babcock in *Hartnett, supra:*

1

There is no Federal Rule of Civil Procedure requiring nonresident litigants to post cost bonds and the United States District Court for the District of Colorado has not promulgated a local rule requiring nonresident plaintiffs to post cost bonds. Yet I agree with that C.R.S. §13-16-102 does not apply in federal court. *National Distillers Products Corp. v. Hindech,* 10 F.R.D. 229, 229 (D. Colo. 1950) (the trial court is under no compulsion to look to state practice regarding cost bonds). Colorado's cost bond statute is procedural in nature and the policies underlying *Erie v. R. R. Co v. Tompkins,* 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938), do not militate toward applying that statute in federal court. *See Hanna v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Trierweiler v. Croxton and Trench Holding Corp.,* 90 F.3d 1523, 1539-1541 (10th Cir. 1996) (determining whether colorado's certificate of review statute, C.R.S. §13-20-602, applies in federal court) (applying the "outcome-determinative test in light of the twin aims of Erie").

Defendant Bachman's Motion is based only on the Colorado statute, which is inapplicable, and the Motion must therefore be denied.

## II.   THERE IS NO FEDERAL RULE OF CIVIL PROCEDURE OR LOCAL RULE IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO REQUIRING NON-RESIDENT PLAINTIFFS TO POST COST BONDS, AND THE COURT HAS NO JURISDICTION TO ORDER A COST BOND.

Defendant Bachman has not sought to invoke any alleged inherent power of the Court to exercise discretion in ordering a cost bond, but relies only on C.R.S. §13-16-102. However, when the Federal District Court has no rule permitting the Court to order a cost bond, the refusal of the Federal Court to do so is within the Court's discretion. *Paramount Film Distributing Corporation, v. Civic Center Theatre, Inc.,* 333 F.2d 358 (1964) (the trial court's denial of a request for cost bond was affirmed because there was no rule in the District of Utah requiring a cost bond and the refusal was therefore within the Court's discretion).

## III.   CONCLUSION.

Defendant Bachman's request for a cost bond pursuant to C.R.S. §13-16-102 should be denied because it is inapplicable in a civil action filed in the Colorado Federal District Court and the

Court lacks jurisdiction to order a cost bond. Further, there has been no showing by Defendant Bachman that Plaintiff's claims lack merit or that Plaintiff is unwilling to make every effort to pay any costs that might be assessed. In addition, Defendant Bachman has submitted no evidence to support the claim that his costs will be in excess of $50,000.

For all of the above reasons, Plaintiff requests that Defendant Bachman's Motion be denied.

Respectfully submitted,

Dated this _12th_ day of June, 2006.

Respectfully submitted,

By: _____

William A. Trine, #577
Trine & Metcalf, PC
1435 Arapahoe Avenue
Boulder Colorado 80302-6390
(303) 442-0173

Joseph J. Archuleta, #19426
Joseph J. Archuleta and Associates
1724 Ogden Street
Denver Colorado 80218
(303) 837-1642

Lloyd C. Kordick, #6298
Lloyd C. Kordick & Associates
805 S. Cascade Avenue
Colorado Springs Colorado 80903
(719) 475-8460

Adele Kimmel, Esq.
Trial Lawyers for Public Justice
1717 Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20030
(202) 797-8600

Attorneys for Plaintiff

3

## CERTIFICATE OF MAILING/SERVICE

The undersigned hereby certifies that on this _12th_ day of June, 2006, a true and correct copy of the foregoing pleading was e-served via Electronic Case Filing and/or placed in the United States Mail, postage prepaid, and properly addressed to:

Joseph Archuleta
Attorney at Law
1724 Ogden Street
Denver, Colorado 80218-1018
*Co-Counsel for Plaintiff*

Lloyd C. Kordick,
Attorney at Law
805 S. Cascade
Colorado Springs, CO 80903
*Co-Counsel for Plaintiff*

Adele P. Kimmel
Richard H. Frankel
Trial Lawyers for Public Justice
1717 Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20030
*Co-Counsel for Plaintiff*

Andrew Ringel
Jennifer L. Veiga
Hall & Evans
1125 17th Street, Suite 600
Denver, CO 80202-2052
*Counsel for Defendant Park County, Park County Board of*
*County Commissioners, Park County Sheriff's Office,*
*Fred Wegener, and Monte Gore*

Craig A. Sargeant
Attorney at Law
400 S. Colorado Blvd., Suite 900
Glendale, Colorado 80246
*Counsel for Dr. Bachman*

Josh A. Marks
Berg, Hill, Greenleaf & Ruscitti
1712 Pearl Street
Boulder, CO  80302
*Counsel for Defendant Vicki Paulsen*