IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-377-WDM-BNB

MOISES CARRANZA-REYES,

Plaintiff,

v.

PARK COUNTY, a public entity of the State of Colorado and its governing board,
THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
PARK COUNTY SHERIFFS OFFICE, a public entity of the State of Colorado;
FRED WEGENER, individually, and in his official capacity as Sheriff of Park County, Colorado;
MONTE-GORE, individually, and in his capacity as Captain of Park County Sheriffs Department;
VICKIE PAULSEN, individually and in her official capacity as Registered Nurse for Park County, Colorado;
JAMES BACHMAN, M.D., individually and in his official capacity as Medical Director of the Park County Jail,

Defendants.

## JAMES BACHMAN, M.D.'S REPLY BRIEF IN SUPPORT OF A COST BOND

Defendant James Bachman, M.D., by and through his attorneys, Craig A. Sargent and Andrew W. Jurs, respectfully submits his Reply Brief in Support of his Motion for Cost Bond, as follows:

### I. BACKGROUND

On June 5, 2006, Dr. Bachman filed his Motion for a Cost Bond with the Court, requesting the Court require Plaintiff to post a cost bond to secure the defense costs in this lawsuit. Dr. Bachman relied upon Colorado Revised Statute § 13-16-102, and asked the Court to order a cost bond for the resident Plaintiff.

Plaintiff filed his Response brief on June 12, 2006, citing District of Colorado case law indicating C.R.S. § 13-16-102 is inapplicable in federal court. The Plaintiff does note a cost bond is an inherent discretionary power of the federal court. See *Plaintiff's Response*, pg. 2 at II (*citing* Paramount Film Distr. Corp. v. Civic Center Theatre, Inc., 333 F.2d 358 (10th Cir. 1964)).

Dr. Bachman asserts that the Court should grant the Motion for Cost Bond under this discretionary power, and require a bond in the amount of $50,000 for cost security.

## II. **LEGAL ARGUMENT AND AUTHORITY**

Dr. Bachman cited Colorado Revised Statute §13-16-102 in his Motion for Cost Bond, asking the Court to issue a cost bond for the resident plaintiff under the discretionary power in C.R.S. § 13-16-102 for resident plaintiffs, per Fleming v. Breitner, 215 P. 133 (Colo. 1925).

Plaintiff cites several federal case decisions indicating C.R.S. § 13-16-102 is inapplicable in federal court. *Plaintiff's Response*, pg. 1 at I. Upon review by counsel, these cases appear to specifically discount C.R.S. § 13-16-102 for use in federal court. See Hartnett v. Catholic Health Initiatives, 47 F.Supp.2d 1255 (D. Colo. 1999).

The same federal case law specifically mentions that a cost bond is a discretionary federal court power, just as under state law the court may issue a discretionary cost bond for a resident plaintiff. Dr. Bachman asserts that, while C.R.S. § 13-16-102 may not be applicable in federal court, the analysis of interests for a cost bond under federal law is identical to the analysis of interests for a resident under state law.

Federal law indicates a balancing test of three factors for a cost bond: merits of the claim, the ability of willingness of the plaintiff to pay costs, and substantial costs of

2

the defendant for trial preparation. Hartnett, 47 F.Supp.2d at 1256 (*citing* Piallat v. Replogle, 125 F.R.D. 165, 166 (D. Colo. 1989)). Dr. Bachman addressed these concerns in the Motion for Cost Bong filed June 5, 2006, but will again highlight why a cost bond is appropriate in this case due to Plaintiff's inability to pay costs.

Plaintiff is an illegal alien from Mexico. He is not employed. He has not worked since being in the United States. He cannot work in the United States without a work permit, which he does not have. He provides no contribution to rent or food costs at his residence. See *Motion for Cost Bond*, **Exhibit A**. He apparently has a pick up truck purchased by his brother but titled in Plaintiff's name. Plaintiff drives the pick-up truck, but apparently does not have automobile insurance as required by Colorado law. Under these circumstances, Plaintiff's has no ability to pay the costs of this suit upon a defense verdict.

In addition to Plaintiff's inability to pay, Dr. Bachman anticipates extensive costs in the defense of the suit. The case is a complex medical negligence suit, requiring expert medical testimony to defend. Melville v. Southward, 791 P.2d 383 (Colo. 1990). Cases of the level of complexity of this one can and have cost tens of thousands of dollars to defend. Dr. Bachman, through his attorneys, has provided his best estimate of the defense costs - $50,000 – based on costs to date and anticipated future defense needs. To date, Dr. Bachman has incurred in excess of $23,000. The parties have not yet even begun expert depositions and trial costs will be exorbitant. Dr. Bachman obviously cannot provide further documentation of these future costs because they have not yet been incurred.

### IV.   CONCLUSION

Balancing the extensive costs Dr. Bachman will incur in defending this lawsuit and Plaintiff's questionable financial situation, a costs bond is appropriate to secure costs. Dr. Bachman requests that Plaintiff be required to post a cost bond to cover his anticipated costs in the case. Furthermore, Dr. Bachman requests that the Court order that the cost bond be filed within thirty (30) days.

WHEREFORE, Defendant James Bachman, M.D., requests that this Court grant his Motion for Cost Bond, thereby securing the his costs, and enter an Order requiring Plaintiff to post a cost bond in the amount of $50,000, within thirty (30) days from the date of the Order

DATED this 15th day of June, 2006

JOHNSON, McCONATY & SARGENT
A Professional Corporation


By:s/Andrew W.Jurs
   Craig A. Sargent
   Andrew W. Jurs
   Attorneys for James Bachman, M.D.
   400 South Colorado Boulevard, Suite 900
   Glendale, Colorado   80246
   Telephone: (303) 388-7711

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2006, I electronically filed the foregoing **JAMES BACHMAN, M.D.'S REPLY BRIEF IN SUPPORT OF A COST BOND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Joseph J. Archuleta, Esq.
Archuletalaw@qwest.net

Lloyd C. Kordick, Esq.
Lloyd@kordicklaw.com

Susan Kordick, Esq.
susan@kordicklaw.com

William A. Trine, Esq.
Btrine@trine-metcalf.com

Andrew Ringel, Esq.
ringela@hallevans.com

Melanie Lewis, Esq.
mbl@bhgrlaw.com

/s/ Andrew W. Jurs
Andrew W. Jurs
Attorneys for Defendant Bachman
400 S. Colorado Boulevard, Suite 900
Glendale, Colorado 80246
303-388-7711
303-388-1749-fax
ajurs@jmspc.c

5