United States Department of Justice
Immigration & Naturalization Service

*Intergovernmental Service Agreement for Housing Federal Detainees*

| 1. Agreement Number<br>ACD-2-H-1001 | 2. Effective as of date in block 11 | 3. Requisition Number (If applicable) |
|---|---|---|
| 4. Issuing INS Office Address:<br><br>Immigration & Naturalization Service<br>Administrative Center, Dallas<br>7701 N. Stemmons Freeway<br>Dallas, TX 75356<br><br>Contact Person: Arthur S. Cooper III<br>Phone: 214 905-5533 |  | 5. City/County/State Government:<br><br>Park County Jail<br>C/O Park County Sheriff' Office<br>P.O. Box 965<br>1180 County Road 16<br>Fairplay, Colorado 80440<br><br>Contact Person: Monte K. Gore<br>Phone: (719) 836-4370 |
| 6. Services Covered by this Agreement:<br>Housing, security, subsistence, clothing and medical care of persons detained by the U.S. Immigration & Naturalization Service in accordance with the terms and conditions set forth herein. |  | 7. Detainee Day Rate: $45.00<br><br>8. Estimated detainee days per year |

9. Type of Detainee:   ☒ Adult Male   ☒ Adult Female

10. City/County or State Government Certification:

*To the best of my (our) knowledge and belief, data submitted in support of this agreement is true and correct; this agreement has been duly authorized by the governing body of the city/county or state government identified in block 5 above. The city/county or state government identified shall comply with all provisions set forth herein.*

| (Signature) | 7/24/01 (Date) | On. O Staples Acting BOCC Chair (Name & Title typed or printed) |
|---|---|---|
| (Signature) | 07/27/01 (Date) | LENI WALKER County Commissioner (Name & Title typed or printed) |
| (Signature) | (Date) | (Name & Title typed or printed) |
| (Signature) | (Date) | (Name & Title typed or printed) |

(For additional signatures, please attach another page.)

11. This agreement is hereby approved and accepted for THE UNITED STATES OF AMERICA, by direction of the COMMISSIONER OF THE IMMIGRATION & NATURALIZATION SERVICE.

| Cheryl A. Aldridge (Contracting Officer Signature) | October 11, 2001 (Date) | Cheryl A. Aldridge (Name typed or printed) |
|---|---|---|

**EXHIBIT A-15**

PARK 0268
REYES

Department of Justice                                         ACD-2-H-1001
Immigration and Naturalization Service
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

Article I. Purpose

A. Purpose. The purpose of this Intergovernmental Service Agreement (IGSA) is to establish an Agreement between the Immigration and Naturalization Service (INS), a component of the Department of Justice, and the Park County Jail, Fairplay, Colorado for the detention and care of persons detained under the authority of the Immigration and Nationality Act, as amended. The term "Parties" is used in this Agreement to refer jointly to INS and the Service Provider.

The United States Marshals Service (hereinafter referred to as the "Marshals" is also authorized to use this Agreement in the detention of persons charged with, or convicted of, federal law or held as material witnesses (federal prisoner). The terms of this Agreement shall apply to the detention and care of persons authorized to be detained by the Marshals.

The United States Bureau of Prisons (hereinafter referred to as the BOP) is also authorized to use this Agreement in the detention of persons charged with, or convicted of, federal law or held as material witnesses (federal prisoners). The terms of this Agreement shall apply to the detention and care of persons authorized to be detained by the BOP.

B. Responsibilities. This Agreement sets forth the responsibilities of INS and the Service Provider. The Agreement states the services the Service Provider shall perform satisfactorily to receive payment from INS at the prescribed rate.

C. Guidance. The Parties will determine the detainee day rate in accordance with OMB Circular A-87, Cost Principles for State, Local, and Indian Tribal Governments (Attachment A) and the INS Cost Statement (Attachment B).

Article II. General

A. Funding. The obligation of INS to make payments to the Service Provider is contingent upon the availability of Federal funds. The INS will, however, neither present detainees to the Service Provider nor direct performance of any other services until the INS has the appropriate funding.

PARK 0269
REYES

1

Department of Justice
Immigration and Naturalization Service
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

ACD-2-H-1001

B. <u>Subcontractors</u>. The Service Provider shall notify and obtain approval from the INS if it intends to house INS detainees in a facility other than that specified on the cover page of this document. If either that facility, or any future one, is operated by an entity other than the Service Provider, INS shall treat that entity as a subcontractor to the Service Provider.

The Service Provider shall ensure that any subcontract includes all provisions of this Agreement, and shall provide INS with copies of all subcontracts in existence during any part of the term of this Agreement. The INS will not either accept invoices from, or make payments to, a subcontractor.

C. <u>Consistent with law</u>. Any provision of this Agreement contrary to applicable statutes, regulation, policies, or judicial mandates is null and void, but shall not necessarily affect the balance of the Agreement.

Article III. Covered Services

A. <u>Bed space</u>. The Service Provider shall provide beds in the **Park County Jail, 1180 County Road 16, Fairplay, Colorado 80440** on a space available basis. The Service Provider shall house all detainees and may spread the detainees throughout the population. The INS will be financially liable only for the actual detainee days as defined in Paragraph C. of this Article.

B. <u>Basic needs</u>. The Service Provider shall provide adult INS detainees (gender as specified in Paragraph A. of this Article) with safekeeping, housing, subsistence, medical and other services in accordance with this Agreement. In providing these services, the Service Provider shall ensure compliance with all applicable laws, regulations, fire and safety codes, policies, and procedures. If the Service Provider determines that INS has delivered a person for custody who is under the age of 18, the Service Provider shall not house that person with adult detainees, and shall notify the INS immediately. The types and levels of services shall be those the Service Provider routinely affords to other inmates.

C. <u>Unit of service and financial liability</u>. The unit of service will be a "detainee day" (one person per day). The detainee day begins on the date of arrival. The Service Provider may bill INS for the date of arrival but not the date of departure. For example: If a detainee is brought in at 1900 Sunday and is released at 0700 on Monday, the Service Provider may bill for 1 detainee day. If a detainee is brought in at 0100, Sunday and is released at 2359 Monday, the Service Provider may bill for only 1 detainee day. The INS shall be responsible to pay for only those beds actually occupied. The per diem rate under this agreement is $45.00 per man day.

PARK 0270
REYES

2

Department of Justice
Immigration and Naturalization Service
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

ACD-2-H-1001

D. <u>Interpretive services</u>. The Service Provider shall make special provisions for non-English speaking, handicapped or illiterate detainees after first obtaining INS written approval. The INS will reimburse the Service Provider for any costs associated with providing commercial written or telephone language interpretive services, and upon request, will assist the Service Provider in obtaining translation services. The Service Provider shall provide all instructions verbally (in English or the detainee's native language as appropriate) to detainees who cannot read. The Service Provider shall include the amount that the Service Provider paid for such services on their regular monthly invoice. The Service Provider shall not use detainees for translation services, except in emergency situations. If the Service Provider uses a detainee for translation service, it shall notify INS within 24 hours.

E. <u>Transportation Services</u>. The Service Provider agrees to provide transportation services for Service detainees between the Provider's facility in Fairplay, Colorado, apprehension points, the INS Denver District Offices and other delivery points as determined necessary by the Service. The purpose of such transportation shall be for booking detainees into or out of the facility into the custody of the Service and booking new inmates from the custody of the Service into the facility and to accommodate detainee's appearance at Immigration Court and or removal from the United States. The Provider shall utilize transportation vehicles equipped with appropriate safety equipment as required by and in compliance with State of Colorado standards for prisoner transport. Two uniformed qualified law-enforcement or correctional security officers employed or contracted by the Provider under their policies, procedures and practices shall be assigned to each van on each trip and be appropriately license and certified for those duties pursuant to the State of Colorado and U.S. Department of Transportation regulations.

Reimbursement for transportation services shall be paid at the rate of twenty dollars ($20.00) per hour for each transporting officer and a round trip mileage rate equaling the General Services Administration approved mileage rate (currently $.34.5 cents per mile, but subject to change on occasion). Service provider shall maintain a transportation log documenting all transportation services (date, origin, destination, time, mileage, etc...). Provider is to invoice INS for services rendered as a separate line item on the periodic billing for detention. A copy of the transportation log shall be attached to all invoices that contain charges for transportation services.

F. <u>Bag Lunches.</u> The Service Provider agrees to provide the Service with bag lunches at the rate of ($1.75) one dollar and seventy five cents per meal. The meal will include, at the minimum, two sandwiches, of which at least one will be meat (non-pork), fruit, one ration of a desert item and beverage. Provider is to invoice INS for services rendered as a separate line item on the periodic billing for detention.

PARK 0271
REYES

3

Department of Justice  ACD-2-H-1001
Immigration and Naturalization Service
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

Article IV. Receiving and Discharging Detainees

A. <u>Required activity</u>. The Service Provider shall receive and discharge detainees only from and to either properly identified INS personnel or other properly identified Federal law enforcement officials with prior authorization from INS. Presentation of U.S. Government identification shall constitute proper identification. The Service Provider shall furnish receiving and discharging services twenty-four (24) hours per day, seven (7) days a week. The INS shall furnish the Service Provider with reasonable notice of receiving or discharging detainee(s). The Service Provider shall ensure positive identification and recording of detainees and INS officers. The Service Provider shall not permit medical or emergency discharges except through coordination with on-duty INS officers.

B. <u>Restricted release of detainees</u>. The Service Provider shall not release INS detainees from its physical custody to any persons other than those described in Paragraph A of this Article for any reason, except for either medical, other emergent situations, or in response to a federal writ of *habeas corpus*. If an INS detainee is sought for federal, state or local court proceedings, only INS may authorize release of the detainee for such purposes. The Service Provider shall contact INS immediately regarding any such requests.

C. <u>Service Provider right of refusal</u>. The Service Provider retains final and absolute right either to refuse acceptance, or request removal, of any detainee exhibiting violent or disruptive behavior, or of any detainee found to have a medical condition that requires medical care beyond the scope of the Service Provider's health provider. In the case of a detainee already in custody, the Service Provider shall notify the INS and request such removals, and shall allow the INS reasonable time to make alternative arrangements for the detainee.

D. <u>Emergency evacuation</u>. In the event of an emergency requiring evacuation of the Facility, the Service Provider shall evacuate INS detainees in the same manner, and with the same safeguards, as it employs for persons detained under the Service Provider's authority. The Service Provider shall notify INS within two hours of such evacuation.

Article V. Minimum Service Standards

The Service Provider shall:

A. house INS detainees in a facility that complies with all applicable fire and safety codes as well as ensure continued compliance with those codes throughout the duration of the Agreement.

PARK 0272
REYES

4

Department of Justice
Immigration and Naturalization Service
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

ACD-2-H-1001

554318 10/18/2001 03:40P 6 of 19 R 0.00 D 0.00 DEBRA A GREEN PARK CO

B. provide guard personnel to ensure that there is a 24 hour visual supervision of detainees when housed in a dormitory type setting. The Service Provider shall visually and physically check detainees in individual cells at least hourly.

C. segregate detainees in custody by gender and by risk of violence to other detainees.

D. provide a mattress, with a mattress cover, and when appropriate, a blanket to each detainee held overnight.

E. provide a minimum of three nutritionally balanced meals in each 24 hour period for each detainee. These meals shall provide a total of at least 2,400 calories per 24 hours. There will be no more than 14 hours or fewer than 4 hours between meals. The Service Provider will provide a minimum of two hot meals in this 24 hour period.

F. provide medical services as described in Article VI below.

G. provide a mechanism for confidential communication between INS detainees and INS officials regarding their case status and custody issues. The mechanism may be through electronic, telephonic, or written means, and shall ensure the confidentiality of the issue and the individual detainee.

H. afford INS detainees, indigent or not, reasonable access to public telephones for contact with attorneys, the courts, foreign consular personnel, family members and representatives of *pro bono* organizations.

I. permit INS detainees reasonable access to presentations by legal rights groups and groups recognized by INS consistent with good security and order.

J. afford each INS detainee with reasonable access to legal materials for his or her case. The INS will provide the required materials. The Service Provider will provide space to accommodate legal materials at no additional cost to INS. (Note: The INS may waive this requirement where the average length of detention is 30 days or less.)

K. afford INS detainees reasonable visitation with legal counsel, foreign consular officers, family members, and representatives of *pro bono* organizations.

L. provide INS detainees with access to recreational programs and activities as described in the INS Recreation Standards (Attachment C) to the extent possible, under appropriate conditions of security and supervision to protect their safety and welfare.

PARK 0273
REYES

Department of Justice  
Immigration and Naturalization Service  
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

ACD-2-H-1001

Article VI. Medical Services

<u>Auspices of Health Authority</u>. The Service Provider shall provide INS detainees with onsite health care services under the control of a local government designated Health Authority. The Service Provider shall ensure equipment, supplies, and materials, as required by the Health Authority, are furnished to deliver health care on site.

With regard to Marshals and BOP inmates, the local government agrees to provide Federal prisoners with the same level of medical care and services provided to local prisoners including the transportation and security for prisoners requiring removal from the facility for emergency medical services. All costs associated with hospital or health care services provided the facility will be paid directly by the federal government. In the event the local government has contract with a medical facility/physician or receives discounted rates, the federal prisoners shall be charged the same rate as local prisoners. The text in this paragraph applies only to Marshals and BOP.

B. <u>Level of Professionalism</u>. The Service Provider shall ensure that all health care service providers utilized for INS detainees hold current licenses, certifications, and/or registrations with the State and/or City where they are practicing. The Service Provider shall retain a registered nurse to provide health care and sick call coverage unless expressly stated otherwise in this Agreement. In the absence of a health care professional, non-health care personnel may refer detainees to health care resources based upon protocols developed by United States Public Health Service (USPHS) Division of Immigration Health Service (DIHS). Healthcare or health trained personnel may perform screenings.

C. <u>Access to health care</u>. The Service Provider shall ensure that onsite medical and health care coverage as defined below is available for all INS detainees at the facility for at least eight (8) hours per day, seven (7) days per week. The Service Provider shall ensure that its employees solicit each detainee for health complaints and deliver the complaints in writing to the medical and health care staff. The Service Provider shall furnish the detainees instructions in his or her native language for gaining access to health care services as prescribed in Article III, Paragraph D.

PARK 0274  
REYES

6

Department of Justice  
Immigration and Naturalization Service  
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

ACD-2-H-1001

D. <u>On site health care</u>. The Service Provider shall furnish onsite health care under this Agreement. The Service Provider shall not charge any INS detainee an additional fee or co-payment for medical services or treatment provided at the Service Provider's facility. The Service Provider shall ensure that INS detainees receive no lower level of onsite medical care and services than those it provides to local inmates. Onsite health care services shall include arrival screening within 24 hours of arrival at the Facility, sick call coverage, provision of over-the-counter medications, treatment of minor injuries (e.g., lacerations, sprains, contusions), treatment of special needs and mental health assessments. Detainees with chronic conditions shall receive prescribed treatment and follow-up care.

E. <u>Arrival screening</u>. Arrival screening shall include at a minimum TB symptom screening, planting of the Tuberculin Skin Test (PPD), and recording the history of past and present illnesses (mental and physical).

<u>Unacceptable medical conditions</u>. If the Service Provider determines that an INS detainee has a medical condition which renders that person unacceptable for detention under this Agreement, (for example, contagious disease, condition needing life support, uncontrollable violence), the Service Provider shall notify INS. Upon such notification the Service Provider shall allow INS reasonable time to make the proper arrangements for further disposition of that detainee.

<u>DIHS Pre-approval for non-emergent off site care</u>. The DIHS acts as the agent and final health authority for INS on all off-site detainee medical and health related matters. The relationship of the DIHS to the detainee equals that of physician to patient.
The Service Provider shall release any and all medical information for INS detainees to the DIHS representatives upon request. The Service Provider shall solicit DIHS approval before proceeding with non-emergency, off-site medical care (e.g. off site lab testing, eyeglasses, cosmetic dental prosthetics, dental care for cosmetic purposes). The Service Provider shall submit supporting documentation for non-routine, off-site medical/health services to DIHS. (See Attachment D.) For medical care provided outside the facility, the DIHS may determine that an alternative medical provider or institution is more cost-effective or more aptly meets the needs of INS and the detainee. The INS may refuse to reimburse the Service Provider for non-emergency medical costs incurred that were not pre-approved by the DIHS. The Service Provider shall send requests for pre-approval and all medical providers approved to furnish off-site health care of detainees shall submit their bills to:

        UP & UP Health Services  
        DIHS Claims  
        P.O. Box 10250  
        Gaithersburg, MD 20898-0250  
        Phone: 1 888 383-3922, Fax: 1 888 383-3957

**PARK 0275**  
**REYES**

Department of Justice
Immigration and Naturalization Service
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

ACD-2-H-1001

554318 10/18/2001 03:40P 9 of 19 R 0.00 D 0.00 DEBRA A GREEN PARK CO

Emergency medical care. The Service Provider shall furnish 24 hour emergency medical care and emergency evacuation procedures. In an emergency, the Service Provider shall obtain the medical treatment required to preserve the detainee's health. The Service Provider shall have access to an off site emergency medical provider at all times. The Health Authority of the Service Provider shall notify the DIHS Managed Care Coordinator, Gary Cole, 9747 N. Conat Avenue, Kansas City, MO 64153, phone 816 891-6728, fax 816 880-4670 as soon as possible, and in no case more than seventy-two hours after detainee receipt of such care. The Health Authority will obtain pre-authorization from the DIHS Managed Care Coordinator for service(s) beyond the initial emergency situation.

Off site guards. The Service Provider shall, without any additional charge to INS, provide guards during the initial 8 hours detainees are admitted to an outside medical facility. If negotiated with INS, the Service Provider shall provide guards beyond the initial 8-hour period, at the regular hourly rate of those guards. Absent such an arrangement, INS will be responsible for providing the guards at the end of the initial 8-hour period. The Service Provider shall not, however, remove its guards until INS personnel relieve them. The Service Provider shall submit a separate invoice for guard services beyond the initial 8 hours with its regular monthly billing.

J. DIHS visits. The Service Provider shall allow DIHS Managed Care Coordinators reasonable access to its facility for the purpose of liaison activities with the Health Authority and associated Service Provider departments.

BOP and Marshals Medical Services. The Service Provider must solicit prior approval before proceeding with non-emergency, off-site medical care. The Service Provider shall submit supporting invoice documentation for non-routine, off-site medical/health services to the respective agencies representative listed in Article XII. Section B.

Article VII. No Employment of Unauthorized Aliens

Subject to existing laws, regulations, Executive Orders, and addenda to this Agreement, the Service Provider shall not employ aliens unauthorized to work in the United States. Except for maintaining personal living areas, persons detained for INS shall not be required to perform manual labor.

Article VIII. Period of Performance
This Agreement shall remain in effect indefinitely, or until terminated by either Party upon 60 days written notice, unless an emergency situation requires the immediate relocation of detainees, or the Parties agree to a shorter period under the procedures prescribed in Article X.

PARK 0276
REYES

8

Department of Justice                                                                          ACD-2-H-1001
Immigration and Naturalization Service
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

### Article IX. Inspection

A. <u>Jail Agreement Inspection Report</u>. The Service Provider shall allow INS to conduct inspections of the facility, as required, to ensure an acceptable level of services and acceptable conditions of confinement as determined by the INS. No notice to the Service Provider is required prior to an inspection. The INS will conduct such inspections in accordance with the Jail Agreement Inspection Report a copy of which is included as

Attachment E to this Agreement. The Jail Inspection Report stipulates minimum requirements for fire/safety code compliance, supervision, segregation, sleeping utensils, meals, medical care, confidential communication, telephone access, legal counsel, legal library, visitation, and recreation. The INS will share findings of the inspection with the Service Provider's facility administrator to promote improvements to facility operation, conditions of confinement, and level of service.

B. <u>Possible termination</u>. If the Service Provider fails to remedy deficient service INS identifies through inspection, INS may terminate this Agreement without regard to the provisions of Articles VIII and X.

C. <u>Share findings</u>. The Service Provider shall provide INS copies of facility inspections, reviews, examinations, and surveys performed by accreditation sources.

### Article X. Modifications and Disputes

A. <u>Modifications</u>. Actions other than those designated in this Agreement will not bind or incur liability on behalf of either party. Either party may request a modification to this agreement by submitting a written request to the other. A modification will become part of this Agreement only after the INS Regional Contracting Officer and the authorized signatory of the Service Provider have approved it in writing.

B. <u>Disputes</u>. The INS Regional Contracting Officer and the authorized signatory of the Service Provider are the parties to settle disputes, questions, and concerns arising from this Agreement. Settlement of disputes shall be memorialized in a written modification between the INS Regional Contracting Officer and authorized signatory of the Service Provider.

PARK 0277
REYES

Department of Justice                                                                  ACD-2-H-1001
Immigration and Naturalization Service
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

### Article XI. Adjusting the Detainee Day Rate

The INS shall reimburse the Service Provider at the detainee day rate shown on the cover page of this document. The Parties may adjust that rate 12 months after the date of signing, and every 12 months thereafter. The Parties shall base the rate and adjustments on the principles set forth in OMB Circular A-87. Such adjustments shall be effective on the first day of the month following execution of the modification.

### Article XII. Enrollment, Invoicing, and Payment

<u>Enrollment in electronic funds transfer</u>. The Service Provider shall provide the INS office with the information needed to make payment by electronic funds transfer.

As of January 1, 1999, INS will make all payments only by EFT. The Service Provider shall identify their financial institution and related information on Standard Form 3881, Automated Clearing House (ACH) Vendor/Miscellaneous Payment Enrollment Form, (Attachment F). The Service Provider shall submit a completed SF 3881 to the INS payment office prior to submitting its initial request for payment under this Agreement. If the EFT data changes, the Service Provider shall be responsible for providing updated information to the INS payment office.

B. <u>Invoicing</u>. The Service Provider shall submit an original itemized invoice containing the following information: the name and address of the facility; the name of each INS detainee, his or her A-number, and his or her specific dates of detention; the total number of detainee days; the daily rate; the total detainee days multiplied by the daily rate; an itemized listing of all other charges; and the name, title, address, and phone number of the local official responsible for invoice preparation. The Service Provider shall submit monthly invoices within the first ten working days of the month following the calendar month when it provided the services, to:

> The U.S. Immigration & Naturalization Service
> 4730 Paris Street
> Denver, Colorado 80239
> ATTN: Detention and Deportation Unit
> Phone: (303) 371-5606
> Fax: (303) 361-0614

For detainees of the Marshals, the provider shall prepare and submit an itemized invoice for the services provided to the Marshals each month, in arrears. The invoice is to be submitted to the address below and payment of the Marshals for detention, medical and related services shall then be issued from:

**PARK 0278**
**REYES**

Department of Justice                                                  ACD-2-H-1001
Immigration and Naturalization Service
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

>The United States Marshals Service
>C-324 US Courthouse
>1929 Stout Street
>Denver, Colorado  80294
>ATTN. Greg West
>Phone (303) 844-2802
>Fax (303) 844-3704

For detainees of the BOP, the provider shall prepare and submit an itemized invoice for the services provided to the BOP each month, in arrears. The invoice is to be submitted to the address below and payment of the BOP for detention, medical and related services shall then be issued from:

>The United States Department of Justice
>Federal Bureau of Prisons
>Community Corrections Office
>1961 Stout Street, Room 683
>Denver, Colorado 80294
>ATTN. Matthew D. Elvin
>Phone (303) 844-5179  Fax (303) 844-6189

C. <u>Payment</u>. The INS will transfer funds electronically through either an Automated Clearing House subject to the banking laws of the United States, or the Federal Reserve Wire Transfer System. The Prompt Payment *Act* applies to this Agreement. The Act requires INS to make payments under this Agreement the 30th calendar day after the Deportation office receives a complete invoice. Either the date on the Government's check, or the date it executes an electronic transfer of funds, shall constitute the payment date. The Act requires INS to pay interest on overdue payments to the Service Provider. The INS will determine any interest due in accordance with the Act.

Article XIII. Government Furnished Property

A. <u>Federal Property Furnished to the Service Provider</u>. The INS may furnish federal property and equipment to the Service Provider. Accountable property remains titled to INS and shall be returned to the custody of INS upon termination of the agreement. The suspension of use of bed space made available to INS is agreed to be grounds for the recall and return of any or all government furnished property.

B. <u>Service Provider Responsibility</u>. The Service Provider shall not remove INS property from the facility without the prior written approval of INS. The Service Provider shall report any loss or destruction of such property immediately to INS.

PARK 0279
REYES

11


Department of Justice
Immigration and Naturalization Service
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

ACD-2-H-1001

Article XIV. Hold Harmless and Indemnification Provisions

A. Service Provider held harmless. The INS shall, subject to the availability of funds, save and hold the Service Provider harmless and indemnify the Service Provider against any and all liability claims and costs of whatever kind and nature, for injury to or death of any person(s), or loss or damage to any property, which occurs in connection with or incident to performance of work under the terms of this Agreement, and which results from negligent acts or omissions of INS officers or employees, to the extent that INS would be liable for such negligent acts or omissions under the Federal Tort Claims Act, 28 USC 2691 *et seq*.

B. Federal Government held harmless. The Service Provider shall save and hold harmless and indemnify federal government agencies to the extent allowed by law against any and all liability claims, and costs of whatsoever kind and nature for injury to or death of any person or persons and for loss or damage to any property occurring in connection with, or in any way incident to or arising out of the occupancy, use, service, operation or performance of work under the terms of this Agreement, resulting from the negligent acts or omissions of the Service Provider, or any employee, or agent of the Service Provider. In so agreeing, the Service Provider does not waive any defenses, immunities, or limits of liability available to it under state or federal law.

C. Defense of suit. In the event a detainee files suit against the Service Provider contesting the legality of the detainee's incarceration and/or immigration/citizenship status, INS shall request that the U.S. Attorney's Office, as appropriate, move either to have the Service Provider dismissed from such suit, to have INS substituted as the proper party defendant, or to have the case removed to a court of proper jurisdiction. Regardless of the decision on any such motion, INS shall request that the U.S. Attorney's Office be responsible for the defense of any suit on these grounds.

D. INS recovery right. The Service Provider shall do nothing to prejudice INS's right to recover against third parties for any loss, destruction of, or damage to U.S. Government property. Upon request of the Contracting Officer, the Service Provider shall, at the INS's expense, furnish to INS all reasonable assistance and cooperation, including assistance in the prosecution of suit and execution of the instruments of assignment in favor of INS in obtaining recovery.

PARK 0280
REYES

Department of Justice                                                                 ACD-2-H-1001
Immigration and Naturalization Service
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

Article XV. Financial Records

A. <u>Retention of records</u>. All financial records, supporting documents, statistical records, and other records pertinent to contracts or subordinate agreements under this Agreement shall be retained by the Service Provider for at least three years for purposes of federal examinations and audit. The 3-year retention period begins at the end of the first year of completion of service under the Agreement. If any litigation, claim, negotiation, audit, or other action involving the records has been started before the expiration of the 3-year period, the records must be retained until completion of the action and resolution of all issues which arise from it or until the end of the regular 3-year period, whichever is later.

B. <u>Access to records</u>. The INS and the Comptroller General of the United States, or any of their authorized representatives, shall have the right of access to any pertinent books, documents, papers or other records of the Service Provider or its sub-recipients. Which are pertinent to the award, in order to make audits, examinations, excerpts, and transcripts. The rights of access must not be limited to the required retention period, but shall last as long as the records are retained.

C. <u>Delinquent debt collection</u>. The INS will hold the Service Provider accountable for any overpayment, or any breach of this Agreement that results in a debt owed to the Federal Government. The INS shall apply interest, penalties, and administrative costs to a delinquent debt owed to the Federal Government by the Service provider pursuant to the Debt Collection Improvement Act of 1982, as amended.

Article XVI. Provision of Space to INS and EOIR

A. <u>Service Provider responsibilities</u>. The Service Provider shall provide suitable support, office and administrative space, for use by INS. As necessary, the Service Provider will provide sufficient safe and secure storage space for all INS detainee baggage. In addition, the Service Provider agrees, if required, to furnish acceptable office and administrative space to the Executive Office of Immigration Review (EOIR). The Service Provider shall bear all costs associated with the use of jail and office space by INS and EOIR (e.g. those for preparing, operating and maintaining such facilities for INS and EOIR, and incurred for temporarily relocating the Service Provider's employees). The Service Provider shall equip the office and administrative space furnished to INS and EOIR with a telephone system compatible with the federal telephone network. The Service Provider shall furnish the security and janitorial services for this space. The Service Provider shall include all costs associated with providing space or services under this Paragraph in the calculation of the detainee rate day rate. (Note: the Service Provider shall have no obligation under this Paragraph unless the Parties negotiate specific terms for such space or services.)

PARK 0281
REYES

13

Department of Justice  ACD-2-H-1001
Immigration and Naturalization Service
*Intergovernmental Service Agreement for Housing Federal Detainees Between the Immigration and Naturalization Service and The Park County Jail, Fairplay, CO. 80440*

<u>Federal Government responsibilities</u>. The INS will incur the costs of installing computer cabling, telephone lines and any additional telephone trunk lines and telephone switch equipment which may be required. The INS will be responsible for payment of INS long-distance telephone bills for INS staff.

ARTICLE XVII. Special Conditions

Neither this Agreement, nor any interest may be assigned or transferred to any other party without the written approval by the Service.

By signing this Agreement, the signatory certifies that ~~Las Animas County~~ *PARK COUNTY*, CO is using the named detention facility above for its detention requirements. Signatory agrees to notify the Service within thirty (30) days of its cessation of use of the facility.

By signing this agreement, the signatory certifies that Park County, CO is a legitimate governmental entity pursuant to State or Federal law and controls the operation of the Park County Jail.

End of document

Attachments:
~~A. OMB Circular A-87~~
B. INS Cost Statement Form
~~C. INS Recreation Standards~~
D. DIHS Pre-authorization Form
E. Jail Agreement Inspection Report
F. SF 3881, ACH Vendor/Miscellaneous Payment Enrollment Form

PARK 0282
REYES

14

## PREAUTHORIZATION REQUEST
### *IMMIGRATION & NATURALIZATION SERVICE*

SEND TO: Lieutenant Commander Gary Cole
Managed Care Coordinator
United States Public Health Service, Division of Immigration
Health Services, 9747 N. Conant Ave
Kansas City, MO 64135

PHONE: 1-816-891-6728    FAX:    816-880-4670    PAGER: 1-877-430-9672

Facility Name: _____ Date: ___/___/___

Facility Address: _____ City_____ State_____

### DETAINEE INFORMATION

NAME_____ Sex: M / F
   Last                  First            MI

Date of Birth _____ Alien number: _____
        Month  Day  Year
                                      Country of Origin_____

### REASON FOR REFERRAL

Requested Service/Procedure: _____
Clinical
Findings: _____

Test
Results: _____
_____

Diagnosis: _____
                                                                  INS Notified: Yes / No
Requesting Provider:_____ INS Status: _____

### OFFSITE PROVIDER INFORMATION

Referred To: _____ Telephone (   )   -

Address: _____ Appointment Date: ___/___/___

City: _____ State_____ Zip_____ Appointment Time: _____
                                                                                Cost Estimate: _____

### REQUEST FOR INFORMATION

_____
_____

### PREAUTHORIZATION ACTION

Date: ___/___/___                                         DENIED/APPROVED/PENDING
Reason for Denial: _____
_____

MCC:_____
Chief of Medical Staff: _____

ALL INVOICES MUST BE SENT TO:   UP & UP HEALTH SERVICES/DIHS CLAIMS
                                                  P.O. BOX 10250
                                                  GAITHERSBURG, MD, 20898-0250
                                                  888-383-3922        FAX:   888-383-3957

PARK 0283
REYES

9/16/98

Department of Justice
Immigration and Naturalization Service

Service Contract Facility Inspection Report

### A. INS Information:

| | |
|---|---|
| 1. Inspection Officer (Name, Title & Duty Station) | William Simmons, Deportation Officer |
| 2. Region | Central |
| 3. District | Denver |
| 4. Sector | |
| 5. Suboffices | Pueblo |
| 6. Station | |

### B. Name and Location of Facility:

| | |
|---|---|
| 7. Name | Park County Jail |
| 8. Address (Street Name and Number) | 1180 County Road 16 |
| 9. City, State and ZIP Code | Fairplay, Colorado 80440 |
| 10. County | Park County |
| 11. Name & Title of Administrator | Monte Gore, Captain |
| 12. Telephone # (Include Area Code) | (719) 836-4370 |
| 13. Distance from INS office using facility | 100 Miles Pueblo, 90 Denver District |
| 14. Driving time from INS office using facility | 2 Hours Denver & Pueblo |

### C. INS/Facility Contract or Agreement:

| | |
|---|---|
| 15. Contract Number (if applicable) | Pending IGSA |
| 16. Effective Date | |
| 17. Termination Date | |
| 18. Basic Rates per Day | $45.00 |
| 19. Other Charges | Other than Basic Medical, Transportation & Bag meals |
| 20. Is Basic Medical Included in Cost? | ☒ Yes  ☐ No |
| 21. Time Limits (Check One) | ☒ None  ☐ 23 Hours  ☐ 48 Hours  ☐ 72 Hours  ☐ Term of Court |
| 22. Accredited by: | NONE  ☐ CAC  ☐ NCCHC |
| 23. Estimated INS Mandays per Year | 100 + |

### D. Problems/Complaints:

24. ☐ Facility Under Court Order (Attach a copy if available)
25. ☐ Major Litigation Pending
26. ☐ Verbal & Written Complaints Resolved (give total number during past 12 months)

### E. Facility Construction

| | |
|---|---|
| 27. Date Built | 1999 |
| 28. Date Last Remodeled | N/A |
| 29. Date Last New Construction Added | N/A |
| 30. Date Future Remodeling Planned | N/A |
| 31. Date New Construction Planned | |
| 32. Will Planned Remodeling or Construction Alter capacity? (If Yes, describe on attachment) | ☐ Yes  ☒ No |

### F. Population:

| | |
|---|---|
| 33. Total Intake During Last Fiscal Year | Unknown, |
| 34. Total Number of Mandays During Last Fiscal Year | unknown |

35. Average Daily Population

| | Local | USMS | BOP | INS |
|---|---|---|---|---|
| Total Sentenced: | | | | |
| Adult Male | 4 | | 40 | |
| Adult Female | 2 | | | |
| Juvenile Male | 0 | | | |
| Juvenile Female | 0 | | | |
| Total Pre-Trial: | | | | |
| Adult Male | 3 | | | |
| Adult Female | 1 | | | |
| Juvenile Male | 0 | | | |
| Juvenile Female | 0 | | | |

### G. Capacity:

| | |
|---|---|
| 36. Total Number of Beds | 120 |
| Adult Male | 104 |
| Adult Female | 16 |
| Juvenile Male | 0 |
| Juvenile Female | 0 |
| 37. Total Capacity via standards | 120 |
| Adult Male | 46 |
| Adult Female | 4 |
| Juvenile Male | 0 |
| Juvenile Female | 0 |

### H. Inspection/Results:

| | |
|---|---|
| 38. Type of Inspection | ☒ Initial  ☐ Follow-up |
| 39. Date of Inspection | May 11, 2001 |
| 40. Date of Last Inspection | N/A |

41. Results (Check all that apply):

☒ New Acquired/Facility    ☐ Suspended
☐ Renewed                  ☐ Suspension Recinded
☐ Renegotiation            ☐ Cancelled
☐ Not Renewed              ☐ New Inspection Needed

---

Form G-324a (Rev. 6/5/92)N        Page 1 of 3    PARK COUNTY, Fairplay, Colorado

**PARK 0284**
**REYES**



1. In Compliance
2. Not in Compliance
3. Exception Noted
4. Staff Information
5. Confirmed

| | 1. | 2 | 3 | 4. | 5. |
|---|---|---|---|---|---|
| A. Physical Plant | | | | | |
| 1. Two fire exits from each cell block, dormitory or activity area (ACA 3ALDF 2G05) | ☒ | ☐ | ☐ | ☐ | ☒ |
| 2. All cells or sleeping areas contain 35 square feet of unencumbered space (ACA 3ALDF 2C01, 3ALDF 2C03, 3ALDF 2C05) | ☒ | ☐ | ☐ | ☐ | ☒ |
| 3. Toilet, wash basin, shower available with hot and cold water (ACA 3 ALDF 2C08, 3ALDF 2C09, 3ALDF 2C10) | ☒ | ☐ | ☐ | ☐ | ☒ |
| 4. Light, air circulation and temperature meet standards (ACA 3ALDF 2D02, 3ALDF 2D03, 3ALDF 2D04, 3ALDF 2D05, 3ALDF 2D07, 3ALDF 2D09). | ☒ | ☐ | ☐ | ☐ | ☒ |
| 5. Exercise, day room space of 35 square feet per prisoner (ACA 3ALDF 2C05) | ☒ | ☐ | ☐ | ☐ | ☒ |
| 6. Secure perimeter, sally port, control of all secure areas (ACA 3ALDF 2G02, 3ALDF 2G03) | ☒ | ☐ | ☐ | ☐ | ☒ |
| B. Safety and Emergency | | | | | |
| 7. Automatic detection system and fire alarm system which signal in control center (ACA, 3ALDF 2A02) | ☒ | ☐ | ☐ | ☐ | ☒ |
| 8. Complies with all other safety and emergency standards (ACA 3ALDF 3B01, 3ALDF 3B02, 3ALDF 3B03, 3ALDF 3B04) | ☒ | ☐ | ☐ | ☐ | ☒ |
| 9. There is a written evacuation plan in the event of fire or major emergency (ACA 3ALDF 3B11, 3ALDF 3B12) | ☒ | ☐ | ☐ | ☒ | ☐ |
| C. Security and Emergency | | | | | |
| 10. There is 24 hour coverage of designated security post (ACA 3ALDF 3A03, 3ALDF 3A04) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 11. There is written policy for firearms use, control and storage (ACA 3ALDF 3A32) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 12. There are written plans for riot, hostage, escape and disturbances (ACA 3ALDF 3B14, 3ALDF 3B15) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 13. There is written policy on use of physical force (ACA 3ALDF 3A31) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 14. Control center monitors all prisoner housing and activity areas with an audio communications system (3ALDF 2G01; 3A02) | ☒ | ☐ | ☐ | ☐ | ☒ |
| 15. Prisoners are counted at least four times per 24 hour period (ACA 3ALDF 3A14) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 16. There is a written contraband control policy and procedure.(ACA 3ALDF 3A18) | ☒ | ☐ | ☐ | ☒ | ☐ |
| D. Food Service | | | | | |
| 17. Meets all food service standards for dietary adequacy, medical diets, worker health exams and served three meals per day, 2 of which are hot (ACA 3ALDF 4C04, 3ALDF 4C06, 3ALDF 4C11, 3ALDF 4C16) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 18. Food service facilities and equipment meet established governmental health and safety codes (ACA 3ALDF 4C09) | ☒ | ☐ | ☐ | ☐ | ☒ |
| E. Sanitation and Hygiene | | | | | |
| 19. Written policy requiring sanitation inspections be conducted at least weekly by staff and annually by federal, state and/or local sanitation and health officials or other qualified person(s) (ACA 3ALDF 4D01) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 20. Water supply is sanitary (ACA 3ALDF 4D02) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 21. Written waste disposal program (ACA 3ALDF 4D03) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 22. Written vermin and pest control plan (ACA 3ALDF 4D04) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 23. Written policy that clothing and bedding supplies are provided (ACA 3ALDF 4D08, 3ALDF 4D11) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 24. Written policy that personal hygiene items are provided (ACA 3ALDF 4D12) | ☒ | ☐ | ☐ | ☐ | ☒ |
| 25. Showers are provided (ACA 3ADLF 2C10) | ☒ | ☐ | ☐ | ☐ | ☒ |
| F. Medical and Health Care Facilities | | | | | |
| 26. Written policy that there is a responsible medical authority (ACA 3ALDF 4E01, 3ALDF 4E02) | ☒ | ☐ | ☐ | ☐ | ☒ |
| 27. Written policy that twenty-four hour emergency medical care is available (ACA 3ALDF 4E08) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 28. Jail staff is trained in CPR (ACA 3ALDF 4E24) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 29. Written policy requiring medical, dental and mental screening of new prisoners be conducted (ACA 2ALDF 4E19) | ☒ | ☐ | ☐ | ☐ | ☒ |
| 30. Written policy that medical experimentation on prisoners is prohibited (ACA 3ALDF 4D43) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 31. Written policy provides drugs, controlled substances, syringes and needles are controlled (ACA 3ALDF 4E17) | ☒ | ☐ | ☐ | ☐ | ☒ |
| 32. Medical space, equipment and supplies, including first aid kits, are adequate (ACA 3ALDF 4E07, 3ALDF 4E25) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 33. Written policy requires diagnosis, treatment and care be provided prisoners with mental illnesses/retardation problems (4E-37) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 34. Written policy requires basic medical, dental and sick call is fulfilled in accordance with standards (ACA 3ALDF 4E26) | ☒ | ☐ | ☐ | ☐ | ☒ |
| G. Inmates Rights | | | | | |
| 35. Written policy that physical abuse or mistreatment is prohibited (ACA 3ALDF 3E08) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 36. Written policy that inmates have access to legal counsel or law library (ACA 3ALDF 3E02, 3ALDF 3E03) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 37. Written policy that visiting and mail procedures are adequate (ACA 3ALDF 3E07, 3ALDF 5D07, 3ALDF 5D10) | ☒ | ☐ | ☐ | ☒ | ☐ |
| 38. Written policy that disciplinary and grievance procedures are in compliance with standards (ACA 3ADLF 3C01, 3ALDF 3C03 3ADLF 3E11) | ☒ | ☐ | ☐ | ☐ | ☒ |

Form G-324a(Rev. 6/5/92)N    Page 2 of 3    PARK COUNTY, Fairplay, Colorado

PARK 0285
REYES



554318 10/18/2001 03:40P
18 of 19 R 0 00 D 0 00 PFBBO 0

### H. Assistance Received

a) Training from NIC
☐ No
☒ Yes

b) Technical assistance from NIC
☒ No
☐ Yes (Describe on an attached sheet)

c) Assistance or equipment from INS
☒ No
☐ Yes (List on an attached sheet)

d) Assistance from U.S. Marshals Service
☒ No
☐ Yes (Describe on an attached sheet)

e) Excess or surplus property from U.S. Marshals Service
☒ No
☐ Yes (List on an attached sheet)

### I. Inspection Certification:

| Performed by: (Please Print Name) | Signature |
|---|---|
| W.E. Simmons | [signature] |
| **Title** | **Date** |
| Deportation Officer | May 11, 2001 |

| Reviewed by: (Please Print Name) | Signature |
|---|---|
| John Good | [signature] |
| **Title** | **Date** |
| Supervisory Deportation Officer | 5/17/01 |

| Regional review by: (Please Print Name) | Signature |
|---|---|
| FRANCISCO J. VENEGAS | [signature] |
| **Title** | **Date** |
| DARD | 5/30/01 |

**Additional Comments (Please Initial):**

Facility Policy regarding recreation meets INS policy, inside and outside recreation available, one time per day for a minimum of 1 hour.

B. 8. New SCBA units on order, will arrive during 3rd week of May. Training and maintenance will be completed by local fire department.

F 33 & 34, no fiscal year information available as this facility was operated by a private correctional company until September 2000.

As the IGSA will include transportation of INS detainees, the Park County jail's two transportation vehicles were also inspected; both are new Ford vans, fully caged with all required emergency equipment.

F. Medical and Health Care Facilities are exceptional, full time RN on staff, all new inmates are screened for TB. Medical equipment is fully adequate, to include AED and 10 lead EKG. A doctor and PA visit the facility weekly to assist the RN with sick call. Local ALS Ambulance service is within 3 minutes of the facility. Access to Flight for life with a response time of less than 10 minutes.

**PARK 0286**
**REYES**


554318 10/18/2001 03:40P