# ROBERT B. GREIFINGER, M.D.

April 27, 2006

William A. Trine, Esq.
Trine & Metcalf, P.C.
1435 Arapahoe Avenue
Boulder, CO 80302-6390

Re:  Moises Carranza-Reyes

Dear Mr. Trine:

This is a supplementary report on the medical care provided to Moises Carranza-Reyes while he was incarcerated in the Park County Jail, March 1 - 8, 2003. My opinions are based on additional materials that I have reviewed since my initial report, dated July 29, 2005.

My updated resume, list of publications, list of testimony and fees are attached.

**Materials Reviewed**

1. Ambulance records, March 8, 2003;

2. Deposition and deposition outline of James Bachman, MD;

3. Deposition outlines of Vicki Paulsen, RN, Daniel Muldoon, Monte Gore (two volumes), and John Bellantonio;

4. Deposition Exhibit 26 (INS Detention Standard–Medical Care);

5. Deposition Exhibit 27 (James J. Bachman, MD resume);

6. Deposition Exhibit 6 (Communicable Diseases);

7. Deposition Exhibit 4 (Park County Jail Policies and Procedures–Establishment of Health Care Unit Policy and Procedure Manual);

8. Deposition Exhibit 30 (the Consulate General of Mexico, Denver, Colorado); and

9. Statement of Edward Allen, October 28, 2005.

**Opinions**

10. Nothing in these documents changes the opinions expressed in my initial report, dated July 29, 2003. In fact my opinions are strengthened.

11. The Defendants (the County, the Board of County Commissioners, the Sheriff's Office,

---

ROBERT B. GREIFINGER, M.D.
32 PARKWAY DRIVE
DOBBS FERRY, NEW YORK 10522-3517


EXHIBIT 34

PHONE:  (914) 693-9205
FAX:  (914) 674-0113
E-MAIL:  robert.greifinger@verizon.net

    Sheriff Fred Wegener, Monte Gore, Vicki Paulsen, and James Bachman, M.D.) Did not meet the INS standards for contract facilities, specifically to provide primary care, timely arrangements for specialty care and timely arrangements for transport (Bates 1688).

12. The Defendants did not follow their own policies, especially J-121-B (continuity of care), J-121 E (screening), and J-121-F appropriate levels of care (Bates 1699-);

13. The Defendants did not meet their policy and procedure on ethics, specifically to meet established professional standards in keeping with the licensing board in that Vicki Paulsen diagnosed and treated Moises Carranza-Reyes beyond the scope of her license (Bates 553).

14. The Defendants violated their policy on autonomy by compromising medical care for security reasons, resulting in, at least, a three-hour delay in transportation to the hospital (Bates 555).

15. The problems with heating, cooling, crowding, plumbing and laundry are confirmed by Edward Allen and John Bellantonio.

16. In his deposition testimony, Captain Gore confirmed that there was no quality improvement program, no infection control program and no reporting, all of which are required by facility policy and National Commission on Correctional Health Care standards. He agreed that Mr. Carranza-Reyes' privacy was breached by putting his medical records in the "pass-on book." Captain Gore also confirmed that he did nothing to manage the crowding in the jail, even when inmates were sleeping on mats on the floor and that he did not provide or receive written inspection reports.

17. Ms. Paulsen confirmed that there was no place to isolate patients, even though policy required isolation of patients who might transmit communicable disease. She agreed that it was an error for her to leave her patient and go home during his acute illness. And she acknowledged that she knew about the use of oxygen for Mr. Carranza-Reyes, yet she did not consider that an emergency. She stated that Dr. Bachman came to the facility weekly, while Dr. Bachman testified that he only came to the facility twice monthly.

18. Mr. Carranza-Reyes' care fell far below the standard of correctional health care. The Defendants were deliberately indifferent to Mr. Carranza-Reyes' serious medical needs.

Sincerely,

Robert B. Greifinger, M.D.

Attachments