--- SHEET 1 PAGE 1 ---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 2005-WM-377 (BNB)

DEPOSITION OF: DANIEL MULDOON
November 1, 2005

MOISES CARRANZA-REYES,

Plaintiff,

v.

PARK COUNTY, a public entity of the State of Colorado and its governing board, THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS; PARK COUNTY SHERIFF'S OFFICE, a public entity of the State of Colorado; FRED WEGENER, individually and in his official capacity as Sheriff of Park County, Colorado; MONTE GORE, individually and in his capacity as Captain of Park County Sheriff's Department; VICKIE PAULSEN, individually and in her official capacity as Registered Nurse for Park County, Colorado; JAMES BACHMAN, M.D., individually and in his official capacity as Medical Director of the Park County Jail,

Defendants.

TAKEN PURSUANT TO NOTICE AND AGREEMENT on behalf of the Plaintiff at 825 Castello, Fairplay, Colorado 80440 at 1:48 p.m. before Theresa A. Coffman, Federal Certified Realtime Reporter, Registered Professional Reporter and Notary Public within Colorado.

--- PAGE 2 ---

                              2

                    APPEARANCES

 1  For the Plaintiff:       WILLIAM A. TRINE, ESQ.
 2                           Trine & Metcalf, P.C.
                             1435 Arapahoe Avenue
 3                           Boulder, Colorado 80302
 4
                             LLOYD C. KORDICK, ESQ.
 5                           805 South Cascade
                             Colorado Springs, Colorado 80903
 6
                             JOSEPH J. ARCHULETA, ESQ.
 7                           Law Office of Joseph J. Archuleta
                             1724 Ogden Street
 8                           Denver, Colorado 80218
 9  For the Defendants       JENNIFER L. VEIGA, ESQ.
    Park County, Park        Hall & Evans, LLC
10  County Board of          1125 17th Street
    Commissioners, Park      Suite 600
11  County Sheriff's Office, Denver, Colorado 80202
    Wegener and Gore:
12
                             STEPHEN A. GROOME, ESQ.
13                           P.O. Box 1373
                             501 Main Street
14                           Fairplay, Colorado 80440
15  For the Defendant        MELANIE B. LEWIS, ESQ.
    Paulsen:                 Berg Hill Greenleaf & Ruscitti LLP
16                           1712 Pearl Street
                             Boulder, Colorado 80302
17
    For the Defendant        ANDREW W. JURS, ESQ.
18  Bachman:                 Johnson McConaty & Sargent, P.C.
                             400 South Colorado Boulevard
19                           Suite 900
                             Glendale, Colorado 80246
20
    Also Present:            None

--- PAGE 3 ---

                                                    3

                         I N D E X

EXAMINATION OF DANIEL MULDOON                    PAGE
November 1, 2005

  By Mr. Trine                                     4
  By Mr. Archuleta                                 --
  By Mr. Kordick                                   --
  By Ms. Veiga                                     --
  By Mr. Groome                                    --
  By Ms. Lewis                                     --
  By Mr. Jurs                                      --

                                              INITIAL
DEPOSITION EXHIBITS:                          REFERENCE

  9   Intero-Office Memorandum from Muldoon to   58
      Gore, 9/30/05

(Original exhibits attached to original deposition; copy exhibits included in continuing exhibit file; copies provided to counsel as requested.)

REQUESTED PORTIONS OF TESTIMONY:              PAGE

Request for document production
or information

Certified question                              --

Instruction not to answer

Other requests or marked testimony

REFERENCES TO EXHIBITS MARKED PREVIOUSLY:

Exhibit No.  Page Reference     Exhibit No.  Page Reference
    1             25                 6             76
    2             39
    3             32
    4             66

--- PAGE 4 ---

                                                    4

 1       WHEREUPON, the within proceedings were taken
 2  pursuant to the Federal Rules of Civil Procedure:
 3       (At this time Messrs. Groome and Kordick
 4  were not present in the deposition room.)
 5       DANIEL MULDOON,
 6  having been first duly sworn to state the whole truth, was
 7  examined and testified as follows:
 8                      EXAMINATION
 9  BY MR. TRINE:
10       Q.  Please state your full name and address for
11  the record.
12       A.  Daniel Muldoon.
13       MS. VEIGA: And why don't you provide your
14  work address.
15       A.  1180 Park County Road 16, Fairplay, 80440.
16       Q.  (BY MR. TRINE) And what is your educational
17  background?
18       A.  I have a high school diploma, and I'm in the
19  process of getting an associate's degree right now.
20       Q.  Associate's degree in what?
21       A.  Criminal justice.
22       Q.  And where are you getting that degree?
23       A.  It's through the mail.
24       THE REPORTER: It's through the mail?
25       THE DEPONENT: Ashworth College,

Notes:

*Coffman Reporting*
303.893.0202
303.893.2230 FAX

EXHIBIT 4

*** SUBJECT TO CONFIDENTIALITY DESIGNATIONS ***

### Page 45

1  Q. Now, when you arrived, you apparently
2  arrived at 11:39 a.m., right? In that second paragraph.
3  A. Yes, sir.
4  Q. You indicate that Detainee Carranza-Reyes
5  was brought to booking in a wheelchair by Deputy Walker?
6  A. Yes, sir.
7  Q. And were you in the booking area when that
8  occurred?
9  A. I believe so, yes, sir.
10 Q. Do you remember that incident?
11 A. What I remember is the booking area is
12 accessed through the sally port when you have a vehicle
13 and a weapon, so I would have driven a vehicle into the
14 sally port, came into the jail after putting my weapon in
15 the locker.
16        So in an order to expedite, there wouldn't
17 have been any reason for me to go to the housing unit
18 when I could have had the deputy bring the inmate back to
19 me. I wouldn't have gone in through the front door where
20 you did yesterday because of the necessity to have a
21 vehicle back in the sally port.
22 Q. No. My question was, do you remember being
23 in the booking area when he was brought to the booking
24 area in a wheelchair?
25 A. Yes, sir.

### Page 46

1  Q. And how would you characterize or describe
2  his condition at that time?
3  A. I have no recollection of his condition.
4  Q. You indicate that restraints were applied?
5  A. Yes, sir.
6  Q. What restraints?
7  A. Would have been a belly chain, handcuffs and
8  leg shackles.
9  Q. And you would do that no matter how ill the
10 inmate was?
11        MS. LEWIS: Object to the form.
12 A. Yes, sir.
13 Q. (BY MR. TRINE) Now, when you were informed
14 at 8:30 that morning that you had an inmate who might
15 need to be transported for medical care, did you consider
16 the option of requesting an ambulance to get him
17 transported?
18 A. It's not my call, sir.
19 Q. You can't even recommend that?
20 A. That's a medical call, not my call.
21 Q. Did you ask whether medical had considered
22 an ambulance?
23 A. No, sir.
24 Q. Do you know what the cost of ambulance
25 service would be to take an inmate to Summit County from

### Page 47

1  here?
2  A. No, sir.
3  Q. If placed in an ambulance, would it be
4  necessary to shackle his legs and cuff him, and what else
5  do you put on? A belly cuff?
6  A. A belly chain. Yes, sir, it would.
7  Q. It would be?
8  A. Yes, sir, it would.
9  Q. And why is that?
10 A. Safety and security.
11 Q. Was he shackled and handcuffed and belly-
12 chained when he went from Summit County to the hospital
13 by ambulance?
14        MS. LEWIS: Object to the form of the
15 question.
16 A. That's my recollection.
17 Q. (BY MR. TRINE) Are you sure?
18 A. I believe so, sir.
19 Q. Do you remember seeing that?
20 A. No, I don't remember seeing it.
21 Q. Do you remember there being some argument in
22 Summit County because you wanted them to do that and that
23 the ambulance attendants and doctor refused to, and the
24 doctor ordered he not be shackled going to Denver?
25 A. No, sir.

### Page 48

1        MS. LEWIS: Object to the form and
2  foundation.
3  Q. (BY MR. TRINE) You don't remember a
4  conversation like that?
5  A. No, sir. That's not my recollection of that
6  at all.
7  Q. Was he handcuffed in front or behind his
8  back?
9  A. In front.
10 Q. Was that standard procedure, to handcuff in
11 front?
12 A. Yes, sir, with a belly chain.
13 Q. And you departed, you indicated, 11:55, and
14 you may have received that time from the corporal's
15 timeline?
16 A. Yes, sir.
17 Q. And you indicate he had complained of
18 vomiting and had been provided with a plastic bag for the
19 ride to Summit Medical Center, and do you recall that he
20 vomited from time to time on that ride?
21 A. No, sir, I don't remember.
22 Q. Don't remember one way or the other?
23 A. No, sir. He was in the backseat.
24 Q. Well, when you got there, did you observe
25 vomit?