Westlaw.

Slip Copy

Page 1

Slip Copy, 2006 WL 3760267 (D.Colo.)
**(Cite as: Slip Copy)**

Potter ex rel. Potter v. BowmanD.Colo.,2006.Only the Westlaw citation is currently available.
United States District Court,D. Colorado.
Bryce POTTER, a minor, by and through her parents and next friends, Laura POTTER and Tristan Potter, Laura Potter, and Tristan Potter, Plaintiffs,
v.
Debra H. BOWMAN, M.D., Defendant.
**Civil Case No. 05-cv-00827-REB-PAC.**

Dec. 18, 2006.

Barbara Hruby Glogiewicz, Christopher Kenneth Miller, Paul E. Scott, Miles Leachman Buckingham, Kennedy Childs & Fogg, Denver, CO, for Defendant.
Craig Eric Hilborn, David Michael Kramer, George Allen Hilborn, Kevin Charles Riddle, Hilborn & Hilborn, P.C., Birmingham, MI, William C. Marlin, Coppola & Marlin, P.C., Denver, CO, for Plaintiffs.

\* The requested pages begin below \*

\*1 The matters before me are (1) **Dr. Bowman's Motion to Preclude Testimony of Plaintiff's Expert James A. O'Leary, M.D.** [# 85], filed April 17, 2006; (2) **Dr. Bowman's Supplemented Motion to Preclude Testimony of Plaintiff's Expert James A. O'Leary, M.D.** [# 135], filed October 10, 2006; (3) **Dr. Bowman's Motion to Limit or Preclude Testimony of Plaintiff's Expert Witness Rahul Nath, M.D.** [# 86], filed April 17, 2006; (4) **Plaintiff's "Daubert"** Motion in Limine to Preclude Dr. Herbert Sandmire's Novel "Maternal Propulsive Forces" **Injury** Causation Theory With Supporting Memorandum [# 130], field October 2, 2006; (5) **Plaintiff's "Daubert"** Motion In Limine to Preclude Dr. Chyu's Novel " Maternal Propulsive Forces" **Injury** Causation Theory With Supporting Memorandum [# 131], filed October 2, 2006; (6) **Plaintiff's "Daubert"** Motion in Limine to Preclude Dr. Lindsay's Causation Testimony With Supporting Memorandum [# 133], filed October 2, 2006; and (7) **Plaintiff's "Daubert"** Motion In Limine to Preclude Dr. Grabb's Novel "Maternal Propulsive Forces" **Injury** Causation Theory With Supporting Memorandum [# 134], filed October 9, 2006. I deny all these motions.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

By the present motions, the parties seek to strike or limit the testimony of one another's expert witnesses. Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony, provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

**Fed.R.Evid.** 702. As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that it will assist the trier in determining a fact in issue. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96, 125 L.Ed.2d 469 (1993); *Truck Insurance Exchange v.*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy

Page 2

Slip Copy, 2006 WL 3760267 (D.Colo.)
**(Cite as: Slip Copy)**

*MagneTek, Inc.,* 360 F.3d 1206, 1210 (10th Cir.2004). The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper." *See Kumho Tire Company, Ltd. v. Carmichael,* 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 142 L.Ed.2d 248 (1999).

Under *Daubert* and its progeny, an expert opinion is reliable if it is based on scientific knowledge. " The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert,* 113 S.Ct. at 2795. In short, the touchstone of reliability is "whether the reasoning or methodology underlying the testimony is scientifically valid." *Id.* at 2796; *see also Truck Insurance Exchange,* 360 F.3d at 1210. The party proffering the expert opinion must demonstrate both that the expert has employed a method that is scientifically sound and that the opinion is "based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation." *Goebel v. Denver and Rio Grande Western Railroad Co.,* 346 F.3d 987, 991 (10th Cir.2003) (quoting *Gomex v. Martin Marietta Corp.,* 50 F.3d 1511, 1519 (10th Cir.1995) ).

\*2 Rule 702 demands also that the expert's opinion be relevant, that is, that the testimony "fit" the facts of the case. *Daubert,* 113 S.Ct. at 2796; *In re Breast Implant Litigation,* 11 F.Supp.2d 1217, 1223 (D.Colo.1998). " '[T]he standard for fit is higher than bare relevance.' " *In re Breast Implant Litigation,* 11 F.Supp.2d at 1223 (quoting *In re Paoli Railroad Yard PCB Litigation,* 35 F.3d 717, 745 (3rd Cir .1994), *cert. denied,* 115 S.Ct. 1253 (1995)). The proffered evidence must speak clearly and directly to an issue in dispute in the case. *Id.*

Guided by these principles, the court has broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible. *Truck Insurance Exchange,* 360 F.3d at 1210; *Smith v. Ingersoll-Rand Co.,* 214 F.3d 1235, 1243 (10th Cir.2000). The overarching purpose of the court's inquiry is "to make certain that the expert ... employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Goebel,* 346 F.3d at 992 (quoting *Kumho Tire Company,* 119 S.Ct. at 1176).

### III. ANALYSIS

In this medical malpractice case, plaintiffs contend that defendant negligently caused a brachial plexus injury of the left shoulder to plaintiff Bryce Potter during delivery by applying excessive lateral traction to the baby's head to relieve a shoulder dystocia, a condition in which the baby's shoulder becomes stuck during birth, in this case, behind the mother's pubic synthesis. Defendant denies any negligence and claims that the baby was injured as a result of the birthing process itself. The present motions challenge the admissibility of the opinions of the experts witnesses who have been designated to testify regarding causation and the standard of care.

A. *Drs. Sandmire, Chyu, and Grabb.*

Plaintiffs' principal objection focuses on the opinions of Dr. Herbert Sandmire, which Drs. Chyu and Grabb criticized principally for relying on the allegedly unsound opinions of Dr. Sandmire. Dr. Sandmire opines that maternal propulsive forces were the most likely cause of Bryce Potter's injuries. Plaintiffs contend that Dr. Sandmire's opinion offends Rule 702 because it is subject to " ascertainment bias" and because it does not comply with the minimal requirements of the scientific method. I reject both these contentions.

Plaintiffs make no showing that the mere fact of ascertainment bias, that is, the possible over- or under-reporting of shoulder dystocia in the underlying data on which Dr. Sandmire relied in forming his opinions, requires exclusion under Rule 702. Subjectivity in the data does not necessarily make the resulting opinion untenably speculative. If the underlying data on which Dr. Sandmire relied is of the type generally relied on by other

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                           Page 3
Slip Copy, 2006 WL 3760267 (D.Colo.)
**(Cite as: Slip Copy)**

*3 Likewise, plaintiffs have failed to show that Dr. Sandmire's opinions offend the tenets of the scientific method. Indeed, most of plaintiffs' arguments in this regard appear to be non sequiturs. For example, plaintiffs fault Dr. Sandmire's work for its alleged lack of peer review, but the ensuing discussion simply regurgitates plaintiffs' argument that the underlying data is unreliably subjective. Plaintiffs fault Dr. Sandmire's methodology for being unable to quantify the amount of traction applied during delivery, but such is not the focus of his opinions. Plaintiffs' statement that Dr. Sandmire's methods are not subject to any known or quantifiable rate of error turns out, in fact, to be a complaint that he is unfamiliar with a limited number of other works in the field that refute his opinions. These all are matters that affect the weight of the expert's opinion, not it's admissibility.

Basically, although plaintiffs couch their objections in the language of *Daubert* and its progeny, their complaint boils down to an argument that Dr. Sandmire's and the other defense experts' opinions should be excluded because they are "novel," that is, that they are not generally accepted in the field of obstetrics. This standard, commonly known as the *Frye* test, *see Frye v. United States,* 293 F. 1013, 1014 (1923), although potentially relevant to the calculus, is no longer the sole touchstone of admissibility under Fed.R.Evid. 702. *See Daubert,* 113 S.Ct. at 2793-94. If the reliability and relevance requirements of Rule 702 are otherwise satisfied, the expert's opinion is admissible regardless of its novelty *vel non.* Because nothing in plaintiffs' motions suggest that Dr. Sandmire's opinions and those of the other experts who rely on his work offend these standards, those motions must be denied.

### B. *Dr. Lindsay.*

Plaintiffs argue that Dr. Lindsay's opinion violates the "fit" requirement of *Daubert,* that is, the requirement that the proposed testimony speak clearly and directly to an issue in dispute in the case. *In re Breast Implant Litigation,* 11 F.Supp.2d at 1223. This argument is inadequately developed, and I reject it on that basis alone. *See Gross v. Burggraf Construction Co.,* 53 F.3d 1531, 1547 (10th Cir.1995).

However, the argument has no merit in any event. Plaintiffs focus on an isolated statement in Dr. Lindsay's opinion to the effect that "no one can guarantee that Bryce's injury would not have occurred had different maneuvers been used" and claim that, because a "guarantee" is not required under Colorado law, the opinion should be precluded. The fit requirement only demands that the expert's opinion relate to an issue in dispute. Clearly, the key issue in dispute in this case is whether defendant's actions caused the baby's injury, and, conversely, whether injury could have been avoided had she acted otherwise. Dr. Lindsay's opinion, therefore, is not subject to exclusion on this basis.

### C. *Dr. James O'Leary.*

*4 For her part, defendant challenges the qualifications and reliability of the opinions of plaintiff's expert, Dr. James O'Leary. Defendant's argument that Dr. O'Leary is unqualified to opine as to the standard of care in this case is patently meritless. Defendant bases this argument on the fact that Dr. O'Leary has not delivered a baby since retiring in 1996 and delivered only one or two babies a year in the decade prior to that. Given that defendant's own primary expert has not delivered a baby in the past decade, this hardly is a compelling argument.[FN1] Dr. O'Leary's curriculum vitae strongly suggests that he has the necessary credentials to opine as to the standard of care in this case. I see no basis to exclude his opinions for the reasons defendant cites.[FN2]

FN1. Apparently, defendant is unaware of this court's "sauce rule:" what is sauce for the goose, is sauce for the gander.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                   Page 4

Slip Copy, 2006 WL 3760267 (D.Colo.)
**(Cite as: Slip Copy)**

> FN2. Defendant is free, of course, to undertake appropriate voir dire of Dr. O'Leary at the time of trial if she chooses.

Defendant claims also that Dr. O'Leary's opinions fail the reliability requirement of Rule 702 because they are contradicted by the facts. She claims that no witness to the birth saw her apply any traction to the baby's head, and, therefore, that Dr. O'Leary cannot possible opine that excessive traction caused the injury. First, defendant herself has admitted in response to discovery that she applied traction during the birth. Moreover, I will not allow a party to use an ostensible Rule 702 objection to perform an end-run around a properly supported summary judgment motion. The witnesses to whom defendant refers are plaintiffs and their relatives who attended the birth. Their observations, including Laura Potter's testimony that defendant pulled on the baby forcefully enough that she was scooted down the delivery table by a matter of inches, are sufficient to create triable fact issues as to whether the amount of traction applied was excessive. As such, Dr. O'Leary's opinion is not excludable on this basis either.

Finally, defendant complains that Dr. O'Leary's opinion should be excluded for violation of plaintiffs' discovery obligations under Fed.R.Civ.P. 26(a)(2)(B). I reject this argument. Defendant deposed Dr. O'Leary and was provided with some literature that he relied on in support of his opinion. To the extent that Dr. O'Leary may attempt at trial to put forth any further supporting materials, the admissibility of such testimony can be dealt with by proper objection at that time.

### D. Dr. Rahul Nath.

Finally, defendant asks that the testimony of Dr. Nath, a plastic surgeon who deals with peripheral nerve injuries and has been named as a non-retained expert by plaintiffs, be limited to matters directly related to his involvement in the treatment of Bryce Potter.[FN3] This is not a Rule 702 inquiry at all, but rather a question arising under Fed.R.Civ.P. 26. Indeed, defendant frankly admits that the motion may be premature, as at the time it was filed, she had not yet deposed Dr. Nath and, thus, did not know the scope of his involvement in Bryce Potter's treatment. In any event, these matters, which are not adequately developed on the record presented here, can be addressed more adequately at trial.

> FN3. Defendant also argues that Dr. Nath cannot offer any opinion as to the relevant standard of care in this case. Plaintiffs confirm that the expert is not being called to opine as to the standard of care applicable to obstetrics.

*5 Defendant's other arguments regarding Dr. Nath's opinions do not require the exclusion of his testimony. Defendant fails to explain how the expert's inability to quantify the amount of force necessary to cause an injury of the type Bryce Potter suffered offends Rule 702. These alleged gaps in the opinion affect its weight, not its admissibility, and can be adequately explored on cross-examination or addressed by competing evidence.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Dr. Bowman's Motion to Preclude Testimony of Plaintiff's Expert James A. O'Leary, M.D.** [# 85], filed April 17, 2006, is **DENIED;**

2. That **Dr. Bowman's Supplemented Motion to Preclude Testimony of Plaintiff's Expert James A. O'Leary, M.D.** [# 135], filed October 10, 2006, is **DENIED;**

3. That **Dr. Bowman's Motion to Limit or Preclude Testimony of Plaintiff's Expert Witness Rahul Nath, M.D.** [# 86], filed April 17, 2006, is **DENIED;**

4. That **Plaintiff's "Daubert"** Motion in Limine to Preclude Dr. Herbert Sandmire's Novel "Maternal Propulsive Forces" **Injury** Causation Theory With Supporting Memorandum [# 130], field October 2, 2006, is **DENIED;**

5. That **Plaintiff's "Daubert"** Motion In Limine to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 3760267 (D.Colo.)
**(Cite as: Slip Copy)**

Page 5

Preclude Dr. Chyu's Novel "Maternal Propulsive Forces" **Injury** Causation Theory With Supporting Memorandum [# 131], filed October 2, 2006, is **DENIED;**

6. That **Plaintiff's "Daubert"** Motion in Limine to Preclude Dr. Lindsay's Causation Testimony With Supporting Memorandum [# 133], filed October 2, 2006, is **DENIED;** and

7. That **Plaintiff's "Daubert"** Motion In Limine to Preclude Dr. Grabb's Novel "Maternal Propulsive Forces" **Injury** Causation Theory With Supporting Memorandum [# 134], filed October 9, 2006, is **DENIED.**

D.Colo.,2006.
Potter ex rel. Potter v. Bowman
Slip Copy, 2006 WL 3760267 (D.Colo.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1407018 (Trial Motion, Memorandum and Affidavit) Dr. Bowman's Motion to Preclude Testimony of Plaintiff's Expert James A. O'Leary, M.D. (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 1407019 (Trial Motion, Memorandum and Affidavit) Dr. Bowman's Motion to Limit or Preclude Testimony of Plaintiff's Expert Witness Rahul Nath, M.D. (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 397036 (Trial Motion, Memorandum and Affidavit) Response to Defendant Debra Bowman, M.D.'s Objection to the Notice of Subrogated Claim (Jan. 11, 2006) Original Image of this Document (PDF)
• 2005 WL 2836931 (Trial Motion, Memorandum and Affidavit) Reply to Plaintiffs' Response to Motion to Require Plaintiffs to Obtain Appointment of Legal Representative for Minor Plaintiff Bryce Potter (Oct. 10, 2005) Original Image of this Document (PDF)
• 2005 WL 2836924 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to Defendants' Motion to Require Plaintiffs to Obtain Appointment of Legal Representative for Minor Plaintiff Bryce Potter (Sep. 27, 2005) Original Image of this Document (PDF)

• 1:05cv00827 (Docket) (May 3, 2005)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.