Westlaw.

Not Reported in P.3d

Not Reported in P.3d, 2002 WL 1291987 (Utah App.), 2002 UT App 205
(Cite as: Not Reported in P.3d)

Page 1

Merryweather v. CallisterUtah App.,2002.
UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.
Court of Appeals of Utah.
Rhonda MERRYWEATHER, Plaintiff and
Appellee,
v.
Carson R. CALLISTER, Defendant and Appellant.
No. 20010431-CA.

June 13, 2002.

First District, Brigham City Department; The
Honorable Ben H. Hadfield.

David N. Mortensen and Ray Phillips Ivie, Provo,
for Appellant.
Lynn C. Harris, Provo, and Ryan M. Harris, Salt
Lake City, for Appellee.

Before Judges JACKSON, BILLINGS, and
THORNE.

MEMORANDUM DECISION (Not For Official
Publication)
BILLINGS, Associate Presiding Judge:
*1 Callister first argues the trial court exceeded its
discretion when it denied him a new trial based on
surprise as to the change-in-employment status of
Merryweather. A new trial may be granted on the
basis of "[a]ccident or surprise, which ordinary
prudence could not have guarded against." Utah R.
Civ. P. 59(a)(3). "The ruling on [a rule 59(a) ]
motion will be disturbed on appeal only for an
abuse of discretion." *Erickson v. Wasatch Manor,
Inc.,* 802 P.2d 1323, 1326 (Utah Ct.App.1990).

Callister does not challenge the following trial court
findings: both parties listed the hospital
administrator as a potential witness; "Plaintiff had,
in a number of disclosures, indicated ... Plaintiff's
ongoing problems at her work"; Callister did not

indicate an interrogatory response that should have
been supplemented according to the applicable
version of rule 26(e)(2); and, "[a]ny surprise over
the demotion was due as much to Defendant's
failure to learn of the problems as it was due to
Plaintiff's failure to disclose them." Based on
Callister's failure to properly challenge these
findings, we cannot say the trial court abused its
discretion when it denied Callister a new trial based
on surprise. *See In re S.D.C.,* 2001 UT App 353, &
para;8, 36 P.3d 540 ("[W]hen a party fails to
challenge and marshal the evidence underlying
ultimate findings, we assume the [trial] court's
judgment was correct.").

Even if we reach the merits of Callister's argument,
his claim for a new trial based on surprise fails. "
[S]urprise as a ground for a new trial is only that
which ordinary prudence could not have guarded
against. The 'surprise' claimed here may not be so
categorized since it could have been easily guarded
against by utilization of available discovery
procedures." *Anderson v. Bradley,* 590 P.2d 339,
341-42 (Utah 1979) (footnote omitted).

Finally, Callister fails to demonstrate any prejudice
caused by the delay in obtaining the new
information. The trial court specifically limited
Merryweather's expert to the use of exhibits created
before the revelation regarding Merryweather's
demotion and denied Merryweather's request to
introduce modified exhibits that took into account
the demotion. In so doing, the trial court restricted
Merryweather to damage calculations made prior to
the demotion, resulting in more than $200,000 in
future lost wages that were not allowed to be
presented to the jury.

Callister next asserts that the trial court's refusal to
allow his counsel to tell the jury from the beginning
that Callister was serving a mission in Brazil for the
Church of Jesus Christ of Latter-Day Saints
warrants a new trial. However, the jury was told
Callister was overseas from the beginning, and in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT
6

Not Reported in P.3d                                                                                Page 2

Not Reported in P.3d, 2002 WL 1291987 (Utah App.), 2002 UT App 205
(Cite as: Not Reported in P.3d)

closing, the jury was told that he was "serving his church in Brazil."

Callister also raises several grounds for a new trial based on alleged misconduct of opposing counsel in his opening and closing remarks. Callister argues that because Merryweather's counsel improperly injected his personal opinion in his closing remarks, a new trial is warranted. In closing, Merryweather's counsel stated, "I don't like these guys. You can tell I don't. I feel that-." At this point, Callister objected and a side bar conference was held. Immediately thereafter, Merryweather's counsel instructed the jury to "disregard my personal feelings and my history with these guys." Callister did not request any curative instruction, nor does he challenge the trial court's finding that "[Callister] cannot now complain that the 'apology' and the court's sustaining the objection did not cure the improper comment." In addition, Callister contends that Merryweather's opening statement contained an improper plea to poverty. The trial court found "[Merryweather]'s counsel's statements, when taken in context, would not have caused the jury to perceive impecuniosity." We agree.

*2 Next, Callister contends "[t]he evidence cannot support the verdict because [Dr.] Rollins's testimony lacked the requisite certainty and was inadmissible under *State v. Rimmasch* [, 775 P.2d 388 (Utah 1989) ]." We review the admissibility of expert testimony under an abuse of discretion standard. *See State v. Adams,* 2000 UT 42, ¶ 9, 5 P.3d 642.

We hold the trial court correctly concluded that *Rimmasch* was inapplicable. "*Rimmasch* is implicated only when the expert testimony is 'based on newly discovered principles.' " *Adams,* 2000 UT 42 at ¶ 16 (citation and emphasis omitted). In this case, Dr. Rollins created a "life care plan" by discussing Merryweather's future medical needs with her doctors and researching the costs of these items and services where she lived. Merryweather's personal physician reviewed and approved the report. Callister fails to explain how this analysis could be considered "a newly discovered procedure. " Therefore, the expert testimony is evaluated for admissibility under Rule 702 of the Utah Rules of

Evidence. An expert who reviewed Merryweather's medical records and projected the probable future costs clearly would "assist the trier of fact to ... determine a fact in issue." Utah R. Evid. 702. Accordingly, the trial court did not exceed its discretion by admitting Dr. Rollins's testimony.

Callister next argues that the evidence presented by the physical therapist was improper rebuttal evidence because it was offered to rebut cross-examination testimony elicited by Merryweather. However, Callister does not challenge the trial court's findings of fact or conclusions of law regarding the admissibility of the evidence under Rule 608(c) of the Utah Rules of Evidence, but rather reiterates his argument presented to the trial court.

The trial court specifically found that "Defendant admitted at the hearing in this matter that the rebuttal testimony may have been proper [rule] 608(c) evidence of bias." The trial court concluded that "[i]f the evidence could be properly admitted under 608(c) then it could be admitted whether or not Dr. Knorpp testified about the telephone conversation." Significantly, the trial court found "[t]he rebuttal was Plaintiff's only opportunity to present extrinsic evidence of bias as Dr. Knorpp was called during the Defendant's case." Accordingly, we hold that the trial court correctly allowed the rebuttal testimony.

Finally, Callister argues the trial court abused its discretion in dismissing Juror Tams for cause. Callister claims this dismissal resulted in Merryweather having more peremptory challenges than he had.

Juror Tams raised his hand in response to a question regarding whether he or a member of his family had been a plaintiff or a defendant in a similar case, and again in response to a question about "any alleged lawsuit crisis or jury verdict crisis or controversy." When questioned further in chambers, Juror Tams indicated his daughter was currently a defendant in a lawsuit. When asked if this would affect his being fair and impartial, he replied, "That's one of those things, where you have a daughter similarly involved, it's kind of emotional." Based on this

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in P.3d                                                                                    Page 3

Not Reported in P.3d, 2002 WL 1291987 (Utah App.), 2002 UT App 205
(Cite as: Not Reported in P.3d)

exchange eliciting Juror Tams's concerns about his ability to be impartial, we cannot say the trial court abused its discretion in dismissing him for cause. *See State v. Wach,* 2001 UT 35, ¶ 25, 24 P.3d 948.

*3 Finally, Callister argues for a new trial under the cumulative error doctrine. Because we hold there were no errors below, this argument fails. *See Bundy v. Deland,* 763 P.2d 803, 806 (Utah 1988).

Accordingly, we affirm.

WE CONCUR: NORMAN H. JACKSON, Presiding Judge and WILLIAM A. THORNE JR., Judge.
Utah App.,2002.
Merryweather v. Callister
Not Reported in P.3d, 2002 WL 1291987 (Utah App.), 2002 UT App 205

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.