LEXSEE



EXHIBIT A-51

**EDWARD L. TEETS, JR., Plaintiff, v. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF OSAGE, KANSAS, DEPUTY SCOTT FARMER, SHERIFF KEN LIPPERT and GARY L. FOILES, Defendants.**

Case No. 02-4060-JAR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

*2003 U.S. Dist. LEXIS 4648*

March 24, 2003, Decided

**DISPOSITION:** [*1] Defendants' Motion for Summary Judgment GRANTED on all claims. CASE DISMISSED WITH PREJUDICE.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former husband sued defendant board of county commissioner's, sheriff, deputy, and prosecutor under *42 U.S.C.S. § 1983*, alleging constitutional violations. Defendants moved for summary judgment.

**OVERVIEW:** The husband's claim against the prosecutor was for malicious prosecution. That claim failed because no facts supported that the prosecutor initiated, continued, or procured a filing of charges against the husband. He merely effectuated the arrest. The fact that the husband had not actually attempted to make contact with his former spouse did, such that he was not in technical violation of a restraining order, did not vitiate the probable cause that existed at the time a complaint against him was filed. Further, the prosecutor was protected by qualified immunity. The claim against the deputy for false arrest/imprisonment failed for the same reasons as the malicious prosecution claim failed. The husband's claims against the board and sheriff were for failure to adequately train the deputy. Those claims failed. The court first noted that vicarious liability or respondeat superior did not apply under § 1983. Further, the husband could not show that a constitutional violation occurred, because probable cause existed for his arrest at the time it was made. In any event, he did not show a policy or custom that would have been the moving force behind any such violation.

**OUTCOME:** The motion for summary judgment was granted.

**CORE TERMS:** arrest, probable cause, restraining order, summary judgment, constitutional violation, spouse, malicious prosecution, false arrest, qualified immunity, prosecutor, bothering, abuse of process, violating, malice, deputy, false imprisonment, arresting, immunity, training, arrested, divorce, probable cause to arrest, absolute immunity, failure to train, common law, probable, custom, swear, objectively reasonable, initiated

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
*Civil Procedure > Summary Judgment > Standards > Materiality*
*Civil Procedure > Summary Judgment > Supporting Materials > General Overview*
[HN1] Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and the admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. There is a genuine issue of material fact if a reasonable jury could return a verdict for the nonmoving party. Essentially, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

*Civil Procedure > Summary Judgment > Motions for Summary Judgment > General Overview*
*Civil Procedure > Summary Judgment > Opposition > General Overview*
*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*

[HN2] In the context of summary judgment, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. This may be met by showing that there is a lack of evidence to support the nonmoving party's case. Once the moving party properly supports its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. The court must consider the record in the light most favorable to the nonmoving party.

*Civil Rights Law > Section 1983 Actions > Elements > General Overview*
*Civil Rights Law > Section 1983 Actions > Scope*
*Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection*
[HN3] A *42 U.S.C.S. § 1983* claim based on lack of probable cause to arrest and/or prosecute is not cognizable under the Fourteenth Amendment. Such claims are appropriately brought under a § 1983 claim for violation of a Fourth Amendment right and are analyzed as such. Pre-trial liberty deprivations are governed by the Fourth Amendment.

*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > General Overview*
*Governments > Courts > Common Law*
*Torts > Intentional Torts > Malicious Prosecution > Elements > General Overview*
[HN4] In analyzing a malicious prosecution claim under *42 U.S.C.S. § 1983*, the starting point is the common law elements. However, after analyzing the common law elements the court must ultimately decide whether the plaintiff has proven a constitutional violation. The constitutional right involved here is the Fourth Amendment right against unreasonable seizure. The common law elements that the plaintiff must show are (1) that defendants initiated, continued, or procured the proceeding of which complaint is made; (2) that defendants in doing so acted without probable cause; (3) that defendants must have acted with malice; (4) that the proceedings terminated in favor of plaintiff; and (5) that plaintiff sustained damages.

*Torts > Intentional Torts > Malicious Prosecution > Elements > Probable Cause > Definitions*
[HN5] For purposes of a claim of malicious prosecution, probable cause exists when the facts and circumstances, at the time, are adequate to lead a reasonable person to believe a person has committed a crime.

*Torts > Intentional Torts > Malicious Prosecution > General Overview*
[HN6] For purposes of a claim of malicious prosecution, probable cause is not proof beyond a reasonable doubt, necessary for conviction of the offense.

*Civil Procedure > Summary Judgment > Supporting Materials > Affidavits*
*Criminal Law & Procedure > Jury Instructions > Requests to Charge*
*Torts > Public Entity Liability > Immunity > Judicial Immunity*
[HN7] While a prosecutor is entitled to absolute immunity for those actions which are intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions, that immunity can be lost. There is no gray area when it comes to prosecutors swearing out affidavits for the filing of charges. While the prosecutor who drafts an unsworn affidavit is entitled to absolute immunity, the prosecutor who swears out the affidavit is entitled to only qualified immunity. Traditionally, prosecutors do not swear out affidavits and when they do so, they become complaining witnesses. As such, they are entitled to no more protection than is afforded the officer who swears out an affidavit -- qualified immunity.

*Civil Rights Law > Immunity From Liability > Local Officials > Customs & Policies*
[HN8] The United States Supreme Court sets out a two part inquiry for qualified immunity in *42 U.S.C.S. § 1983* actions. The burden to prove this test is on the plaintiff once the defendants have asserted they are immune. First, the court must inquire whether a constitutional violation occurred. Only if the answer is in the affirmative does the inquiry proceed to the second part -- whether the right violated was clearly established at the time of the violation.

*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > Probable Cause*
[HN9] To make an arrest an officer needs facts and circumstances within his knowledge and of which he has reasonably reliable information, that leads him to believe

that a person has committed or is committing a criminal offense.

*Civil Rights Law > Section 1983 Actions > Scope*
[HN10] Vicarious liability or respondeat superior does not apply under *42 U.S.C.S. § 1983*.

*Civil Rights Law > Section 1983 Actions > Law Enforcement Officials > General Overview*
*Civil Rights Law > Section 1983 Actions > Scope*
[HN11] *42 U.S.C.S. § 1983* liability for failure to adequately train police officers exists only where that failure shows deliberate indifference to the public that the police deal with. This indifference is defined as one where the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need. Further, there must be an identifiable policy or custom that is the moving force behind the constitutional violation. Finally, the plaintiff must show a direct casual link between the custom or policy and the actual injury inflicted.

*Torts > Public Entity Liability > Immunity > General Overview*
*Torts > Public Entity Liability > Liability > General Overview*
[HN12] The Kansas Tort Claims Act presumes liability on both employees and government entities when their employees' conduct is negligent or wrongful. However, those actors receive immunity under certain circumstances.

*Torts > Public Entity Liability > Immunity > General Overview*
[HN13] See Kan. Stat. Ann. § 75-6104(e) (1997).

*Criminal Law & Procedure > Counsel > Prosecutors*
*Torts > Public Entity Liability > Immunity > Judicial Immunity*
*Torts > Public Entity Liability > Immunity > Qualified Immunity*
[HN14] The Kansas Supreme Court has held that a prosecutor is entitled to discretionary immunity under the Kansas Tort Claims Act in filing charges even when that prosecutor swears out the affidavit.

*Civil Procedure > Summary Judgment > Evidence*

*Criminal Law & Procedure > Accusatory Instruments > General Overview*
*Torts > Intentional Torts > Abuse of Process > Elements*
[HN15] To state a claim for abuse of process, the plaintiff must show both an ulterior motive on the part of the defendants and an improper act in the regular prosecution of the case. It is not enough that the plaintiff show that the defendants filed charges against him with some form of malice. He must also show that the process was abused. Thus, even if the defendant filed charges against the plaintiff purely out of spite, there is no abuse of process claim unless he committed an improper act during the prosecution of the claim. The court requires actual evidence of a material issue to overcome summary judgment; the plaintiff's personal belief is not enough. Further, even if the defendant had initiated criminal proceedings without justification, this is not enough to show an ulterior motive.

*Criminal Law & Procedure > Accusatory Instruments > Complaints*
*Torts > Intentional Torts > Abuse of Process > Elements*
*Torts > Intentional Torts > Malicious Prosecution > General Overview*
[HN16] An abuse of process claim can only occur after a proceeding is filed.

*Torts > Intentional Torts > Malicious Prosecution > General Overview*
[HN17] Malicious prosecution is the appropriate cause of action for challenging the whole of a lawsuit -- i.e., asserting that the suit has no basis and should not have been brought -- while abuse of process covers the allegedly improper use of individual legal procedures after a suit has been filed properly.

*Criminal Law & Procedure > Arrests > Probable Cause*
[HN18] Kan. Stat. Ann. § 22-2401 statute governs arrests in Kansas.

*Criminal Law & Procedure > Arrests > Probable Cause*
[HN19] See Kan. Stat. Ann. § 22-2401(c), (d) (1995).

*Criminal Law & Procedure > Arrests > Probable Cause*
[HN20] Kan. Stat. Ann. § 22-2401(d) allows an officer to arrest for any crime that is not a tobacco or traffic infraction if the offense is committed in the officer's view.

The United States Supreme Court has upheld this statute, and many like it, under the Fourth Amendment.

*Criminal Law & Procedure > Arrests > Probable Cause*
[HN21] The standard of probable cause applies to all arrests, without the need to balance the interests and circumstances involved in particular situations. If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.

COUNSEL: For Edward L Teets, Jr, Plaintiff: Leonard M. Robinson, Topeka, KS, LEAD ATTORNEY.

For Board of County Commissioners, Osage County, Kansas, Scott Farmer, Ken Lippert, Gary L Foiles, Defendants: Wendell F. Cowan, Jr., Shook, Hardy & Bacon L.L.P., Overland Park, KS, LEAD ATTORNEY.

JUDGES: JULIE A. ROBINSON, UNITED STATES DISTRICT JUDGE.

OPINION BY: JULIE A. ROBINSON

OPINION:

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case comes before the Court on the Defendants' Motion for Summary Judgment (Doc. 14). Plaintiff filed a response (Doc. 17) and Defendants filed a reply (Doc. 18). Having considered all pleadings submitted, the Court is now prepared to rule. For the following reasons, the Court grants Defendants' motion for summary judgment.

I. Background

Plaintiff's former spouse filed an action for divorce in Osage County, Kansas on March 20, 2001. In the initial proceedings, the court issued a standard restraining order that stated "each of the parties are hereby restrained from bothering the other and from interfering with the other at their place of [*2] residence, employment, or wherever they may be by word of mouth or otherwise." Plaintiff received, by service, a copy of the restraining order on March 21, 2001. Apparently, Plaintiff began bothering his spouse at her residence. Her attorney sent a letter to Plaintiff's attorney, requesting that Plaintiff stop contacting his spouse or she would be forced to file a motion for violation of the restraining order issued in the case. This letter was dated April 9, 2001 and the Plaintiff acknowledges he read it.

On April 14, 2001, Plaintiff went to the address where his spouse resided. The property contained not only the residence, but also other buildings where animals were housed, which both the Plaintiff and his spouse had an interest in caring for. Plaintiff's spouse became fearful because of the prior instances where Plaintiff contacted her in violation of the restraining order and called the police.

Defendant, Deputy Scott Farmer, of the Osage County Sheriff's Department, responded to the call. Upon arriving at the residence, Farmer spoke with Plaintiff's spouse. She showed him a copy of the restraining order from the divorce action. Farmer arrested Plaintiff for violating the restraining [*3] order. Farmer used the charge of criminal trespassing and violating the restraining order interchangeably in his reports and deposition, when describing why he arrested Plaintiff. Regardless, Farmer arrested Plaintiff for being at the residence and causing his spouse to be fearful after he had been "harassing" her prior to that incident, in violation of the restraining order.

Plaintiff testified that he was only at the residence to check on some animals and that his attorney had advised him that he could be on the property, but not approach the residence or attempt to contact his spouse.

Gary Foiles, Osage County Attorney, filed an affidavit and Complaint against Plaintiff, charging him with violating a protective order under *Kan. Stat. Ann. § 21-3843(a)(3)*. A bond was set containing a condition that Plaintiff stay away from the property where his spouse lived. Subsequently, Foiles dismissed the charges against Plaintiff.

II. Discussion

Plaintiff brings this action alleging the following claims:

> 1) *§ 1983* claim for violation of *14th Amendment* liberty interests in due process against Defendants Farmer and Foiles;
> 2) *§ 1983* claim for failure to train against [*4] Defendants Lippert and the Board of County Commissioners of Osage County ("Board");
> 3) Malicious Prosecution claim against Defendant Foiles and Farmer;
> 4) Abuse of Process claim against Defendants Farmer and Foiles;
> 5) False Arrest/False Imprisonment claim against Defendants Farmer, Foiles, Lippert and the Board.

Plaintiff first filed this action in Osage County, Kansas District Court and Defendants removed the same to this Court. This Court has jurisdiction under *28 U.S.C. § 1331*, federal question jurisdiction and *§ 1369*, supplemental jurisdiction.

### A. Summary Judgment Standard

[HN1] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and the admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." n1 There is a "genuine" issue of material fact if a reasonable jury could return a verdict for the nonmoving party. n2 Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail [*5] as a matter of law." n3

   n1 *Fed. R. Civ. P. 56(c)*.

   n2 *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)*.

   n3 *Id. at 251-52*.

[HN2] The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. This may be met by showing that there is a lack of evidence to support the nonmoving party's case. n4 Once the moving party properly supports its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. n5 "A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." n6 Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. n7 The Court must consider the record in the light [*6] most favorable to the nonmoving party. n8

   n4 *See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*.

   n5 *See Anderson, 477 U.S. at 256*.

   n6 *Id.*

   n7 *See id.*

   n8 *Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir. 1984)*.

### B. § 1983 Claim under *14th Amendment* due process against Defendants Farmer and Foiles

Plaintiff first alleges that Defendants Farmer and Foiles deprived him of his liberty interest in due process under the *14th Amendment* by arresting and charging Plaintiff without probable cause. Plaintiff's first theory is misplaced. [HN3] A *§ 1983* claim based on lack of probable cause to arrest and/or prosecute is not cognizable under the *14th Amendment.* n9 Such claims are appropriately brought under a *§ 1983* claim for violation of a *Fourth Amendment* right and are analyzed as such. n10 In *Albright v. Oliver*, the Supreme Court held, in plurality, that pre-trial liberty deprivations are governed by the [*7] *Fourth Amendment.* n11 Even if Plaintiff had properly pled this claim, he would not prevail.

   n9 *Albright, 510 U.S. 266, 127 L. Ed. 2d 114, 114 S. Ct. 807 (1994)*.

   n10 *Id. at 273-274.*

   n11 *Taylor v. Meacham, 82 F.3d 1556, 1560 (10th Cir. 1996)* (citing *Albright, 500 U.S. at 273-74*).

Plaintiff's claim against Defendant Foiles is a *§ 1983* claim for malicious prosecution. And the only probable *Fourth Amendment* claim against Defendant Farmer is one for false arrest or false imprisonment. Plaintiff cannot bring a *§ 1983* malicious prosecution claim against Farmer because no facts support that he initiated, continued or procured a filing of charges against the Plaintiff. He merely effectuated the arrest. The Court will first analyze the claim against Foiles.

[HN4] In analyzing a malicious prosecution claim under *§ 1983*, the starting point is the common law elements. n12 However, after analyzing the common law elements the court must ultimately decide [*8] "whether the plaintiff has proven a constitutional violation." The constitutional right involved here is the *Fourth Amendment* right against unreasonable seizure. n13

   n12 *Id. at 1561.*

   n13 *Id.*

The common law elements are set out in *Lindeman v. Umscheid*. n14 Initially, plaintiff must show "(1) that defendant[s] initiated, continued, or procured the proceeding of which complaint is made; (2) that defendant[s] in doing so acted without probable cause; (3) that defendant[s] must have acted with malice; (4) that the proceedings terminated in favor of plaintiff; and (5) that plaintiff sustained damages." n15

n14   *255 Kan. 610, 875 P. 2d 964 (Kan. 1994)*.

n15   *Id. at 974* (citing *Nelson v. Miller, 227 Kan. 271, 607 P.2d 438 (1980))*.

The first element is met by the complaint for violation of [*9] a protective order filed by Foiles. The fourth element is also met in that Foiles subsequently dismissed the complaint. However, Plaintiff cannot overcome summary judgment on elements two and three.

Under element two, Plaintiff must show that the complaint was filed without probable cause. [HN5] Probable cause exists when the facts and circumstances, at the time, are adequate to lead a reasonable person to believe a person has committed a crime. n16 The information available to Foiles was the deputy's investigation, the statement given to Foiles by the victim and the restraining order. Based on the statements of the victim and the restraining order preventing the Plaintiff from harassing or bothering the victim, sufficient facts and circumstances existed to believe that, at the time of the arrest, Plaintiff was violating the retraining order. The fact that the charges were later dismissed is irrelevant to this determination. [HN6] Probable cause is not proof beyond a reasonable doubt, necessary for conviction of the offense. Even though upon further investigation it was discovered that, because the Plaintiff had not actually attempted to make contact with the victim while he was at the residence, [*10] he was not in technical violation of the restraining order, that does not vitiate the probable cause that existed at the time the complaint was filed.

n16   *Olivas v. City of Hobbs, 50 Fed. Appx. 936, 2002 U.S. App. LEXIS 23298, 2002 WL 31497308 (10th Cir. Nov. 7, 2002)* (unpublished opinion).

The third element requires that Plaintiff provide some evidence of malice to overcome summary judgment. Plaintiff has not done so. Plaintiff has merely made blanket allegations that Foiles took an interest in the divorce proceedings and thus was acting out of malice toward Plaintiff in filing the charges. Plaintiff provides no evidence to suggest any material issue of fact exists on this element. Charges were filed based on police reports and a statement from the victim. Subsequently, there appears to have been some discussion of the criminal charges in the divorce proceeding, and vice versa, but nothing suggests that Foiles took any improper interest in the Plaintiff or his divorce other than relying on the restraining order.

The ultimate [*11] question of whether a constitutional violation occurred in the prosecution of Plaintiff is answered in the above analysis. It did not. Foiles brought charges against Plaintiff pursuant to a probable cause showing in accordance with the *Fourth Amendment*. Because Plaintiff cannot show any material issue of fact with regard to a *§ 1983* claim for malicious prosecution against Foiles, summary judgment must be granted on this claim.

However, even if Plaintiff could overcome summary judgment on this claim, Foiles is protected by qualified immunity. Defendant Foiles' motion argues that he is protected by absolute immunity for his prosecutorial function of bringing charges against Plaintiff. [HN7] While a prosecutor is entitled to absolute immunity for those actions which are "intimately associated with the judicial . . . process" n17 such as "initiating and pursuing criminal prosecutions," n18 that immunity can be, and has in this case, been lost. There is no gray area when it comes to prosecutors swearing out affidavits for the filing of charges. The Supreme Court decided this issue in *Kalina v. Fletcher* n19 and the Kansas Supreme Court followed suit in *McCormick v. Board of County Comm'n* [*12] *of Shawnee County, KS.* n20 In *Kalina*, the Supreme Court stated that while the prosecutor who drafts an unsworn affidavit is entitled to absolute immunity, the prosecutor who swears out the affidavit is entitled to only qualified immunity. n21 Traditionally, prosecutors do not swear out affidavits and when they do so, they become complaining witnesses. As such, they are entitled to no more protection than is afforded the officer who swears out an affidavit - qualified immunity. n22

n17   *Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1489 (10th Cir. 1991)* (quoting *Imbler v. Pachtman, 424 U.S. 409, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976))*.

n18   *Id.*

n19   *522 U.S. 118, 139 L. Ed. 2d 471, 118 S. Ct. 502 (1997)*.

n20 *272 Kan. 627, 35 P.3d 815 (Kan. 2001).*

n21 *Kalina, 522 U.S. at 127.*

n22 *McCormick, 35 P.3d at 824.*

[HN8] The Supreme Court sets out a two part inquiry for qualified immunity in *§ 1983* actions. n23 The burden to prove this test is on [*13] Plaintiff once Defendants have asserted they are immune. n24 First, the Court must inquire whether a constitutional violation occurred. Only if the answer is in the affirmative does the inquiry proceed to the second part - whether the right violated was clearly established at the time of the violation. n25 Because this Court has determined above that no constitutional violation occurred, it need not proceed to the second prong.

n23 *Saucier v. Katz, 533 U.S. 194, 150 L. Ed. 2d 272, 121 S. Ct. 2151 (2001).*

n24 *Farmer v. Perrill, 288 F.3d 1254, 1259 (10th Cir. 2002).*

n25 *Id. at 201.*

Plaintiff cannot overcome summary judgment on a *§ 1983* claim under the *Fourth Amendment* against Defendant Foiles for malicious prosecution; and even if he could, Defendant Foiles is entitled to qualified immunity.

Plaintiff's *§ 1983* claim under the *Fourth Amendment* for false arrest/imprisonment against Defendant Farmer, fails for the same reason as the claim against Defendant Foiles. Defendant [*14] Farmer had probable cause to arrest Plaintiff on August 14, 2001. The standard for probable cause was set out above. Defendant Farmer was dispatched to the Plaintiff's spouse's residence. Plaintiff was present on the property. The spouse told Farmer that Plaintiff was not to be coming to her residence and showed him the restraining order. The restraining order read as follows:

> Each of the parties are hereby restrained from bothering the other and from interfering with the other at their place of residence, employment, or wherever they may be by word of mouth or otherwise. n26

n26 Defendant's Exhibit 8.

The complaining victim told the officer that Plaintiff was currently on the property, that she was afraid of him and that he had been repeatedly bothering her in weeks past. At this point, Farmer had probable cause to arrest Plaintiff. [HN9] To make an arrest an officer needs facts and circumstances within his knowledge and of which he has reasonably reliable information, that leads him to believe that a [*15] person has committed or is committing a criminal offense. n27 While Deputy Farmer's deposition may suggest that he is not a legal scholar and able to quote verbatim the statutes against violating protective/restraining orders or criminal trespass, he was certainly aware of their existence and that it was his duty to enforce them. He had been shown a restraining order preventing Plaintiff from bothering his wife at her residence. The wife said he was bothering and frightening her and he was in fact on the property. This is sufficient to establish probable cause for an arrest. It is of no moment that later investigation revealed that Plaintiff could be on the property, so long as he did not bother her. What the deputy knew at the time was sufficient for an arrest.

n27 *Olivas, 50 Fed. Appx. 939, 2002 U.S. App. LEXIS 23298, 2002 WL 31497308 at *2.*

Additionally, Defendant Farmer is protected by the same qualified immunity that protects Defendant Foiles. Defendant Farmer's decision to arrest Plaintiff was objectively reasonable n28 [*16] because it was supported by probable cause; thus, no constitutional violation occurred. Plaintiff cannot overcome summary judgment on a *§ 1983* claim for false arrest against Defendant Farmer.

n28 *Fuentes v. Thomas, 107 F. Supp. 2d 1288, 1296-1300 (D. Kan. 2000)* (discussing whether an officer's actions were objectively reasonable and whether he was entitled to qualified immunity).

### C. *§ 1983* claim for failure to train against Defendants Lippert and the Board

Plaintiff alleges that Defendant Sheriff Lippert and the Board failed to adequately train Farmer and are liable under *§ 1983* for Farmer's conduct in arresting Plaintiff. It must first be said that [HN10] "vicarious liability or respondeat superior does not apply under *§ 1983.*" n29 The initial threshold for Plaintiff is that he must show he

suffered a constitutional violation. Then the analysis proceeds to the failure to train elements.

n29 *107 F. Supp. 2d at 1300* (quoting *Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 694 n. 58, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)*).

[*17]

In *Canton v. Ohio*, the Supreme Court held that [HN11] *§ 1983* liability for failure to adequately train police officers exists only where that failure shows deliberate indifference to the public that the police deal with. n30 The Court went on to define this indifference as one where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." n31 Further, there must be an identifiable policy or custom that is the "moving force behind the constitutional violation." n32 Finally, Plaintiff must show a direct casual link between the custom or policy and the actual injury inflicted. n33

n30 *Canton v. Harris, 489 U.S. 378, 388, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989)* (limited abrogation when applying objective standard to *Eighth Amendment* Claims).

n31 *489 U.S. at 390.*

n32 *Id.*

n33 *Brown v. Gray, 227 F.3d 1278, 1290 (10th Cir. 2000).*

[*18]

Initially, as plainly set out above, Plaintiff cannot show a constitutional violation occurred. Probable cause existed for his arrest at the time it was made so no *Fourth Amendment* violation exists. Even if Plaintiff could show a constitutional violation, he has offered nothing to establish the other elements. He has offered nothing to show a policy or custom of Osage County that would have been the moving force behind any constitutional violation. Plaintiff merely alleges that because Farmer gave deposition testimony that he had not received specific training on the criminal trespass statute or the protective/restraining order statute since he attended the law enforcement academy, the Sheriff and the Board failed to adequately train him. Those allegations are not enough to show any policy or custom on the part of the Sheriff or the Board.

Additionally, Plaintiff has offered nothing that shows that this was a recurring problem or one that was so objectively obvious that the Sheriff or the Board knew about, or should have known about it, and then acted with deliberate indifference to the need for further training. This is Plaintiff's burden to overcome summary judgment and he has [*19] offered nothing more than unsupported allegations and the arresting deputy's statement that he had not received specific training on a particular statute. Finally, because Plaintiff cannot show a constitutional violation or inadequate training, he can certainly not show a link between the two.

**D. Malicious Prosecution claim against Defendants Foiles and Farmer**

The elements of malicious prosecution were set out above in Plaintiff's *§ 1983* claim for malicious prosecution under the *Fourth Amendment*. As explained above, Farmer is not subject to a claim for malicious prosecution because his arresting Plaintiff did not initiate, procure or continue the filing of a complaint against Plaintiff. Further, Plaintiff cannot make out the elements of a malicious prosecution against Foiles because he had probable cause for initiating the charges and there is no evidence that he acted with malice. n34 Even if he could, Foiles is protected by absolute immunity for filing the complaint and qualified immunity for filing the necessary and accompanying affidavit, as set out above.

n34 *See supra* II. B.

[*20]

Because this is a Kansas tort claim, Defendant Foiles also enjoys the protection of the *Kansas Tort Claims Act* ("KTCA"). n35 [HN12] The KTCA presumes liability on both employees and government entities when their employees' conduct is negligent or wrongful. n36 However, those actors receive immunity under certain circumstances. *Kan. Stat. Ann § 75-6104(e)* states as follows:

> [HN13] A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from . . . (e) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the governmental entity or employee, whether or not the discretion is

abused and regardless of the level of discretion involved.... n37

n35 *Kan. Stat. Ann. § 75-6101 et seq* (1997).

N36 *Kan. Stat. Ann. § 75-6103(a)* (1997).

n37 *Kan. Stat. Ann. § 75-6104(e)* (1997).

Foiles was performing the discretionary function of a prosecutor both when he [*21] filed the complaint and swore out the affidavit. [HN14] The Kansas Supreme Court held that a prosecutor is entitled to discretionary immunity under the KTCA in filing charges even when that prosecutor swears out the affidavit. n38 Foiles is shielded by discretionary immunity for claims under the KTCA.

n38 *McCormick*, 35 P.3d at 830.

### E. Abuse of Process claim against Defendants Farmer and Foiles

[HN15] To state a claim for abuse of process, Plaintiff must show both an ulterior motive on the part of the Defendants and an improper act in the regular prosecution of the case. n39 It is not enough that Plaintiff show that Defendants filed charges against him with some form of malice. He must also show that the process was abused. n40 Thus, even if Foiles filed charges against Plaintiff purely out of spite, which there is no evidence of, there is no abuse of process claim unless he committed an improper act during the prosecution of the claim. Plaintiff supports his argument for Foiles' ulterior motive by stating [*22] "it is obvious that defendant acted with malice." n41 Unfortunately, the Court requires actual evidence of a material issue to overcome summary judgment; his personal belief is not enough. n42 Further, even if Foiles had initiated criminal proceedings without justification, this is not enough to show an ulterior motive. n43

n39 *Lindenman*, 875 P.2d at 973.

n40 *Porter v. Stormont-Vail Hosp.*, 228 Kan. 641, 621 P.2d 411, 416 (Kan. 1980).

n41 Plaintiff's Response (Doc. 17), p. 11.

n42 *Green v. City of Wichita, KS*, 47 F. Supp. 2d 1273, 1282 (D. Kan. 1999) (holding that a personal belief of malice is not enough to overcome summary judgment).

n43 *Stegall v. Great American Ins. Co.*, 996 F. Supp. 1060, 1070 (D. Kan. 1998).

Plaintiff alleges that Foiles improperly injected himself into the divorce proceedings by causing Plaintiff's bond in the criminal case to have more stringent restrictions than the temporary restraining order in the [*23] divorce case. The divorce restraining order prevented Plaintiff from bothering his wife at her residence, place of employment or anywhere else. The criminal bond prevented him from going on the property at the residence for any reason. This is a standard bond provision in cases involving a victim; and it is logical that the conditions relating to criminal charges be more stringent than those relating to the dissolution of marriage and property. Merely because the criminal case impacted the conditions of the divorce case does not show any improper act by Foiles. Foiles conducted the duties he was obligated to do as prosecutor in seeking a reasonable bond amount and reasonable bond conditions. Plaintiff has offered no evidence to show that any act taken by Foiles was not a proper act, executed in the duties of his office as County Attorney.

As to Farmer, an abuse of process claim is not cognizable. [HN16] An abuse of process claim can only occur after a proceeding is filed. n44 Plaintiff has alleged no facts that suggest Defendant Farmer had any involvement after the criminal complaint was filed.

n44 *Simon v. Navon*, 71 F.3d 9, 15 (1st Cir. 1995) ("The difference between the two often is explained as a matter of timing and scope: [HN17] malicious prosecution is the appropriate cause of action for challenging the whole of a lawsuit--i.e., asserting that the suit has no basis and should not have been brought--while abuse of process covers the allegedly improper use of individual legal procedures after a suit has been filed properly.")

[*24]

### F. False Arrest/False Imprisonment claim against Defendants Farmer, Foiles, Lippert and the Board.

Finally, Plaintiff claims all Defendants are liable for false arrest or false imprisonment. Again, these are state claims so that the KTCA is implicated. To evaluate the liability of all Defendants, the actions of Farmer must

satisfy the elements of false arrest. As set out above in the analysis of Plaintiff's § 1983 claim for false arrest under the *Fourth Amendment*, Plaintiff cannot establish the common law element.

Plaintiff makes an additional argument that his arrest was in violation of *Kan. Stat. Ann. § 22-2401*. [HN18] This statute governs arrests in Kansas. The relevant portions of the statute read as follows:

> [HN19] A law enforcement officer may arrest a person under any of the following circumstances . . .
>
> (c) The officer has probable cause to believe that the person is committing or has committed . . .
>
>> (2) a misdemeanor, and the law enforcement officer has probable cause to believe that:
>>
>> (B) the person may cause injury to self or others or damage to property unless immediately arrested . . . n45
>
> (d) Any crime, except a traffic infraction or a cigarette [*25] or tobacco infraction, has been or is being committed by the person in the officer's view. n46

n45 *Kan. Stat. Ann. § 22-2401* (1995).

n46 *Id.*

Plaintiff alleges that even if Farmer had probable cause to arrest him, he was not authorized to arrest him for a misdemeanor crime, under the circumstances. This Court disagrees. Plaintiff was on the property in the presence of Farmer. The victim stated she was afraid of him and that this was not the first time he had violated the order and attempted to harass her. That was sufficient evidence for Farmer to make a misdemeanor arrest under the statute. The officer reasonably believed his presence there was a violation of the restraining order and that Plaintiff was bothering the victim, justifying his arrest under *§ 22-2401(c)(2)(B)*. Moreover, subsection (d) of the statute would authorize his warrantless arrest.

[HN20] *Section 22-2401(d)* allows an officer to arrest for any crime that is not a tobacco or traffic infraction if the offense is committed in the officer's [*26] view. The United States Supreme Court has upheld this statute, and many like it, under the *Fourth Amendment*. n47

> Accordingly, we confirm today what our prior cases have intimated: [HN21] the standard of probable cause applies to all arrests, without the need to balance the interests and circumstances involved in particular situations. If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the *Fourth Amendment*, arrest the offender. n48

n47 *Atwater v. City of Lago Vista*, 532 U.S. 318, 149 L. Ed. 2d 549, 121 S. Ct. 1536 (2001) (citing, in the appendix, to *Kan. Stat. Ann. § 22-2401(d)*).

n48 *Id. at 354* (citations and internal quotations omitted).

That is the case before this Court. Farmer had probable cause to believe Plaintiff was violating a restraining order right before his very eyes. This justifies a warrantless arrest for a misdemeanor offense.

To prove false arrest, [*27] Plaintiff must show that he was restrained of his liberty, without probable cause. n49 Plaintiff cannot meet this burden. As fully set out above, Farmer had probable cause, at the time of the arrest, to take Plaintiff into custody. While Plaintiff argues in his response that Farmer could have handled the situation differently, such as by asking him to leave instead of arresting him, it is not for Plaintiff to exercise the deputy's discretion when probable cause for an arrest exists. Because Plaintiff cannot even make a prima facie showing for false arrest by Farmer, no claim exists against any of the Defendants. n50

n49 *Price v. Cochran*, 205 F. Supp. 2d 1241, 1250 (D. Kan. 2002).

n50 Plaintiff does argue that his detention pending a bond hearing constituted false imprisonment by the Sheriff and the Board. However, he was arrested and charged on probable cause and he does not allege that he was held longer than was constitutional before being brought before the court for a bond hearing.

[*28]

Even if a claim did exist, all the actors are protected by either qualified immunity because Defendant Farmer's actions were objectively reasonable, or by discretionary immunity under the KTCA.

### III. Conclusion

Plaintiff has failed to present any issue of material fact to overcome summary judgment. His arrest and the subsequent filing of criminal charges were supported by probable cause and no Defendant improperly prosecuted his case. Plaintiff has shown no evidence of failure to train on the part of the Sheriff or the Board and more importantly, cannot establish any constitutional violation to support his claims. As such, the Court is required to grant Defendants' motion for summary judgment.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. 14) is GRANTED on all claims. THIS CASE IS DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated this 24th day of March, 2003.

**JULIE A. ROBINSON**

**UNITED STATES DISTRICT JUDGE**