11/1/2005 Frye, Don

0001

```
 1   IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF COLORADO
 2
     Case No. 2005-WM-377 (BNB)
 3   _____
 4   DEPOSITION OF:  DON STANLEY FRYE
     November 1, 2005
 5   _____
 6   MOISES CARRANZA-REYES,
 7   Plaintiff,
 8   v.
 9   PARK COUNTY, a public entity of the State of Colorado and its
     governing board, THE PARK COUNTY BOARD OF COUNTY
10   COMMISSIONERS; PARK COUNTY SHERIFF'S OFFICE, a public entity
     of the State of Colorado; FRED WEGENER, individually and in
11   his official capacity as Sheriff of Park County, Colorado;
     MONTE GORE, individually and in his capacity as Captain of
12   Park County Sheriff's Department; VICKIE PAULSEN, individually
     and in her official capacity as Registered Nurse for Park
13   County, Colorado; JAMES BACHMAN, M.D., individually and in his
     official capacity as Medical Director of the Park County Jail,
14
     Defendants.
15   _____

18   TAKEN PURSUANT TO NOTICE AND AGREEMENT on behalf of the
19   Plaintiff at 824 Castello, Fairplay, Colorado 80440 at 9:00
20   a.m. before Theresa A. Coffman, Federal Certified Realtime
21   Reporter, Registered Professional Reporter and Notary Public
22   within Colorado.
```

1

---

11/1/2005 Frye, Don

```
                  APPEARANCES
 1   For the Plaintiff:    WILLIAM A. TRINE, ESQ.
 2                         Trine & Metcalf, P.C.
                           1435 Arapahoe
 3                         Boulder, Colorado 80302

                           LLOYD C. KORDICK, ESQ.
 5                         805 South Cascade
                           Colorado Springs, Colorado 80903
 6
                           JOSEPH J. ARCHULETA, ESQ.
 7                         Law Office of Joseph J. Archuleta
                           1724 Ogden Street
 8                         Denver, Colorado 80218
 9   For the Defendants    JENNIFER L. VEIGA, ESQ.
     Park County, Park     Hall & Evans, LLC
10   County Board of       1125 17th Street
     Commissioners, Park   Suite 600
11   County Sheriff's Office, Denver, Colorado 80202
     Wegener and Gore:
12
                           STEPHEN A. GROOME, ESQ.
13                         P.O. Box 1373
                           501 Main Street
14                         Fairplay, Colorado 80440
15   For the Defendant     MELANIE B. LEWIS, ESQ.
     Paulsen:              Berg Hill Greenleaf & Ruscitti LLP
16                         1712 Pearl Street
                           Boulder, Colorado 80302
17
     For the Defendant     ANDREW W. JURS, ESQ.
18   Bachman:              Johnson McConaty & Sargent, P.C.
                           400 South Colorado Boulevard
19                         Suite 900
                           Glendale, Colorado 80246
20
     Also Present:         None
```

2

---

11/1/2005 Frye, Don

```
 1                      I N D E X
 2   EXAMINATION OF DON STANLEY FRYE              PAGE
     November 1, 2005
 3
     By Mr. Trine                                    4
 4
     By Mr. Archuleta                               --
 5
     By Mr. Kordick                                 --
 6
     By Ms. Veiga                                   --
 7
     By Mr. Groome                                  --
 8
     By Ms. Lewis                                   --
 9
     By Mr. Jurs                                   132
10
11                                             INITIAL
12   DEPOSITION EXHIBITS:                       REFERENCE
13   8     Hand-drawn diagram                       84
14
     REQUESTED PORTIONS OF TESTIMONY:               PAGE
15
     Request for document production                --
16   or information
17   Certified question                             --
18   Instruction not to answer                      35
19   Other requests or marked testimony             75
20
21   REFERENCES TO EXHIBITS MARKED PREVIOUSLY:
22   Exhibit No.    Page Reference
23       1              84
         2              50
24       3              29
         4             119
25       6              53
```

3

---

11/1/2005 Frye, Don

```
 1           WHEREUPON, the within proceedings were taken
 2   pursuant to the Federal Rules of Civil Procedure:
 3           (At this time Mr. Groome was not present in
 4   the deposition room.)
 5           DON STANLEY FRYE,
 6   having been first duly sworn to state the whole truth, was
 7   examined and testified as follows:
 8                      EXAMINATION
 9   BY MR. TRINE:
10       Q.  Would you please state your full name and
11   office address for the record.
12       A.  Office address?
13       Q.  Or home address, whichever you prefer using.
14           MS. VEIGA:  Why don't you give them your
15   work address.
16       A.  My name is Don Stanley Frye, and my work
17   address is 1180 County Road 16, Fairplay, Colorado 80440.
18       Q.  (BY MR. TRINE)  And what is your occupation
19   or profession?
20       A.  I am a detentions deputy.
21       Q.  And you're employed at the Park County Jail?
22       A.  That's correct.
23       Q.  What is your educational background?
24       A.  I have two years of college.
25       Q.  Okay.  And your work history and summary
```

Paulsen's A-24

4

11/1/2005 Frye, Don

1  A. No.
2  Q. Didn't talk to or meet with Monte Gore apart
3  from a meeting with counsel?
4  A. I met with the captain some months ago about
5  when this gentleman called me on the phone (indicated).
6  Q. Okay. And any other meetings with Monte
7  Gore or anyone else about this case or meeting with
8  counsel?
9  MS. VEIGA: Other than meeting with counsel?
10 Q. (BY MR. TRINE) I'm sorry, about this case.
11 A. I think a stem-off of letting him know that
12 I was being called by Carranza-Reyes's counsel, I think
13 he asked me about the conditions, and I wrote a report
14 about -- it was in response to the Flume article, and I
15 wrote a report from my recollection of what had occurred
16 when this thing happened, telling him my versions of what
17 had occurred.
18 Q. And what was the approximate date of that
19 report? What month? Do you remember?
20 A. I know it's been -- I'd say probably within
21 a month or maybe two of being called by his counsel.
22 Q. I see.
23 A. And that was not even a meeting for that.
24 It was a meeting regarding something else, and that just
25 came up.

37

11/1/2005 Frye, Don

1  Q. Any other written reports that you were
2  asked to author as a result of the Carranza-Reyes
3  incident?
4  A. I think I've done a total of two reports.
5  One was -- as I recall, I think the day after they
6  evacuated him to the hospital, and then the one I told
7  you about. It was in response to the Flume article.
8  Q. Let's see. Why don't we look next at
9  Exhibit 1. There it is. And if you turn past that first
10 page, you'll see that these are documents numbered in
11 the -- or Bates-stamped in the lower right-hand corner,
12 and they're the Park County Jail sergeant's daily log,
13 and if you'll look at page 45, you'll see that this is an
14 interoffice memorandum from Sergeant Flint to Sergeant
15 Muldoon during the day shift on March 4, 2003, and
16 there's an indication by Sergeant Flint that one of the
17 detainees in D Pod had been complaining of serious pains
18 on his left side, and it was recommended he see the nurse
19 as soon as possible. You see that in that first
20 sentence?
21 A. Yes, I see that.
22 Q. And then in the second paragraph, it
23 indicates that several inmates in D Pod appear to be
24 experiencing chest colds, slash, flu or altitude
25 sickness. Officers placed the coolers in there overnight

38

11/1/2005 Frye, Don

1  with drinks and water. Do you see that?
2  A. Yes, I do.
3  Q. Is this the type of information which would
4  be available to you when you came on shift at midnight
5  that night?
6  MS. LEWIS: Object to the form of the
7  question.
8  A. Yes.
9  Q. (BY MR. TRINE) And when you would come on
10 shift at midnight and learn that one of the detainees had
11 serious pains in his left side and there were others that
12 appeared to be sick, would you customarily follow up on
13 that and observe those inmates?
14 MS. VEIGA: Objection to the form and
15 foundation.
16 A. Yes.
17 Q. (BY MR. TRINE) Do you have a memory of
18 doing so in this case?
19 A. Yes.
20 Q. And when you came on duty that night at
21 midnight, what was the condition of this inmate who had
22 been complaining of serious pains on his left side? Do
23 you remember?
24 A. I was told that he had seen the nurse and
25 that we were treating him for flulike conditions, and

39

11/1/2005 Frye, Don

1  that, per his request, if he needed ibuprofen or
2  Pepto-Bismol, he was allowed to get them. And that if
3  his situation worsened, we were to call her.
4  Q. And did you have any direct contact with him
5  through an interpreter that night?
6  A. Yes.
7  Q. Where did that occur?
8  A. It occurred first in the pod, and during the
9  course of the night, I took him back to medical.
10 Q. And why did you do that?
11 A. I thought if it was altitude sickness, a
12 little oxygen might relieve his discomfort, so I took him
13 back to get oxygen. I had the interpreter with him, and
14 I asked him about his symptoms. He did express that he
15 had a pain in his side. I can't remember exactly where.
16 I remember looking at it. I saw no deformities, no
17 discoloration. I asked about his symptoms, and I did a
18 medical history, like I have been trained to do as a
19 medical first responder.
20 Q. So you have a specific memory of seeing this
21 inmate, Herbert Maprazo-Hazariegos when you came on duty
22 or not?
23 A. I don't know if I recall this particular
24 person. The only one I recall --
25 Q. Well, that's who we've been talking about.

40

11/1/2005 Frye, Don

```
 1      COFFMAN REPORTING & LITIGATION SUPPORT, INC.
                1440 Blake Street, Suite 320
 2                 Denver, Colorado 80202
                       303.893.0202
 3
 4
        November 8, 2005
 5
 6
        ANDREW D. RINGEL, ESQ.
 7      JENNIFER L. VEIGA, ESQ.
        Hall & Evans, LLC
 8      1125 17th Street
        Suite 600
 9      Denver, Colorado 80202
10
11      Re: Carranza-Reyes v. Park County, et al.
        Deposition of: DON STANLEY FRYE
12      Date of Deposition: November 1, 2005
        Trial Date: None set
13
14      Dear Mr. Ringel and Ms. Veiga:
15      Enclosed is the original signature page of the above
        deposition. It was agreed you would arrange for the witness's
16      signature with your copy of the transcript.
17      Amendment sheets are included. After the signature page and
        amendment sheets are signed, please have both notarized and
18      return for filing to . . .
19           this office within 30 days pursuant
                 to Rule 30.
20
        Thank you for your prompt attention to this matter.
21
        Sincerely,
22
23      COFFMAN REPORTING
24      cc: Attending counsel
25              COFFMAN REPORTING        303.893.0202
                  * SUBJECT TO CONFIDENTIALITY DESIGNATIONS *
```

137

11/1/2005 Frye, Don

```
 1      COFFMAN REPORTING & LITIGATION SUPPORT, INC.
                1440 Blake Street, Suite 320
 2                 Denver, Colorado 80202
                       303.893.0202
 3
 4
        WILLIAM A. TRINE, ESQ.
 5      Trine & Metcalf, P.C.
        1435 Arapahoe
 6      Boulder, Colorado 80302
 7
 8      Re: Carranza-Reyes v. Park County, et al.
        Deposition of: DON STANLEY FRYE
 9      Date of Deposition: November 1, 2005
        Trial Date: None set
10
        Enclosed is:
11
      ( )  ORIGINAL TRANSCRIPT. Please retain unopened
12         original until it is required by any party in a
           trial or hearing in the above matter.
13
      ( )  ORIGINAL SIGNATURE PAGE
14          ___with  ___without corrections; copies provided to
            other counsel; please append these sealed originals
15          to original transcript in your possession.
16    ( )  No signature or correction sheets received.
17    ( )  Review of transcript not requested.
18    ( )  30-day review unavailable. Signature/correction
           pages forwarded to counsel handling signature.
19         Original filed in anticipation of trial date.
           See letter within deposition.
20
      ( )  Copy of deposition, signature and correction pages
21         sent to deponent. See letter within deposition.
22    ( )  Signature not applicable.
23      Original transcript filed on _____via_____ _____
24      Follow-up documentation filed on _____via_____ _____
25      cc: Attending counsel
```

138