IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00377-WDM-BNB

MOISES CARRANZA-REYES,

    Plaintiff,

v.

THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
FRED WEGENER, individually and in his official capacity as Sheriff of Park County, Colorado;
MONTE GORE, individually and in his official capacity as Captain of Park County Sheriff's Department; and
VICKIE PAULSEN, individually, and in her official capacity as Registered Nurse for Park County, Colorado,

    Defendants

---

**SUPPLEMENT TO DEFENDANTS' MOTION TO LIMIT EXPERT TESTIMONY BY MICHAEL S. NIEDERMAN, M.D. AND ROBERT B. GREIFINGER, M.D.**

---

Defendants Park County Board of County Commissioners, Fred Wegener, Monte Gore, and Vicki Paulsen, by and through their respective counsel, Andrew D. Ringel, Esq. and Jennifer L. Veiga, Esq. of Hall & Evans, L.L.C. and Josh A. Marks, Esq. and Melanie B. Lewis, Esq. of Berg Hill Greenleaf and Ruscitti, LLP, pursuant to Fed. R. Evid. 702, hereby submit this Supplement to Defendants' Motion to Limit Expert Testimony by Michael S. Niederman, M.D. and Robert B. Greifinger, M.D., as follows:

**INTRODUCTION**

Defendants filed their Motion to Limit Expert Testimony by Michael S. Niederman, M.D. and Robert B. Greifinger, M.D. (hereinafter "Defendants' Motion") on January 2, 2007 (Doc.

127).  Plaintiff filed his Response to Defendants' Motion to Limit Expert Testimony by Michael S. Niederman, M.D. and Robert B. Greifinger, M.D. (hereinafter "Plaintiff's Response") on January 26, 2007 (Doc. 146).  Defendants submitted their Reply in Support of Motion to Limit Expert Testimony by Michael S. Niederman, M.D. and Robert B. Greifinger, M.D. (hereinafter "Defendants' Reply") on February 19, 2007 (Doc. 168).  Defendants' Motion remains pending before this Court and no hearing concerning the Defendants' Motion has been scheduled to date.[1]

In the Defendants' Reply, Defendants noted their intent to file a supplement to their Motion to raise the issue of Robert B. Greifinger, M.D.'s lack of qualifications as an expert in infectious diseases.  [*See* Defendants' Reply, at 11 & n. 4].  Defendants now respectfully submit this supplement to raise the issue of Dr. Greifinger's lack of qualifications as an expert in infectious diseases.  Defendants did not raise the issue of Dr. Greifinger's lack of qualifications in their Reply Brief to allow Plaintiff to respond to the argument as raised separately in a supplement to the Defendants' Motion.

---

[1] Defendants anticipate Plaintiff may argue that this supplement is somehow not timely filed.  First, the Scheduling Order entered by this Court set no deadline for filing motions challenging experts pursuant to Fed. R. Evid. 702 or ***Daubert***.  [*See* Scheduling Order, at 12-16 (Doc. 34)].  Second, no other order entered by this Court in this case established any deadline for such motions.  Third, this Court's local rules of practice do not establish any such deadline either.  [*See* Pretrial and Trial Procedures].  Fourth, Defendants advised both counsel for the Plaintiff and this Court of their intent to file additional motions challenging the Plaintiff's experts in the Final Pretrial Order.  [*See* Final Pretrial Order, at 12 (Doc. 174)].  Fifth, the trial in this matter is set for April 14, 2008, giving the Plaintiff ample opportunity to respond to this supplement and for it to be fully considered by this Court in conjunction with the Defendants' pending Motion.

## ARGUMENT

### I.  DR. GREIFINGER IS NOT QUALIFIED AS AN EXPERT IN INFECTIOUS  DISEASES AND MUST NOT BE ALLOWED TO PRESENT EXPERT TESTIMONY ON INFECTIOUS DISEASE CAUSATION ISSUES

Plaintiff has provided Dr. Greifinger's curriculum vitae.  Review of Dr. Greifinger's curriculum vitae demonstrates Dr. Greifinger was the Deputy Commissioner/Chief Medical Officer of the New York State Department of Correctional Services from 1989 through 1995 and since 1995 has been a "[c]onsultant on the design, management, operation, quality improvement and utilization management for managed care organizations and correctional health care systems."  [*See* Greifinger Curriculum Vitae, at 1, Pl. Exh. 3].  Nothing in Dr. Greifinger's background from 1989 to the present qualifies him as an expert in the field of infectious diseases.  Moreover, during Dr. Greifinger's deposition, he admitted the last time he provided primary health care for any patient as a physician was 1985.  [*See* Greifinger Dep., Vol. I, 8/25/06, at 36, attached as Exh. A-9].  Additionally, Dr. Greifinger in his deposition also admitted that he did not consider himself an expert in Strep A and its infection mechanisms and also did not consider himself an expert in sepsis.  [*See* Greifinger Dep., at 36-37, Exh. A-9].  Finally, Dr. Greifinger specifically testified during his deposition that he was not an expert in the pathophysiology of infectious disease.  [*See* Greifinger Dep., at 39-40, Exh. A-9].  Given that Plaintiff's illness was Strep A that ultimately progressed to sepsis, Dr. Greifinger's lack of expertise in the infection mechanisms of these diseases renders him unqualified to testify as an expert concerning the causation of the Plaintiff's illness.

Indeed, in ***Dukes v. State of Georgia,*** 428 F.Supp.2d 1298 (N.D. Ga. 2006), *aff'd,* 2006 U.S. App. LEXIS 32150 (11th Cir. Dec. 28, 2006), the District Court excluded the proposed

3

expert opinions of Dr. Greifinger pursuant to Fed. R. Evid. 702. In so doing, the District Court specifically concluded Dr. Greifinger was not qualified to offer expert opinions in the field of infectious diseases, as follows:

> The court finds that Dr. Greifinger is qualified as an expert to discuss matters of correctional health. Dr. Greifinger has practiced in the field of correctional medicine for the past sixteen years. Greifinger Report at 1. From 1987 to 1989 he managed medical care at Rikers Island. *Id.* From 1989 to 1995 he served as Deputy Commissioner/Chief Medical Officer for the New York State Department of Correctional Services. *Id.* From 1995 to the present he has been engaged as a consultant in the design, management, and quality improvement of correctional health care systems. *Id.* Such qualifications render Dr. Greifinger as a qualified expert on matters of correctional health.
>
> With respect to Plaintiff's state law claims, it would be inappropriate for Dr. Greifinger to testify as to any matter outside correctional health care. There is no evidence that he has practiced in any field except correctional health care for three of the past five years. Therefore, under O.C.G.A. § 24-9-67.1, he is not competent to testify as to other matters with regard to Plaintiff's state law claims. Specifically, he is not competent to testify as to the standard of care in the fields of internal medicine, infectious disease, or laboratory procedures with regard to Plaintiff's state law claims.
>
> *Moreover, applying a Rule 702 analysis, while Dr. Greifinger is an expert on matters of correctional health, he is not an expert in internal medicine, infectious diseases, or proper laboratory procedure.* Dr. Greifinger is board certified in pediatrics. Greifinger Depo. at 188. Moreover, he has not provided hands-on medical treatment to any inmates since 1985. *Id.* Dr. Greifinger has never treated a patient with cryptococcus meningitis. *Id.* at 214. Therefore, the court concludes that under Rule 702, it would be inappropriate for Dr. Greifinger to testify as an expert with respect to any claim in this case except to aspects of correctional health.

*Id.* at 1313 (emphasis added). No basis exists for this Court to not follow ***Dukes*** here.

Under Fed. R. Evid. 702, Dr. Greifinger must be qualified as an expert in the specific field of expertise at issue or he cannot be allowed to testify. *See, e.g.,* ***Bitler v. A.O. Smith Corp.,*** 400 F.3d 1227, 1233 (10th Cir. 2004), *cert. denied,* 126 S.Ct. 395 (2005) (describing trial court's role as ensuring "an expert employees in the courtroom the same level of intellectual

rigor that characterizes the practice of an expert in the relevant field."); *Lifewise Master Funding v. Telebank,* 374 F.3d 917, 928 (10th Cir. 2004) ("To qualify as an expert, Mr. Livingston was required to possess 'such skill, experience or knowledge in that particular field as to make it appear that his opinion would result on substantial foundation and would tend to aid the trier of fact in his search for truth."). Here, Dr. Greifinger is simply not qualified to provide expert testimony in any field other than correctional health. Dr. Greifinger does not possess sufficient knowledge, experience, training or expertise in the field of infectious diseases to allow him to opine as an expert concerning what caused the Plaintiff's Strep A from an infectious disease or pathophysiological perspective. Accordingly, along with the other reasons previously advanced by the Defendants, this Court must exclude Dr. Greifinger's proposed expert testimony on causation pursuant to Fed. R. Evid. 702 as a matter of law.

## **CONCLUSION**

In conclusion, for all of the foregoing reasons, as well as based upon all of the arguments and authorities contained in their original Motion and Reply, Defendants Board of County Commissioners of Park County, Fred Wegener, Monte Gore and Vicki Paulsen respectfully request this Court issue an order prohibiting Plaintiff's expert witnesses Dr. Niederman and Dr. Greifinger from testifying that the conditions at the Park County Jail either caused Plaintiff to become infected with Strep A bacteria, or caused any existing infection to manifest itself and develop into pneumonia and sepsis, and an order precluding Dr. Niederman from testifying that earlier treatment of the Plaintiff by a physician would have made a difference in the ultimate outcome of the Plaintiff's illness, and for all other and further relief as this Court deems just and appropriate.

Dated this 22nd day of March, 2007.

Respectfully submitted,


s/ Andrew D. Ringel_____
Andrew D. Ringel, Esq.
Jennifer L. Veiga, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, Colorado 80202-2052
Tel:  (303) 628-3300
Fax:  (303) 293-3238

**ATTORNEYS FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, FRED WEGENER AND MONTE GORE**

and

Josh A. Marks, Esq.
Melanie B. Lewis, Esq.
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
Tel: (303) 402-1600
Fax: (303) 402-1601
jam@bhgrlaw.com
mbl@bhgrlaw.com

**ATTORNEYS FOR DEFENDANT VICKI PAULSEN**

**CERTIFICATE OF SERVICE (CM/ECF)**

  I HEREBY CERTIFY that on the 22nd day of March, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Joseph J. Archuleta, Esq.<br>archuletalaw@qwest.net | Lloyd C. Kordick, Esq.<br>lloyd@kordicklaw.com |
| William A. Trine, Esq.<br>btrine@trine-metcalf.com | Adele P. Kimmel, Esq.<br>akimmel@public justice.net |
| Josh A. Marks, Esq.<br>jam@bhgrlaw.com | |
| Melanie B. Lewis, Esq.<br>mbl@bhgrlaw.com | |

          s/Loree Trout,   Secretary
          Andrew D. Ringel, Esq.
          Jennifer L. Veiga, Esq.
          Hall & Evans, L.L.C.
          1125 17th Street, Suite 600
          Denver, CO 80202-2052
          303-628-3300
          Fax: 303-293-3238
          ringela@hallevans.com

          **ATTORNEYS FOR DEFENDANTS PARK COUNTY BOARD OF COUNTY COMMISSIONERS, FRED WEGENER AND MONTE GORE**

H:\Users\RINGELA\park\Carranza-Reyes\suppl to MIL niederman and greifinger.doc