IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00377-WDM-BNB

MOISES CARRANZA-REYES

    Plaintiff,

v.

THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS; FRED WEGENER, individually and in his official capacity as Sheriff of Park County, Colorado; MONTE GORE, individually and in his capacity as Captain of Park County Sheriff's Department; VICKIE PAULSEN, individually and in her official capacity as Registered Nurse for Park County, Colorado,

    Defendants.

_____

**PLAINTIFF'S RESPONSE TO SUPPLEMENT TO DEFENDANTS'
MOTION TO LIMIT EXPERT TESTIMONY BY
MICHAEL S. NIEDERMAN, M.D. AND
ROBERT B. GREIFINGER, M.D.**

_____

    Plaintiff, by and through his counsel, Bill Trine of Trine & Metcalf, P.C., hereby requests that the Court strike the Defendants' "Supplement" and does otherwise respond to that Supplement as follows:

**I.    The Court should strike the "Supplement" and not consider its content.**

    The "Supplement" attempts to again address issues raised and briefed at length in Defendants' Motion to Limit Expert Testimony by Michael S. Niederman, M.D., and Robert B. Greifinger, M.D., at pages 14-17, Plaintiff's Response to that Motion at pages 7 and 8, and Defendants' Reply at pages 9-12. Defendants did not seek the Court's permission to file a supplement, perhaps because there is no rule permitting the filing of supplemental briefs and, in

addition, good cause could not be shown for leave to file briefs on issues already raised and briefed. Further, Defendants are apparently now attempting to argue something they believe they overlooked in their original Motion and would not properly be addressed in their Reply Brief.

Defendants state that they failed to "raise the issue of Dr. Greifinger's lack of qualifications in their Reply Brief," and are now raising the issue in their "Supplement." (Supplement at p. 2). However, Defendants did raise the issue of Dr. Greifinger's lack of qualifications in their Reply Brief at the bottom of page 18, pages 19 and 23. They then attached pages of Dr. Geifinger's deposition testimony in support of their arguments as Exhibit A-8.

## II.     Dr. Greifinger's qualifications to render opinions on causation are well-established.

It should be noted that the fact that Plaintiff developed a red, sore throat, fever and symptoms of an infection while at the Park County Jail is not in dispute. The fact that he developed a Strep A infection while at the Park County Jail is not in dispute. The fact that the Strep A infection was not treated with antibiotics at the Park County Jail is not in dispute. The fact that the untreated strep throat then developed into sepsis, pneumonia and septic shock is not in dispute. These undisputed facts are listed in the Motions for Summary Judgment and Responses thereto.

Dr. Greifinger is well qualified to testify that overcrowded and unsanitary conditions in a jail cell can enhance the development of strep throat; that strep throat can be diagnosed with a culture and can be successfully treated with antibiotics when antibiotics are administered in a timely fashion. He is qualified to testify that strep throat, if untreated, can lead to sepsis and pneumonia. As a pediatrician, he diagnosed and treated hundreds of cases of strep throat. A physician does not have to be an expert in infectious disease to know the symptoms of strep throat and to administer antibiotics. Any medical student, and perhaps the lay public, has this knowledge. However, Dr.

2

Greifinger's qualifications clearly enable him to render the opinions set forth in his deposition testimony and in his written reports regarding causation.

Dr. Greifinger's summary of experience is attached to Plaintiff's Response to Defendants' Motion to Limit Dr. Greifinger's Testimony as Exhibit 3. His publications on communicable disease and correctional facilities is extensive, as is his development and implementation of infection control programs in correctional facilities. He has extensive experience on the effects of overcrowding and unsanitary conditions on the development and spread of infections in correctional facilities. From 1987 – 1989, he was responsible for the operation of the medical care program at Rikers Island, which is New York City's Jail (Greifinger Depo At 19, **Exhibit 1**). He has treated patients with Strep A infection (Greifinger Depo. at 35-36, **Exhibit 1**). He reviewed all of the relevant materials and concluded that the sanitary conditions in Pod D were egregious and unconscionable during the period of March 1-8, 2003 (Greifinger Depo. at 89, **Exhibit 1**); that overcrowding was a significant factor in the creation of the unsanitary conditions and in the stress to the immune systems of the detainees confined in Pod D, including the Plaintiff (Greifinger Depo. at 90, **Exhibit 1**). He concluded that the crowded and unsanitary conditions in Pod D during March 1-8 caused Plaintiff to get sick with strep disease, and the lack of timely and appropriate medical care led to his near-death, amputation and other complications (Greifinger Depo. at 93, **Exhibit 1**).

Dr. Greifinger testified that many people carry Strep A and Plaintiff either was infected with Strep A at the jail, or already had it in his body and the stressful conditions of overcrowding, unhygienic clothing, toileting and general conditions stressed his body allowing the strep bacteria to become symptomatic and cause illness (Greifinger Depo. at 94-95, **Exhibit 1**). As a medical doctor,

3

pediatrician and expert on the spread of communicable disease, including infections, in correctional facilities, Dr. Greifinger clearly has the qualifications to render his proffered expert opinions.

DATED this 2nd day of April, 2007.

                              Respectfully submitted,


                              By:  s/ William A. Trine, Esq.

                              William A. Trine, #577
                              Cheryl L. Trine, #38150
                              Trine & Metcalf, PC
                              1435 Arapahoe Avenue
                              Boulder Colorado 80302-6390
                              (303) 442-0173

                              Joseph J. Archuleta, #19426
                              Joseph J. Archuleta and Associates
                              1724 Ogden Street
                              Denver Colorado 80218
                              (303) 837-1642

                              Lloyd C. Kordick, #6298
                              Lloyd C. Kordick & Associates
                              805 S. Cascade Avenue
                              Colorado Springs Colorado 80903
                              (719) 475-8460

                              Adele Kimmel, Esq.
                              Trial Lawyers for Public Justice
                              1717 Massachusetts Avenue, N.W.
                              Suite 800
                              Washington, D.C. 20030
                              (202) 797-8600

                              Attorneys for Plaintiff

**CERTIFICATE OF MAILING/SERVICE**

The undersigned hereby certifies that on this 2nd day April, 2007, a true and correct copy of the foregoing pleading was e-served via Electronic Case Filing and/or placed in the United States Mail, postage prepaid, and properly addressed to:

Joseph Archuleta
Attorney at Law
1724 Ogden Street
Denver, Colorado 80218-1018
*Co-Counsel for Plaintiff*

Lloyd C. Kordick,
Attorney at Law
805 S. Cascade
Colorado Springs, CO 80903
*Co-Counsel for Plaintiff*

Adele P. Kimmel
Richard H. Frankel
Trial Lawyers for Public Justice
1717 Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20030
*Co-Counsel for Plaintiff*

Andrew Ringel
Jennifer L. Veiga
Hall & Evans
1125 17th Street, Suite 600
Denver, CO 80202-2052
*Counsel for Defendant Park County, Park County Board of*
*County Commissioners, Park County Sheriff's Office,*
*Fred Wegener, and Monte Gore*

Josh A. Marks
Berg, Hill, Greenleaf & Ruscitti
1712 Pearl Street
Boulder, CO  80302
*Counsel for Defendant Vicki Paulsen*

5

                                        s/ Elizabeth Peach_____

6