IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00377-WDM-BNB

MOISES CARRANZA-REYES,

    Plaintiff,

v.

THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
FRED WEGENER, individually and in his official capacity as Sheriff of Park County, Colorado;
MONTE GORE, individually and in his official capacity as Captain of Park County Sheriff's Department; and
VICKIE PAULSEN, individually, and in her official capacity as Registered Nurse for Park County, Colorado,

    Defendants

---

**REPLY IN SUPPORT OF SUPPLEMENT TO DEFENDANTS'
MOTION TO LIMIT EXPERT TESTIMONY BY MICHAEL S. NIEDERMAN, M.D.
AND ROBERT B. GREIFINGER, M.D.**

---

Defendants Park County Board of County Commissioners, Fred Wegener, Monte Gore, and Vicki Paulsen, by and through their respective counsel, Andrew D. Ringel, Esq. and Jennifer L. Veiga, Esq. of Hall & Evans, L.L.C. and Josh A. Marks, Esq. and Melanie B. Lewis, Esq. of Berg Hill Greenleaf and Ruscitti, LLP, pursuant to Fed. R. Evid. 702, hereby submit this Reply in Support of Supplement to Defendants' Motion to Limit Expert Testimony by Michael S. Niederman, M.D. and Robert B. Greifinger, M.D., as follows:

    1.    Defendants filed their Motion to Limit Expert Testimony by Michael S. Niederman, M.D. and Robert B. Greifinger, M.D. (hereinafter "Defendants' Motion") on January 2, 2007 (Doc. 127). Plaintiff filed his Response to Defendants' Motion to Limit Expert

Testimony by Michael S. Niederman, M.D. and Robert B. Greifinger, M.D. (hereinafter "Plaintiff's Response") on January 26, 2007 (Doc. 146).  Defendants submitted their Reply in Support of Motion to Limit Expert Testimony by Michael S. Niederman, M.D. and Robert B. Greifinger, M.D. (hereinafter "Defendants' Reply") on February 19, 2007 (Doc. 168). Defendants' Motion remains pending before this Court.

2.      In the Defendants' Reply, Defendants noted their intent to file a supplement to their Motion to raise the issue of Robert B. Greifinger, M.D.'s lack of qualifications as an expert in infectious diseases.  [*See* Defendants' Reply, at 11 & n. 4].  On March 22, 2007, Defendants filed a Supplement to Defendants' Motion to Limit Expert Testimony by Michael S. Niederman, M.D. and Robert B. Greifinger, M.D. (hereinafter "Defendants' Supplement") (Doc. 181). Plaintiff filed his Response to Supplement to Defendants' Motion to Limit Expert Testimony by Michael S. Niederman, M.D. and Robert B. Greifinger, M.D. (hereinafter "Plaintiff's Response to Supplement") (Doc. 184) on April 2, 2007.  Now, Defendants respectfully submit this Reply in Support of Supplement to Defendants' Motion to Limit Expert Testimony by Michael S. Niederman, M.D. and Robert B. Greifinger, M.D.

3.      First, Plaintiff argues this Court should strike the Defendants' Supplement and not consider its content.  [*See* Plaintiff's Response to Supplement, at 1-2].  Initially, Plaintiff argues that Defendants already have raised the issue of Robert B. Greifinger, M.D.'s lack of qualifications as an expert in infectious diseases.  [*See* Plaintiff's Response to Supplement, at 1-2].  If Plaintiff is correct, then the Defendants have already presented the issue to this Court and this Court should address Dr. Greifinger's qualifications as an expert in infectious diseases as part of its determination as to whether Dr. Greifinger may appropriately testify pursuant to Fed.

2

R. Evid. 702.  If Plaintiff wants to stand by this proposition and allow this Court to examine whether Dr. Greifinger is an appropriate infectious disease expert that is fine with the Defendants.  However, review of the Plaintiff's citations to the prior briefing reveals that while Defendants did challenge Dr. Greifinger's medical causation opinion as insufficiently reliable under Fed. R. Evid. 702, Defendants did not actually also challenge Dr. Greifinger's lack of qualifications to be an expert in the field of infectious diseases in the first place.  [*See* Defendants' Motion, at 14-17; Defendants' Reply, at 9-12].  Further, Plaintiff challenges the propriety of the Defendants' submission of a Supplement to their Motion.  [*See* Plaintiff's Response to Supplement, at 1-2].  However, Plaintiff ignores the fact that no deadline was ever established in this matter for the parties to file any motions pursuant to Fed. R. Evid. 702 or ***Daubert***.  [*See* Defendants' Supplement, at 2 n. 1].  Given this reality, the fact that nothing contained in Fed. R. Evid. 702 requires a party challenging an expert to file a pre-trial motion, and the requirement under ***Daubert*** and its progeny that this Court engage in its Fed. R. Evid. 702 gatekeeper function prior to admitting any expert testimony, it would elevate form over substance for this Court not to consider whether Dr. Greifinger is qualified as an infectious disease expert prior to allowing his medical causation testimony regardless of how and in what form the issue was raised by Defendants.[1]

    4.    Second, Plaintiff argues Dr. Greifinger possess the qualifications to render a causation opinion.  [*See* Plaintiff's Response to Supplement, at 2-4].  Essentially, Plaintiff argues

---

[1] Indeed, this Court issued a Minute Order on April 12, 2007, providing the first deadline for Fed. R. Evid. 702 motions ever established in this case of June 18, 2007.  Thus, even if the Plaintiff can someone successfully construe the Defendants' Supplement as a new Fed. R. Evid. 702 motion concerning Dr. Greifinger it is clearly permissible under this Court's Minute Order of April 12, 2007.

that because Dr. Greifinger is a physician and an expert in correctional health care he has the qualifications to opine about the cause of the Plaintiff's Strep A. [*See* Plaintiff's Response to Supplement, at 2-4]. Plaintiff misapplies the requirements of Fed. R. Evid. 702 to the proposed expert testimony of Dr. Greifinger on the causation of the Plaintiff's illness.

5. At issue here is whether Dr. Greifinger possesses the requisite qualifications as an expert to opine on the issue of infectious disease. As Plaintiff notes, "Dr. Greifinger testified that many people carry strep A and Plaintiff either was infected with Strep A at the jail, or already had it in his body and the stressful conditions of overcrowding, unhygienic clothing, toileting and general conditions stressed his body allowing the strep bacteria to become symptomatic and cause illness." [*See* Plaintiff's Response to Supplement, at 3]. Plaintiff's own description of Dr. Greifinger's proposed expert testimony demonstrates for Dr. Greifinger to appropriately testify in this fashion requires Dr. Greifinger be an expert in the pathophysiology of infectious disease. Unless Dr. Greifinger possesses the expertise to offer an opinion in detail as to what causes Strep A, how Strep A becomes symptomatic in particular individuals, what environmental or other conditions can make non-symptomatic Strep A symptomatic in a particular individual, and then apply that specific expertise to the facts of the Plaintiff's Strep A, Dr. Greifinger cannot be allowed to testify as an expert on causation in this case. Here, Dr. Greifinger has admitted a variety of critical facts that render him unqualified to offer the causation opinion sought to be introduced by Plaintiff. Since 1989, Dr. Greifinger has worked as either the Deputy Commissioner/Chief Medical Officer of the New York State Department of Correctional Services or as a correctional health care consultant. [*See* Greifinger Curriculum Vitae, at 1, Pl. Exh. 3]. The last time Dr. Greifinger provided primary health care for any patient

4

as a physician was twenty-two (22) years ago in 1985. [*See* Greifinger Dep., Vol. I, 8/25/06, at 36, Def. Exh. A-9]. Specifically, Dr. Greifinger in his deposition admitted that he did not consider himself an expert in Strep A and its infection mechanisms, did not consider himself an expert in sepsis, and also did not consider himself an expert in the pathophysiology of infectious disease. [*See* Greifinger Dep., at 36-37 & 39-40, Def. Exh. A-9].[2] Nowhere in Plaintiff's Response to Supplement does Plaintiff question these fundamental admissions by Dr. Greifinger concerning his lack of expertise in infection mechanisms of Strep A and sepsis. The absence of any such expertise by Dr. Greifinger renders him unqualified to opine about the causation of the Plaintiff's illness under Fed. R. Evid. 702 as a matter of law.

    6.  Third, Plaintiff ignores the decision in ***Dukes v. State of Georgia,*** 428 F.Supp.2d 1298 (N.D. Ga. 2006), *aff'd,* 2006 U.S. App. LEXIS 32150 (11th Cir. Dec. 28, 2006), which excluded the proposed expert opinions of Dr. Greifinger pursuant to Fed. R. Evid. 702 on the basis that Dr. Greifinger was not qualified to offer expert opinions in the field of infectious diseases. Despite the fact Defendants quoted extensively from ***Dukes*** in their Supplement, Plaintiff entirely ignores the ***Dukes*** decision in the Plaintiff's Response to Supplement. [*Compare* Defendants' Supplement, at 3-5 *with* Plaintiff's Response to Supplement, at 1-4]. The District Court in ***Dukes*** analyzed Dr. Greifinger's background and qualifications as an expert witness and specifically concluded Dr. Greifinger was not an expert in infectious diseases. ***Dukes,*** 428 F.Supp.2d at 1313. Plaintiff offers no basis whatsoever for this Court not to follow

---

[2] Pathophysiology is defined as "the physiology of diseased function." In turn, pathogenesis is defined as "the development of morbid conditions or of disease; more specifically the cellular events and reactions and other pathologic mechanisms occurring in the development of disease." Dorland's Illustrated Medical Dictionary, at 1241-1242 (27th ed. 1988).

5

*Dukes* in the instant case and similarly exclude Dr. Grefinger's proposed expert testimony on the infectious disease mechanisms of Strep A generally, and his opinions concerning what allegedly caused Plaintiff's Strep A infection specifically.

WHEREFORE, for all of the foregoing reasons, as well as based upon all of the arguments and authorities contained in their Motion, Reply and Supplement, Defendants Board of County Commissioners of Park County, Fred Wegener, Monte Gore and Vicki Paulsen respectfully request this Court issue an order prohibiting Plaintiff's expert witnesses Dr. Niederman and Dr. Greifinger from testifying that the conditions at the Park County Jail either caused Plaintiff to become infected with Strep A bacteria, or caused any existing infection to manifest itself and develop into pneumonia and sepsis, and an order precluding Dr. Niederman from testifying that earlier treatment of the Plaintiff by a physician would have made a difference in the ultimate outcome of the Plaintiff's illness, and for all other and further relief as this Court deems just and appropriate.

Dated this 13th day of April, 2007.

        Respectfully submitted,

        s/ Andrew D. Ringel_____
        Andrew D. Ringel, Esq.
        Jennifer L. Veiga, Esq.
        Hall & Evans, L.L.C.
        1125 17th Street, Suite 600
        Denver, Colorado 80202-2052
        Tel:  (303) 628-3300
        Fax:  (303) 293-3238

        **ATTORNEYS FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, FRED WEGENER AND MONTE GORE**

and

        Josh A. Marks, Esq.
        Melanie B. Lewis, Esq.
        Berg Hill Greenleaf & Ruscitti, LLP
        1712 Pearl Street
        Boulder, CO 80302
        Tel: (303) 402-1600
        Fax: (303) 402-1601
        jam@bhgrlaw.com
        mbl@bhgrlaw.com

        **ATTORNEYS FOR DEFENDANT VICKI PAULSEN**

7

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 13th day of April, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Joseph J. Archuleta, Esq.
archuletalaw@qwest.net

William A. Trine, Esq.
btrine@trine-metcalf.com

Josh A. Marks, Esq.
jam@bhgrlaw.com

Melanie B. Lewis, Esq.
mbl@bhgrlaw.com

Lloyd C. Kordick, Esq.
lloyd@kordicklaw.com

Adele P. Kimmel, Esq.
akimmel@public justice.net

s/Loree Trout,   Secretary
Andrew D. Ringel, Esq.
Jennifer L. Veiga, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3300
Fax: 303-293-3238
ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS PARK COUNTY BOARD OF COUNTY COMMISSIONERS, FRED WEGENER AND MONTE GORE**