IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00377-WDM-BNB

MOISES CARRANZA-REYES,

      Plaintiff,

v.

THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;
FRED WEGENER, individually and in his official capacity as Sheriff of Park County, Colorado;
MONTE GORE, individually and in his official capacity as Captain of Park County Sheriff's Department; and
VICKIE PAULSEN, individually, and in her official capacity as Registered Nurse for Park County, Colorado,

      Defendants

---

## SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

---

      Defendants Park County Board of County Commissioners, Fred Wegener, and Monte Gore, by and through their counsel, Andrew D. Ringel, Esq. and Jennifer L. Veiga, Esq. of Hall & Evans, L.L.C., pursuant to Fed. R. Civ. P. 56 and this Court's Minute Order dated April 25, 2007, hereby submit this Supplemental Motion for Summary Judgment, as follows:

### INTRODUCTION

      Plaintiff Moises Carranza-Reyes brings this action pursuant to 42 U.S.C. § 1983 and Colorado law against the Defendants arising from his incarceration in the Park County Jail from March 1, 2003, through March 8, 2003.  Plaintiff's remaining claims are:  (1) a claim pursuant to 42 U.S.C. § 1983 against Defendants Park County Board of County Commissioners, Fred Wegener, and Monte Gore alleging violations of the Plaintiff's rights protected by the Eighth and

Fourteenth Amendments to the United States Constitution; (2) a claim pursuant to 42 U.S.C. § 1983 against Defendant Vicki Paulsen, R.N. for violations of his Eighth and Fourteenth Amendment rights to adequate medical care; and (3) negligence against Ms. Paulsen.

Defendants Board of County Commissioners of Park County ("Board"), Fred Wegener, the Sheriff of Park County, and Monte Gore, at the time of Plaintiff's detention a Captain of Park County, filed their Motion for Summary Judgment ("Defendants' MSJ") on December 13, 2006. Plaintiff submitted his Response to Motion for Summary Judgment from Defendants Park County Board of County Commissioners, Fred Wegener and Monte Gore ("Plaintiff's Response") on January 11, 2007.  On February 12, 2007, these Defendants filed their Reply Brief in Support of Motion for Summary Judgment ("Defendants' Reply MSJ").

On March 22, 2007, these Defendants filed a Motion for Leave to Submit Supplemental Motion for Summary Judgment to address the Plaintiff's Fourteenth Amendment due process and equal protection claims the Defendants did not know Plaintiff was attempting until preparation of the Final Pretrial Order in this matter.  [*See* Motion for Leave to Submit Supplemental Motion for Summary Judgment, March 22, 2007 (Doc. 179); Reply in Support of Motion for Leave to Submit Supplemental Motion for Summary Judgment, April 12, 2007 (Doc. 188)].  This Court, in a Minute Order dated April 25, 2007, granted these Defendants' Motion for Leave to Submit Supplemental Motion for Summary Judgment.  [*See* Minute Order, April 25, 2007 (Doc. 192)].   Now, Defendants Park County Board of County Commissioners, Fred Wegener, and Monte Gore respectfully submit this Supplemental Motion for Summary

Judgment.  These Defendants are entitled to summary judgment on the Plaintiff's due process and equal protection theories as a matter of law.[1]

## STATEMENT OF UNDISPUTED MATERIAL FACTS[2]

1-138.  Pursuant to Fed. R. Civ. P. 10(c), Defendants incorporate herein by reference their Statement of Undisputed Material Facts, paragraphs 1-138, in their entirety, as if they were included herein.  [*See* Defendants' MSJ, at 3-22].  Defendants also incorporate herein by reference their Reply Concerning Plaintiff's Response to Defendants' Statement of Undisputed Material Facts.  [*See* Defendants' Reply MSJ, at 2-4].

139.  Another detainee translated for Plaintiff during his visits with Nurse Paulsen.  [*See* Moises Carranza-Reyes Dep., at 263-264, 278-279 & 297-298, Exh. A-52; Abraham Carranza-Reyes Dep., at 179, Exh. A-53; Vicki Paulsen Dep., at 51-52, 79,  102-103 & 211-212, Exh. A-54; Paulsen Nursing Notes, A-32].

---

[1]   In their Motion for Leave to Submit Supplemental Motion for Summary Judgment, these Defendants noted because Paragraph 47 of Plaintiff's Second Amended Complaint represents the only reference to the Plaintiff's due process and equal protection theories and appears in the Plaintiff's First Claim for Relief, which attempts a claim against Defendants Park County Board of County Commissioners, Fred Wegener and Monte Gore, the Plaintiff's due process and equal protection claims cannot be against Defendant Vicki Paulsen.  [*See* Motion for Leave to Submit Supplemental Motion for Summary Judgment, at 2 n.1].  In responding to these Defendants' Motion for Leave, Plaintiff did not contradict this conclusion and offered no suggestion his equal protection and due process claims were also against Defendant Paulsen.  [*See* Plaintiff's Response to Motion for Leave to Submit Supplemental Motion for Summary Judgment, at 1-14].

[2]   As in their Motion for Summary Judgment, Defendants state the following facts are undisputed for purposes of this summary judgment only.  Defendants specifically reserve the right to contest each and every one of these facts at any later stage of these proceedings including at trial.

140.    Neither Plaintiff nor Nurse Paulsen describes any problem with communication between the two of them through the detainee interpreter.  [*See* Moises Carranza-Reyes Dep., at 263-264, 278-279 & 297-298, Exh. A-52; Paulsen Dep., at 51-52, 79, 102-103 & 211-212 Exh. A-54].

## ARGUMENT

### I.  DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S DUE PROCESS AND EQUAL PROTECTION THEORIES BASED ON THE ARGUMENTS PREVIOUSLY RAISED IN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The arguments raised by the Defendants in their Motion for Summary Judgment and Reply in Support of Motion for Summary Judgment apply with equal force to the Plaintiff's 42 U.S.C. § 1983 Fourteenth Amendment due process and equal protection theories.  As a result, Defendants, pursuant to Fed.. R. Civ. P. 10(c), incorporate herein by reference their prior arguments for summary judgment.  First, the Board of County Commissioners of Park County has no supervisory responsibility over the Park County Jail as a matter of Colorado law and no custom, policy or practice of the Board of County Commissioners violated Plaintiff's constitutional rights, including his Fourteenth Amendment due process and equal protection constitutional rights.  [*See* Defendants' MSJ, at 22-29; Defendants' Reply MSJ, at 35-46].  Second, Plaintiff states no viable claim for any alleged constitutional violation against Sheriff Fred Wegener in either his individual or official capacity and Sheriff Wegener is entitled to qualified immunity from the Plaintiff's claims against him in his individual capacity.  [*See* Defendants' MSJ, at 29-50; Defendants' Reply MSJ, at 46-57].  Third, Captain Monte Gore is also entitled to qualified immunity from the Plaintiff's claims against him in his individual capacity.  [*See* Defendants' MSJ, at 50-54; Defendants' Reply MSJ, at 58-60].

## II.  PLAINTIFF STATES NO VIABLE DUE PROCESS
## CLAIM AGAINST THESE DEFENDANTS

Plaintiff's Second Amended Complaint does not specify with any particularity either the factual or legal basis of the Plaintiff's Fourteenth Amendment Due Process Clause claim. Instead, the sole reference to due process anywhere in the Plaintiff's Second Amended Complaint is limited to a single sentence.  [*See* Plaintiff's Second Amended Complaint, ¶ 47]. However, whatever the nature of the Plaintiff's due process claim the Defendants are entitled to summary judgment on such a claim as a matter of law.

First, any conditions of confinement claim Plaintiff attempts pursuant to the Due Process Clause of the Fourteenth Amendment is subject to the Eighth Amendment standard previously analyzed by the Defendants.  Plaintiff suggests one aspect of his due process theory is the overall conditions of confinement in the Park County Jail.  [*See* Plaintiff's Response to Motion for Leave to Submit Supplemental Motion for Summary Judgment, at 8-11].  In their Motion for Summary Judgment, Defendants explained that a Fourteenth Amendment due process claim of unconstitutional conditions of confinement brought by a pretrial detainee is subject to the Eighth Amendment conditions of confinement standard.  [*See* Defendants' MSJ, at 29-31 and n. 6 (providing applicable precedent)].  Plaintiff has never disputed this legal proposition.  [*See* Plaintiff's Response, at 1-51].  Defendants have previously analyzed the Plaintiff's conditions of confinement claim against the applicable Eighth Amendment standard in considerable detail. [*See* Defendants' MSJ, at 29-54; Defendants' Reply MSJ, at 46-60].  Plaintiff's attempted due process conditions of confinement claim is subject to this prior analysis and summary judgment is appropriate based on the arguments and authorities previously raised by the Defendants.

Second, any due process claim for denial of constitutionally adequate medical care is also subject to the Eighth Amendment standard.  Plaintiff contends his Fourteenth Amendment due process claim is based in part on the allegation he received constitutionally inadequate medical care.  [*See* Plaintiff's Response to Motion for Leave to Submit Supplemental Motion for Summary Judgment, at 4-5].  Again, in their Motion for Summary Judgment, Defendants described how any Fourteenth Amendment denial of medical care claim is also governed by the Eighth Amendment standard.  [*See* Defendants' MSJ, at 31-33].  And again, Plaintiff failed to dispute this point.  [*See* Plaintiff's Response, at 1-51].  Defendants have also previously analyzed the Plaintiff's claim of denial of medical care.  [*See* Defendants' MSJ, at 31-33, 37, 47-49 & 50-51; Defendants' Reply MSJ, at 50-51, 56-57 & 58-59].  Plaintiff's effort to state a Fourteenth Amendment due process denial of medical care claim is governed by this prior analysis and summary judgment is therefore appropriate based on Defendants' prior arguments and authorities.

Third, the only specific due process claim identified by Plaintiff at any time other than his general conditions of confinement and denial of medical care claims is the allegation his due process rights were violated by failing to provide him with a Spanish-English interpreter in the context of providing Plaintiff with medical care.  [*See* Plaintiff's Response to Motion for Leave to Submit Supplemental Motion for Summary Judgment, at 2-4].  Such a claim by the Plaintiff fails for multiple reasons.  Initially, as a matter of fact, Plaintiff was provided a detainee Spanish-English interpreter during his interactions for medical care from Nurse Paulsen.  [¶¶ 96-98, 104-

105, 121 & 139-140].[3]  Plaintiff has not alleged and cannot demonstrate he suffered any injury as a result of his communications with Nurse Paulsen.  Nowhere in Plaintiff's Second Amended Complaint does Plaintiff allege the lack of a different interpreter caused him any difficulty in communicating with Nurse Paulsen at any time.  [*See* Plaintiff's Second Amended Complaint, ¶¶ 7 & 28-36].  Indeed, Plaintiff makes no such allegation in the Final Pretrial Order either.  [*See* Final Pretrial Order, at 2-6 (Doc. 174)].  Nowhere in his deposition does Plaintiff testify he had difficulty understanding Nurse Paulsen or he received inadequate medical care because of any language barrier or inadequate interpretation.  Nowhere does Plaintiff suggest he requested any additional Spanish-English interpreter from Nurse Paulsen or anyone else working at the Park County Jail at any time during his detention because he could not appropriately and effectively communicate with Nurse Paulsen or the jail deputies concerning his medical needs.

Further, no member of the Board of County Commissioners of Park County personally participated in any decision concerning whether to provide a staff member Spanish-English interpreter and no custom, policy or practice of the Board exists concerning the type of interpreters in the Jail.  No evidence exists Sheriff Wegener or Captain Gore were involved in any manner concerning whether Plaintiff or anyone else in the Jail received a particular Spanish-English interpreter.  No evidence either Sheriff Wegener or Captain Gore was aware that any alleged problem with the Plaintiff or any other detainee concerning interpretation existed prior to the Plaintiff's detention.  No evidence exists that any custom, policy or practice of the Sheriff about a Spanish-English interpreter caused any injury to the Plaintiff.  Absent a causal

---

[3]  Once again, for ease of reference, citations to factual references are made to the paragraph numbers of the Statement of Undisputed Material Facts contained in the Defendants' Motion for Summary Judgment and this Supplemental Motion above.

connection between the alleged failure to provide a different interpreter for the Plaintiff and some injury suffered by the Plaintiff no claim can succeed on this basis.

Additionally, with respect to the Plaintiff's claim against Sheriff Wegener and Captain Gore in their individual capacities, not only does Plaintiff's claim that he suffered a due process violation because he was not provided an appropriate Spanish-English interpreter fail on its merits, but Sheriff Wegener and Captain Gore are also entitled to qualified immunity from any such claim.  Under Tenth Circuit law, Sheriff Wegener and Captain Gore are entitled to qualified immunity from this claim unless the Plaintiff can demonstrate a decision from the United States Supreme Court or the Tenth Circuit is on point, or the clearly established weight of authority from other federal courts exists to create clearly established law for qualified immunity purposes. *Wilson v. Meeks,* 52 F.3d 1547, 1552 (10th Cir. 1995); *Medina v. City & County of Denver,* 960 F.2d 1493, 1498 (10th Cir. 1992).  Here, at most, Plaintiff has pointed to *Clarkson v. Coughlin,* 898 F.Supp. 1019 (S.D.N.Y. 1995), a single decision from the United States District Court for the Southern District of New York.  [*See* Plaintiff's Response to Motion for Leave to Submit Supplemental Motion for Summary Judgment, at 2-4].  However, a decision from one district court is insufficient to create clearly established law under the above Tenth Circuit precedents.  Further, the District Court in *Clarkson* did not hold that an interpreter was required for non-English speakers as a constitutional right.  Instead, the District Court in *Clarkson* actually held an interpreter was required by New York's public health law on informed consent and a due process property interest was created on that basis.  *See Clarkson,* 898 F.Supp. at 1048-49. Moreover, the District Court in *Clarkson* engages in no analysis of whether the due process right it identified was clearly established for qualified immunity purposes.  *Clarkson,* 898 F.Supp. at

1038-1042 & 1048-1049.  As such, Plaintiff cannot overcome Sheriff Wegener's and Captain Gore's qualified immunity with respect to his claim his constitutional rights were violated by the failure to provide him an adequate Spanish-English interpreter.

Fourth, no other potential substantive due process claim exists here.  The United States Supreme Court has urged extreme caution in recognizing rights protected by substantive due process.  Such rights exist only under extremely limited circumstances.  *See generally **Reno v. Flores,*** 507 U.S. 292, 302 (1993); ***Collins v. Harker Heights,*** 503 U.S. 115, 125 (1992); ***Camuglia v. City of Albuquerque,*** 448 F.3d 1214, 1223 (10th Cir. 2006); ***Tonkovich v. Kansas Bd. of Regents,*** 159 F.3d 504, 528 (10th Cir. 1998).  Other than the theories discussed above, no basis exists for this Court to recognize any other theory of liability against the Defendants under the substantive component of the Due Process Clause of the Fourteenth Amendment.

Fifth, to any extent Plaintiff attempts a procedural due process claim, Plaintiff would be required to establish either a protected property or liberty interest and that the Defendants deprived him of that property or liberty interest without due process of law.  *See, e.g., **Schulz v. City of Longmont,*** 465 F.3d 433, 443 (10th Cir. 2006); ***Copelin-Brown v. N.M. State Personnel Office,*** 399 F.3d 1248, 1254 (10th Cir. 2005).  Plaintiff raises no such allegations in his Second Amended Complaint.  Moreover, no facts developed during discovery in this matter demonstrate any procedural due process violation occurred here.

In sum, Plaintiff states no viable due process claim against the Defendants.  Plaintiff's conditions of confinement and denial of medical care claims were previously addressed in the Defendants' Motion for Summary Judgment.  Further, Plaintiff's claim his due process rights were violated by the Defendants by their failure to provide a non-detainee Spanish-English

interpreter for him fails for the reasons discussed above.  Finally, any other potential due process theory fails as a matter of law.

### III.  PLAINTIFF ALSO STATES NO COGNIZABLE EQUAL PROTECTION CLAIM AGAINST THESE DEFENDANTS

Plaintiff's 42 U.S.C. § 1983 Fourteenth Amendment Equal Protection Clause claim fails as a matter of law.  Plaintiff cannot demonstrate the essential requirements of an equal protection claim.  First, Plaintiff cannot establish he was treated differently from anyone similarly situated to him.  Second, Plaintiff also cannot prove any of the Defendants intentionally discriminated against him for any reason.  Plaintiff's inability to prove these two essential elements of an equal protection claim necessitates this Court granting the Defendants summary judgment on this claim.

### A.  EQUAL PROTECTION CLAUSE PRINCIPLES

Equal protection mandates the nondiscrimination principle that government must treat similarly situated individuals alike.  *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985); *Buckley Construction, Inc. v. Shawnee Civic & Cultural Development Authority,* 933 F.2d 853, 859 (10th Cir. 1991).  The Equal Protection Clause of the Fourteenth Amendment "embodies the general rule that States must treat like cases alike but may treat unlike cases accordingly."  *Vacco v. Quill,* 521 U.S. 793, 799 (1997).  The federal courts have recognized three distinct types of equal protection cases.  First, singling out members of discrete and insular minorities for disparate treatment on the basis of their race, gender, religion, exercise of fundamental rights, or other impermissible classifications.  Second, governmental policies which allegedly make irrational distinctions between similarly situated persons.  Third, abuse of government power or authority by a government official decision maker based on his or her own

personal malignant animosity to a particular individual or party.  *See* ***Esmail v. Macrane,*** 53 F.3d 176, 178-79 (7th Cir. 1995) (describing these three species of equal protection cases); ***Garcia v. State of New Mexico Office of the Treasurer,*** 959 F.Supp. 1426, 1432 (D.N.M. 1997) (same).  Plaintiff's Second Amended Complaint contains only a single reference to equal protection so it remains entirely unclear what type of equal protection claim Plaintiff attempts here.  [*See* Plaintiff's Second Amended Complaint, ¶ 47].  However, Defendants believe Plaintiff must be attempting the first type of equal protection claim in this case.

A plaintiff alleging an equal protection violation must demonstrate the challenged policy or action had a discriminatory effect and was motivated by a discriminatory intent.  ***United States v. Armstrong,*** 517 U.S. 456, 466 (1996); ***Watson v. City of Kansas City, Kan.,*** 857 F.2d 690, 694 (10th Cir. 1988).  First, the plaintiff must establish he was treated differently from others similarly situated to him.  ***Tonkovich,*** 159 F.3d at 532; ***Johnson v. Horn,*** 150 F.3d 276, 284-85 (3d Cir. 1998).  This requirement flows from the axiomatic equal protection concept requiring the same treatment of alike individuals.  ***City of Cleburne,*** 463 U.S. at 439.  "Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that she was treated differently than others similarly situated to her."  ***Klinger v. Department of Corrections,*** 31 F.3d 727, 731 (8th Cir. 1994), *cert. denied,* 513 U.S. 1185 (1995).  The purpose of the similarly situated requirement is to isolate the factor allegedly subject to the impermissible discrimination to permit an inference of discrimination if all other things are equal.  ***United States v. Olvis,*** 97 F.3d 739, 744 (4th Cir. 1996); ***United States v. Aguilar,*** 883 F.2d 662, 706 (9th Cir. 1989), *cert. denied,* 498 U.S. 1046 (1991).  "The Plaintiff must demonstrate that she was treated differently because of her membership in a certain class.  We doubt whether

evidence of deliberate indifference to the Plaintiff's case alone could be sufficient evidence of *different* treatment." *Watson,* 857 F.3d at 696 (emphasis in original).

Second, the plaintiff must demonstrate intentional differentiation by the Defendants due to an impermissible motive. "[T]o succeed the Bandemer plaintiffs were required to prove intentional discrimination against an identifiable political group and an actual discriminatory effect on that group." *Davis v. Bandemer,* 478 U.S. 109, 127 (1986). "We have consistently declined to find a violation of the Equal Protection Clause absent a finding of intentional discrimination." *Vasquez v. Hillery,* 474 U.S. 254, 275 (1986) (Powell, J. dissenting); *see also Bartell v. Aurora Public Schools,* 263 F.3d 1143, 1148-49 (10th Cir. 2001) (describing intentional discrimination requirement for equal protection claim); *Villanueva v. Carere,* 85 F.3d 481, 485-86 (10th Cir. 1996) (same). Further, a discriminatory effect of a particular policy may raise an inference of discrimination. However, disparate impact only suggests rather than proves discriminatory intent. "A discriminatory purpose is more than a mere 'awareness of the consequences.' The law or custom must be found to have been implemented 'at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.'" *Ricketts v. City of Columbia, Mo.,* 36 F.3d 775, 781 (8th Cir. 1994), *cert. denied,* 514 U.S. 1103 (1995); (quoting *Personnel Admin. of Mass. v. Feeney,* 442 U.S. 256, 279 (1979)).

## B. PLAINTIFF STATES NO VIABLE EQUAL PROTECTION CLAIM HERE

Application of the above equal protection legal principles to this case demonstrates Plaintiff cannot meet the required elements to establish any viable equal protection claim. First, Plaintiff cannot demonstrate he was treated differently than any other detainee in the Park County Jail because of his attempt to exercise his fundamental rights. Second, Plaintiff also

cannot demonstrate any of the Defendants possessed the requisite discriminatory intent with respect to any treatment of him at all.  For such reasons, summary judgment on Plaintiff's 42 U.S.C. § 1983 claim is required as a matter of law.

First, Plaintiff has not and cannot demonstrate he was treated differently than anyone else who was similarly situated to him.  As noted above, Plaintiff's Second Amended Complaint is devoid of any factual allegations demonstrating the precise nature of the Plaintiff's equal protection theory.  However, Plaintiff has asserted his equal protection claim is based on an alleged deprivation of his fundamental rights.  [*See* Plaintiff's Response to Motion for Leave to Submit Supplemental Motion for Summary Judgment, at 5-8].  Plaintiff suggests the similarly situated requirement for equal protection claims is somehow inapplicable to equal protection claims based on fundamental rights.  However, contrary to the Plaintiff's assertions, to state any viable equal protection theory on the basis of one's exercise of fundamental rights still requires a plaintiff to demonstrate he was treated differently than other similarly situated individuals and demonstrate discriminatory intent on the part of the Defendants.  Fundamentally, Plaintiff ignores the fact that equal protection protects only against governmental distinctions between similarly situated persons.  The Tenth Circuit has described the scope of an equal protection claim in the following terms:

> Because their substantive analyses converge, often the differences between equal protection and substantive due process are not fully appreciated. The Equal Protection and Due Process clauses protect distinctly different interests.  On the one hand, the substantive component of the Due Process Clause provides heightened protection against government interference with certain fundamental rights and liberty interests, even when the challenged regulation affects all persons equally.  ***In contrast, the essence of the equal protection requirement is that the state treat all those similarly situated similarly, with its central purpose being to prevent of official conduct discriminating on the basis***

*of race or other suspect classifications.  As such, equal protection only applies when the state treats two groups, or individuals, differently.*

*Powers v. Harris,* 379 F.3d 1208, 1215 (10th Cir. 2004), *cert. denied,* 544 U.S. 920 (2005) (citations, internal quotation marks and internal alteration marks omitted and emphasis added); *see also **Henigh v. City of Shawnee,*** 155 F.3d 1249, 1257 (10th Cir. 1998) ("The allegation that a plaintiff was treated differently from those similarly situated is an essential element of an equal protection action;"); ***Campbell v. Buckley,*** 11 F.Supp.2d 1260, 1269 (D. Colo. 1998), *aff'd,* 203 F.3d 738 (10th Cir.), *cert. denied,* 531 U.S. 823 (2000) ("Plaintiffs' equal protection claim, however, fails for an even more fundamental reason.  A threshold requirement for challenging a state's decision to treat different people differently is that those people are similarly situated. Otherwise, there is no basis for comparison and the state's action cannot be said to be discriminatory."; citation omitted).  Under equal protection law, even if the Plaintiff alleges an equal protection violation based on an alleged violation of a fundamental right, the Plaintiff must still allege he was treated differently than others similarly situated to him and that the differences in his treatment were based on discriminatory intent by the Defendants.  *See, e.g., **Attorney General of New York v. Soto-Lopez,*** 476 U.S. 898, 904-905 (1986) (applying similarly situated analysis in case involving the fundamental right to travel); ***Eisenstadt v. Baird,*** 405 U.S. 438, 453-55 (1972) (applying similarly situated analysis in case involving fundamental right to privacy in the area of procreation and sexuality); ***Gehl Group v. Koby,*** 63 F.3d 1528, 1538 (10th Cir. 1995) (applying similarly situated analysis in case involving fundamental right to engage in political solicitation activities).

Here, Plaintiff possesses no evidence any of the Defendants by their actions or omissions treated Plaintiff differently than any other individual similarly situated to the Plaintiff.  Initially,

no evidence exists any member of the Board of County Commissioners of Park County or any Board custom, policy or practice differentiated between Plaintiff or anyone like the Plaintiff and any other detainee incarcerated in the Park County Jail.  Similarly, absolutely no evidence exists any decision made or policy implemented by either Sheriff Wegener or Captain Gore treated Plaintiff differently from anyone else in any respect whatsoever.  The decisions made in the Park County Jail and the policies that were in place in March 2003 while the Plaintiff was detained there were universal and applied equally to all detainees held in the Park County Jail at that time. Plaintiff has no evidence to demonstrate he was treated differently in any fashion from anyone else similarly situated to him.

Second, Plaintiff also cannot demonstrate any of the Defendants acted with discriminatory intent respecting the Plaintiff.  To establish a viable equal protection claim here, Plaintiff is required to demonstrate the Defendants intentionally discriminated against the Plaintiff based on his effort to exercise his fundamental rights.  No evidence exists establishing any such intentional discrimination here.  No evidence exists any custom, policy or practice of the Board of County Commissioners of Park County or of the Sheriff applicable in the Park County Jail was intentionally discriminatory towards the Plaintiff.  Similarly, no evidence exists that either Sheriff Wegener or Captain Gore acted or failed to act respecting the Plaintiff in any fashion that can be characterized as intentional discrimination.  Simply put, no evidence exists here that any of the Defendants made any decision either specifically involving the Plaintiff or that had an impact on the Plaintiff during his detention in the Park County Jail that was intentionally discriminatory toward the Plaintiff.  Absent proof of intentional discrimination against the Plaintiff, the Plaintiff's equal protection claim necessarily fails.

## <u>CONCLUSION</u>

In conclusion, for all of the foregoing reasons, as well as based on all of the arguments and authorities presented in their Motion for Summary Judgment and Reply in Support of Motion for Summary Judgment, Defendants Board of County Commissioners of Park County, Fred Wegener and Monte Gore respectfully request this Court grant them summary judgment on all of the Plaintiff's claims against them, dismiss the Plaintiff's claims against them in their entirety with prejudice, and for all other and further relief as this Court deems just and appropriate.

Dated this 10th date of May, 2007.

Respectfully submitted,

s/ Andrew D. Ringel_____
Andrew D. Ringel, Esq.
Jennifer L. Veiga, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, Colorado 80202-2052
ringela@hallevans.com
veigaj@hallevans.com
Tel:  (303) 628-3300
Fax:  (303) 293-3238

**ATTORNEYS FOR DEFENDANTS
BOARD OF COUNTY
COMMISSIONERS OF PARK
COUNTY, FRED WEGENER
AND MONTE GORE**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 10th day of May, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Joseph J. Archuleta, Esq.
archuletalaw@qwest.net

Lloyd C. Kordick, Esq.
lloyd@kordicklaw.com

William A. Trine, Esq.
btrine@trine-metcalf.com

Adele P. Kimmel, Esq.
akimmel@publicjustice.net

Josh A. Marks, Esq.
jam@bhgrlaw.com

Melanie B. Lewis, Esq.
mbl@bhgrlaw.com

s/Loree Trout,   Secretary
Andrew D. Ringel, Esq.
Jennifer L. Veiga, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3300
Fax: 303-293-3238
ringela@hallevans.com
veigaj@hallevans.com

**ATTORNEYS FOR DEFENDANTS PARK COUNTY BOARD OF COUNTY COMMISSIONERS, FRED WEGENER AND MONTE GORE**

H:\Users\RINGELA\park\Carranza-Reyes\supplemental  motion summary judgment.doc