3/15/2006 Keeling, Timothy Barnes

```
0001
 1    IN THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF COLORADO
 2
      Case No. 2005-WM-377 (BNB)
 3    _____
 4    DEPOSITION OF:  TIMOTHY BARNES KEELING, D.O.
      March 15, 2006
 5    _____
 6    MOISES CARRANZA-REYES,
 7    Plaintiff,
 8    v.
 9    PARK COUNTY, a public entity of the State of Colorado and
      its governing board, THE PARK COUNTY BOARD OF COUNTY
10    COMMISSIONERS; PARK COUNTY SHERIFF'S OFFICE, a public
      entity of the State of Colorado; FRED WEGENER,
11    individually and in his official capacity as Sheriff of
      Park County, Colorado; MONTE GORE, individually and in
12    his capacity as Captain of Park County Sheriff's
      Department; VICKIE PAULSEN, individually and in her
13    official capacity as Registered Nurse for Park County,
      Colorado; JAMES BACHMAN, M.D., individually and in his
14    official capacity as Medical Director of the Park County
      Jail,
15
      Defendants.
16    _____
17
18
19    TAKEN PURSUANT TO NOTICE on behalf of the Defendants at
20    340 Peak One Drive, Frisco, Colorado at 1:45 p.m. before
21    Laura L. Corning, Federal Certified Realtime Reporter,
22    Certified Shorthand Reporter and Notary Public within
23    Colorado.
24
25
```

3/15/2006 Keeling, Timothy Barnes

```
 1                         APPEARANCES
 2    For the Plaintiff:        WILLIAM A. TRINE, ESQ.
                                Trine & Metcalf, P.C.
 3                              1435 Arapahoe
                                Boulder, Colorado 80302
 4
      For the Defendants        ANDREW D. RINGEL, ESQ.
 5    Park County, Park         Hall & Evans, LLC
      County Board of           1125 17th Street
 6    Commissioners, Park       Suite 600
      County Sheriff's Office,  Denver, Colorado 80202
 7    Wegener and Gore:
 8    For the Defendant         JOSH MARKS, ESQ.
      Paulsen:                  Berg Hill Greenleaf & Ruscitti LLP
 9                              1712 Pearl Street
                                Boulder, Colorado 80302
10
      For the Defendant         ANDREW W. JURS, ESQ.
11    Bachman:                  Johnson McConaty & Sargent, P.C.
                                400 South Colorado Boulevard
12                              Suite 900
                                Glendale, Colorado 80246
13
      For the Deponent:         RICHARD L. MURRAY, JR., ESQ.
14                              Montgomery Little Soran Murray
                                  & Kuhn, P.C.
15                              5445 DTC Parkway
                                Suite 800
16                              Englewood, Colorado 80111
17    Also Present:             None
18
19
20
21
22
23
24
25
```

Exhibit G

3/15/2006 Keeling, Timothy Barnes

```
 1                         I N D E X
 2    EXAMINATION OF TIMOTHY BARNES KEELING, D.O.      PAGE
      March 15, 2006
 3
      By Mr. Trine                                      83
 4
      By Mr. Ringel                                     60
 5
      By Mr. Marks                                      42
 6
      By Mr. Jurs                                     4, 108
 7
      By Mr. Murray                                     --
 8
 9                                                   INITIAL
      DEPOSITION EXHIBITS:                           REFERENCE
10
      24-A  Document                                    65
11
      (Original exhibits attached to original transcript;
12    copies included in continuing exhibit file maintained by
      Coffman Reporting; copies provided to counsel as
13    requested.)
14
15    REQUESTED PORTIONS OF TESTIMONY:                 PAGE
16    Request for document production                 43, 74
      or information
17
18
      REFERENCES TO EXHIBITS MARKED PREVIOUSLY:
19
      EXHIBIT NO.     PAGE REFERENCE
20
           24               6
21
22
23
24
25
```

3/15/2006 Keeling, Timothy Barnes

```
 1         WHEREUPON, the within proceedings were taken
 2    pursuant to the Federal Rules of Civil Procedure
 3         TIMOTHY BARNES KEELING, D.O.,
 4    having been first duly sworn to state the whole truth,
 5    was examined and testified as follows:
 6                         EXAMINATION
 7    BY MR. JURS:
 8         Q.   Good afternoon, Dr. Keeling.  My name is
 9    Andrew Jurs and I represent Dr. Bachman in this case.  We
10    met each other just a moment ago before the deposition
11    started.  I'm going to be asking you questions about your
12    involvement in this lawsuit, if I could.
13              MR. MURRAY:  Let me interrupt a minute.  I
14    have a short comment that I'd like to put on the record
15    for everybody, just to make sure everybody is on the same
16    page, at least with me, about what's going to happen
17    today.
18              Dr. Keeling is here today.  He's available
19    to provide testimony about his care and treatment, the
20    records that he's familiar with regarding his emergency
21    department contact.  It is not his desire to formulate or
22    provide opinions regarding care that occurred before he
23    was involved with the patient or for care that occurred
24    after he was involved with the patient.  Although I'm
25    sure you all know there are a couple of records that came
```

3/15/2006 Keeling, Timothy Barnes

```
 1   medicine, rendering opinions about what may have happened
 2   before he saw the patient or afterwards, are not areas
 3   about which he wants to testify.  I'm trying to be
 4   straight with everybody so everybody gets the same deal.
 5             MR. RINGEL:  Okay.  Explain to me why his
 6   wish matters.  That's what I'm trying to understand.
 7             MR. MURRAY:  Well, because he is a
 8   professional, and his decision about whether he chooses
 9   to provide his professional opinion about something is
10   something that he has a proprietary interest in.  He
11   controls that; you don't.
12             MR. RINGEL:  And you think that's a
13   legitimate basis under the Federal Rules of Civil
14   Procedure?
15             MR. MURRAY:  I do.
16             MR. RINGEL:  I just wanted to establish
17   that.
18        Q.   (BY MR. MARKS)  So getting back to my
19   question, is there -- I can rephrase it, but, Dr.
20   Keeling, did you see any evidence of a strep infection
21   when you reviewed the throat area of this particular
22   patient?
23        A.   No.
24        Q.   And what kind of evidence would -- or
25   symptom would you be looking for if someone had had strep
```

3/15/2006 Keeling, Timothy Barnes

```
 1   or you suspected strep?
 2        A.   Oftentimes they'll have a hyperemia or
 3   reddish appearance to their throat.  If they have
 4   tonsils, they could be enlarged, they could be -- have an
 5   exudate over -- you know, on them.
 6        Q.   Okay.  Going down to the Database area.
 7   There is an indication here of oxygen -- oxygen
 8   saturation percentage.  Do you see that, right?  The
 9   first line under Database on page 2 of Exhibit 24.
10        A.   I do.
11        Q.   Okay.  And as I see it, the results said
12   91 percent on 15 liters per minute by mask.  Did I read
13   that correctly?
14        A.   That's correct.
15        Q.   And is that within the normal limits for
16   oxygenation?
17        A.   Yes, it is.
18        Q.   Upon your -- let me just ask, upon your just
19   physical examination of the patient, and in talking with
20   him, was there anything within that examination that led
21   you to believe that the patient had pneumonia at that
22   time?
23        A.   It certainly was within the differential
24   diagnosis.
25        Q.   Okay.  And why so?
```

3/15/2006  Keeling, Timothy Barnes

```
 1                    C E R T I F I C A T I O N
 2              I, LAURA L. CORNING, Federal Certified
 3    Realtime Reporter and Certified Shorthand Reporter,
 4    appointed to take the deposition of
 5                    TIMOTHY BARNES KEELING, D.O.,
 6    certify prior to the deposition the witness was sworn by
 7    me to tell the truth; that the deposition was taken by me
 8    at 340 Peak One Drive, Frisco, Colorado on March 15,
 9    2006; that the proceedings were reduced to typewritten
10    form by computer-aided transcription consisting of 110
11    pages herein; that the foregoing is an accurate
12    transcript of the proceedings.
13              I certify review of the transcript was not
14    requested on the record.  I further certify I am not
15    related to any party herein or their counsel and have no
16    interest in the result of this litigation.
17              IN WITNESS WHEREOF, I have hereunto set my
18    hand this 22nd day of March, 2006.
19
20                    _____
                      LAURA L. CORNING
21                    Federal Certified Realtime Reporter
                      Certified Shorthand Reporter
22
      Re:  Carranza-Reyes v. Park County
23    Date of Deposition:  March 15, 2006
      Trial Date:  None set
24    Volume:  --
      Reporter:  LC
25    Proofer:  MKH/Audio:  SC
```

3/15/2006  Keeling, Timothy Barnes

```
 1            COFFMAN REPORTING & LITIGATION SUPPORT, INC.
                      1440 Blake Street, Suite 320
 2                       Denver, Colorado 80202
                             303.893.0202
 3
 4    ANDREW W. JURS, ESQ.
      Johnson McConaty & Sargent, P.C.
 5    400 South Colorado Boulevard
      Suite 900
 6    Glendale, Colorado 80246
 7
      Re:  Carranza-Reyes v. Park County
 8    Deposition of:  TIMOTHY BARNES KEELING, D.O.
      Date of Deposition:  March 15, 2006
 9    Trial Date:  None set
10    Enclosed is:
11    (XX)  ORIGINAL TRANSCRIPT.  Please retain unopened
            original until it is required by any party in a
12          trial or hearing in the above matter.
13    ( )   ORIGINAL SIGNATURE PAGE
            ___with  ___without corrections; copies provided to
14          other counsel; please append these sealed originals
            to original transcript in your possession.
15
      ( )   No signature or correction sheets received.
16
      (XX)  Review of transcript not requested.
17
      ( )   30-day review unavailable.  Signature/correction
18          pages forwarded to counsel handling signature.
            Original filed in anticipation of trial date.
19          See letter within deposition.
20    ( )   Copy of deposition, signature and correction pages
            sent to deponent.  See letter within deposition.
21
      ( )   Signature not applicable.
22
      Original transcript filed on_____via_____
23
      Follow-up documentation filed on_____via_____
24
      cc:  Attending counsel
25
```