Westlaw.

EXHIBIT 2

Slip Copy

Page 1

Slip Copy, 2006 WL 2714274 (D.Kan.)
**(Cite as: Slip Copy)**

**H**
Sellers v. Butler
D.Kan.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Kansas.
Kenneth R. SELLERS, Plaintiff,
v.
Deborah BUTLER, et al., Defendants.
**Civil Action No. 02-3055-DJW.**

Sept. 22, 2006.

Kenneth R. Sellers, Wichita, KS, pro se.
Martha M. Snyder, Ralph J. Dezago, Robert G. Allison-Gallimore, Office of Attorney General, Topeka, KS, Mary T. Malicoat, Klenda Mitchell Austerman & Zuercher LLC, Wichita, KS, for Defendants.

### *MEMORANDUM AND ORDER*
DAVID J. WAXSE, Magistrate Judge.
*1 Pending before the Court is Plaintiff's Motion to Exclude Certain Expert Testimony (doc. 202). Plaintiff seeks to exclude certain testimony from Sam N. Cohlmia, M.D., who has been designated as an expert by Defendant Prison Health Services, Inc. ("PHS"). Plaintiff also moves to exclude certain testimony from three of Plaintiff's treating physicians, Frank Griffith, M.D.; Robert L. Murphey, O.D.; and Michael Torrence, O.D., who have been designated as experts by all Defendants.

For the reasons set forth below, the Court will grant the motion as it pertains to Dr. Cohlmia and deny the motion as it pertains to Drs. Griffith, Murphey, and Torrence.

### I. Background Information

This is an action brought pursuant to 42 U.S.C. § 1983 in which Plaintiff alleges deliberate indifference to his serious medical needs while he was in the custody of the Kansas Department of Corrections ("KDOC"). Plaintiff sues Deborah Butler, a KDOC employee; William Cummings, Correctional Manager/Secretary of Corrections Designee for KDOC; Cody Couch, a Unit Team Counselor at the Ellsworth Correctional Facility ("ECF"); Raymond Roberts, the Warden at ECF when Plaintiff was incarcerated there; and Roger Werholtz, Secretary of Corrections for the state of Kansas [FN1] (collectively "the State Defendants"). Plaintiff also sues PHS, which provided medical services to Plaintiff while incarcerated.

> FN1. In section 12 of the Pretrial Order (doc. 216), the parties state that they "agree that [Werholtz] should be dismissed from the action without prejudice." The Pretrial Order further states that the parties intend to file a stipulation of dismissal with respect to Defendant Werholtz. To date, however, no such stipulation has been filed, and Mr. Werholtz remains in the case.

The State Defendants served their Rule 26(a)(2) expert witness disclosures [FN2] on September 22, 2005. As noted above, they designated Dr. Frank Griffith, Dr. Robert Murphey, and Dr. Michael Torrence as experts. Their disclosures stated the following: "Each of the above were treating physicians of Mr. Sellers and, as such, no additional reports or disclosures pursuant to Rule 26(a)(2) related to the above expert witnesses should be required." [FN3]

> FN2. *See* doc. 192.

> FN3. *Id.* at p. 1.

PHS served its Rule 26(a)(2) expert witness disclosures [FN4] on October 5, 2005. PHS designated the same experts as the State

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 2714274 (D.Kan.)
**(Cite as: Slip Copy)**

Page 2

Defendants. PHS' disclosures stated:

FN4. *See* doc. 193.

Each of the above were treating physicians of Plaintiff. Their opinions arise from and/or are incidental to their treatment of Plaintiff. They are expected to testify in accordance with such treatment baswed [sic] on their recollection and the contents of plaintiff's medical records, which have been previously produced." FN5

FN5. *Id.* at p. 1.

On October 28, 2005, PHS served amended expert witness disclosures, in which PHS designated an additional medical expert, Sam Cohlmia, M.D.FN6 Dr. Cohlmia's report stated: "I have had the privilege of reviewing the medical records of Mr. Kenneth Sellers in order to better assess his complaint of photophobia as well as his care as a glaucoma patient. As you know, I have been in practice as a general ophthalmologist in Wichita since 1997." FN7 Dr. Cohlmia also stated in his report: "I do not believe that anyone who treated Mr. Sellers was deliberately indifferent to this patient's medical needs and care." FN8

FN6. *See* doc. 194.

FN7. PHS' Resp. to Plf.'s Mot. to Exclude Certain Expert Testimony (doc. 223) at p. 3 (quoting expert report of Dr. Cohlmia).

FN8. Mem. in Supp. of Plf.'s Mot. to Exclude Certain Expert Testimony (doc. 203) at p. 1 (quoting expert report of Dr. Cohlmia).

*2 On January 6, 2006, Plaintiff filed the instant motion to exclude certain testimony of these designated expert witnesses.

**II. Analysis**

**A. Expert Testimony of Drs. Griffith, Murphey and Torrence**

Plaintiff complains that the disclosures for Drs. Griffith, Murphey, and Torrence "contain none of the elements of expert disclosure referenced in Fed.R.Civ.P. 26(a)(2)." FN9 Plaintiff requests that the Court exclude "any and all opinions of these three experts which are not expressly contained in plaintiff's medical records already provided to plaintiff." FN10 Plaintiff contends that "any other opinions would cause prejudice to plaintiff at trial because such opinions will not have been properly disclosed to plaintiff." FN11

FN9. *Id.* at p. 2.

FN10. *Id.* at p. 3.

FN11. *Id.*

Defendants oppose Plaintiff's motion on two grounds. First, Defendants argue that the motion is untimely. Second, they argue that because these individuals were Plaintiff's treating physicians, Defendants need not comply with the disclosure and expert report requirements set forth in Federal Rule of Civil Procedure 26(a)(2)(B).

*1. Timeliness*

Defendants contend that Plaintiff's objections are "technical objections" which are untimely under Paragraph 2.g of the Revised Scheduling Order (doc. 186). That section of the Scheduling Order provides in pertinent part:

The parties shall serve any objections to [Rule 26(a)(2) ] disclosures (other than objections pursuant to Fed.R.Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 3

Slip Copy, 2006 WL 2714274 (D.Kan.)
(Cite as: Slip Copy)

information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). [FN12]

> FN12. ¶ 2.g, Revised Scheduling Order (doc. 186).

Defendants argue that Plaintiff is asserting technical objections to their disclosures, in that he asserts the disclosures "contain none of the elements of expert disclosure referenced in Fed.R.Civ.P. 26(a)(2)." [FN13] Defendants further argue that because these are "technical objections" within the meaning of the Scheduling Order, they should have been served within eleven days of the service of Defendants' disclosures. Plaintiff, however, did not serve them until several months later, when he filed the instant motion to exclude. Thus, according to Defendants, Plaintiff's objections are untimely, and Plaintiff's motion should be denied as to these three treating physicians.

> FN13. Mem. in Supp. of Plf.'s Mot. to Exclude Certain Expert Testimony (doc. 203) at p. 2.

The Court is not persuaded by Defendants' arguments. The Court does not construe Plaintiff's motion as asserting "technical objections" to Defendants' disclosures. Rather, the Court construes Plaintiff's motion as requesting that the Court exclude any testimony that goes beyond what has been disclosed in Defendants' Rule 26(a)(2) disclosures. Thus, the Court finds that the deadline for asserting "technical objections" is not applicable here, and the Court will decline to deny Plaintiff's motion on that basis.

*2. Exclusion from Rule 26(a)(2)(B) requirements*

**\*3** Defendants argue that even if Plaintiff's motion is deemed timely, it should be denied because treating physicians are excluded from the disclosure and expert report requirements of Rule 26(a)(2)(B). The Court does not totally agree with this proposition. As is explained below, whether a treating physician is required to comply with the requirements of Rule 26(a)(2)(B) depends not on the treating physician's *status* but on the *scope of the treating physician's trial testimony.*

The starting point for the Court's analysis is Rule 26(a)(2)(A). That rule applies to any witness who will deliver an expert opinion under Federal Rule of Evidence 702. Rule 26(a)(2)(A) provides that "a party shall disclose to other parties the identity of any person who may be used at trial to present [expert testimony]." [FN14]

> FN14. Fed.R.Civ.P. 26(a)(2)(A).

Rule 26(a)(2)(B) requires *additional* disclosures with respect to a "witness who is retained or specially employed to provide expert testimony in the case." [FN15] When Rule 26(a)(2)(B) applies, additional information must be provided and the expert must submit a report containing, *inter alia,* "a complete statement of all opinions to be expressed and the basis and reasons therefor [along with] the data or other information considered by the witness ." [FN16]

> FN15. Fed.R.Civ.P. 26(a)(2)(B).
>
> FN16. *Id.*

In light of these rules, this Court has held that "[a] key factor in determining whether an expert is subject to Rule 26(a)(2)(B) disclosures is the scope of the proposed testimony." [FN17] Thus, in determining whether Drs. Griffith, Murphey, and Torrence are experts from whom reports and the additional Rule 26(a)(2)(B) reports are required, the determinative issue is the scope of their proposed testimony.

> FN17. *Hilkene v. WD-40 Co.,* No. 04-2253-KHV-DJW, 2006 WL 2088311, at \*1 (D.Kan. July 25, 2006) (quotation and citation omitted).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 4

Slip Copy, 2006 WL 2714274 (D.Kan.)
**(Cite as: Slip Copy)**

In *Wreath v. United States*,[FN18] this Court held that, to the extent a treating physician "limits his or her testimony to the patient's care and treatment, the physician is not 'specially retained' despite the fact that the witness may offer opinion testimony under Fed.R.Evid. 702, 703, and 705." [FN19] Thus, "a treating physician may testify about that which is related to and learned through actual treatment of the [patient], and which is based on his or her ' personal knowledge of the examination, diagnosis and treatment' " without meeting the disclosure requirement of Rule 26(a)(2)(B). [FN20] In short, Rule 26(a)(2)(B) focuses not on the status of the witness, but rather on the substance and/or the scope of the testimony. [FN21]

> FN18. 161 F.R.D. 448 (D.Kan.1995).
>
> FN19. *Id.* at 450; *accord, Starling v. Union Pac. R.R. Co.*, 203 F.R.D. 468, 477 (D.Kan.2001).
>
> FN20. *Wreath,* 161 F.R.D. at 450.
>
> FN21. *Id; see also Starling,* 203 F.R.D. at 477.

The *Wreath* court further stated that the trial court has discretion to limit or prohibit a treating physician's opinion testimony which goes beyond information obtained during the physician's care and treatment of the patient, or if the court determines the physician was retained specifically to develop opinion testimony.[FN22] For example, if a treating physician asks to review medical records from another health care provider for the purpose of rendering opinion testimony, then the physician may be considered "specially retained," and therefore subject to the requirements of Rule 26(a)(2)(B), despite having also treated the patient. [FN23]

> FN22. *Id.*
>
> FN23. *Id.*

*4 Accordingly, in this case, whether Defendants were required to comply with the additional requirements of Rule 26(a)(2)(B) and provide expert reports for Drs. Griffith, Murphey, and Torrence depends on the nature and scope of their trial testimony. What is the nature and scope of their anticipated testimony? PHS's disclosures indicate that "[t]heir opinions arise from and/or are incidental to their treatment of Plaintiff." [FN24] PHS further states in its disclosures that "[t]hey are expected to testify in accordance with such treatment baswed [sic] on their recollection and the contents of plaintiff's medical records, which have been previously produced." [FN25] From this description, the Court finds that these treating physicians-to the extent they will be testifying on behalf of PHS-fall within the rule for non-retained experts set forth in *Wreath.* In other words, when testifying on behalf of PHS, these doctors will be limited to testifying about that which is related to, and learned through, their actual treatment and care of Plaintiff, and which is based on each doctor's personal knowledge of the examination, diagnosis and/or treatment of Plaintiff.[FN26] Assuming that these witnesses do in fact limit their testimony to such issues, PHS was not required to comply with the expert report requirement of Rule 26(a)(2)(B).

> FN24. *See* doc. 193 at p. 1.
>
> FN25. *Id.*
>
> FN26. The Court notes that PHS' disclosures state that the testimony of these treating physicians may be based, in part, on the "contents of plaintiff's medical records." The Court does not construe this to mean that any portions of the doctors' opinions will be based on a review of the *records of other medical providers.* As noted above, the *Wreath* decision observed that where a treating physician is asked to review the medical records of another health care provider for the purpose of rendering opinion testimony, the physician may be considered "specially retained" and therefore subject to the requirements of Rule 26(a)(2)(B), despite having also treated the patient. *See Wreath,* 161 F.R.D.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                              Page 5
Slip Copy, 2006 WL 2714274 (D.Kan.)
**(Cite as: Slip Copy)**

at 450. In the event that these three treating physicians were to base any of their trial testimony on the records of other health care providers, the doctors' testimony would most likely fall within the category of testimony given by a "specially retained" expert and would be subject to the requirements of Rule 26(a)(2)(B).

The issues are not quite as clear with respect to the testimony these doctors may give on behalf of the State Defendants. The disclosures served by the State Defendants merely indicate that the three were treating physicians of Plaintiff, and the disclosures fail to describe the scope of the doctors' anticipated testimony. The State Defendants do, however, delineate the scope of the doctors' testimony in their response to the Motion to Exclude. There, the State Defendants state that "Defendants' experts are treating physicians whose opinions have been solely derived from observations they made while treating the plaintiff." [FN27] They further state that "[a]ny opinion testimony they would offer at trial would be confined only to those opinions formulated by firsthand observation of the plaintiff, their own recollection of his case, and thorough examination of Plaintiff's medical records." [FN28] Assuming that these doctors do in fact limit their testimony to information obtained during their care and treatment of Plaintiff, they would fall within the exclusion, and the State Defendants were not required to comply with the expert report requirement contained in Rule 26(a)(2)(B).[FN29]

FN27. State Def.s' Resp. to Motion to Exclude Certain Testimony (doc. 221) at p. 4.

FN28. *Id.*

FN29. The Court notes that the State Defendants indicate in their response that the testimony of these doctors may be based in part on an examination of Plaintiff's medical records. This is similar to the statement made by PHS in its disclosures that the doctors' testimony may be based, in part, on the "contents of plaintiff's medical records." Again, the Court does not construe this to mean that the doctors will be basing any portions of their testimony on the review of medical records created by other health care providers. As discussed in footnote 26, if that were the case, the doctors' testimony might fall within the category of testimony given by "specially retained" experts and would make them subject to the requirements of Rule 26(a)(2)(B).

To summarize, the Court finds that these treating physicians are exempt from the Rule 26(a)(2)(B) expert report and disclosure requirements, so long as their testimony is limited to opinions based on their own personal care and treatment of Plaintiff.

With this in mind, the Court must now proceed to decide whether Plaintiff is entitled to the relief requested in his motion. As noted above, Plaintiff asks the Court to "exclude any and all opinions of these three experts which are not expressly contained in plaintiff's medical records already provided to plaintiff." [FN30] Reading this request literally, the Court finds that it has no basis to grant such relief. Nothing in Rule 26(a)(2) or related case law limits the treating physician's testimony to *opinions expressly set forth in the medical records.* Rather, the treating physician may give opinions based on his/her own personal knowledge of the examination, diagnosis and/or treatment of the patient, without regard to whether the doctor may have expressed that particular opinion in any of the patient's medical records. Thus, the Court must deny Plaintiff's request for relief.

FN30. Mem. in Supp. of Plf.'s Mot. to Exclude Certain Expert Testimony (doc. 203) at p. 3.

*5 It may be that what Plaintiff really intended to request in his motion is that the Court limit these doctors' testimony to the opinions based on their own personal care and treatment of Plaintiff. Even if that is the case, the Court would still deny the motion, as it is unnecessary. In its disclosures, PHS has already indicated that these doctors' testimony

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                Page 6
Slip Copy, 2006 WL 2714274 (D.Kan.)
(Cite as: Slip Copy)

will be so limited. The State Defendants have also done so in their response to the motion. Thus, the Court would deny Plaintiff's motion even if it were to construe Plaintiff's request in this manner.

For the foregoing reasons, the Court will deny Plaintiff's motion with respect to Drs. Griffith, Murphey, and Torrence.

### B. Expert Testimony of Dr. Cohlmia

Plaintiff moves to exclude certain testimony of Sam N. Cohlmia, M.D., an ophthalmologist who has been designated by PHS. More specifically, Plaintiff moves to prevent Dr. Cohlmia from testifying regarding his "belief" that no one who treated Mr. Sellers was deliberately indifferent to his medical needs and care.[FN31] Plaintiff objects to any such testimony on two grounds. First, Plaintiff argues that "deliberate indifference" in an essential element of Plaintiff's section 1983 claim, and as such, is not the proper subject of an expert's opinion. Second, Plaintiff contends that because Dr. Cohlmia offers a "belief" rather than "opinion," his testimony on this particular issue in improper.

> FN31. As set forth above, Dr. Cohlmia stated in his report: "I do not believe that anyone who treated Mr. Sellers was deliberately indifferent to this patient's medical needs and care."

Federal Rule of Evidence 702 provides for the admission of expert testimony if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. Rule 704(a) provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." [FN32] "Opinions embracing legal standards may, however, be excluded for other reasons, such as the likelihood of jury confusion, the danger of unfair prejudice, or the inability of such evidence to assist the trier of fact." [FN33] More specifically, "an expert may not simply tell the jury what result it should reach without providing any explanation of the criteria on which that opinion is based or any means by which the jury can exercise independent judgment." [FN34] Consequently, expert testimony of this sort may be excluded on the ground that it "usurps the function of the jury in deciding the facts, or interferes with the function of the judge in instructing the jury on the law." [FN35]

> FN32. The only exception to this rule applies to an expert witness testifying with respect to the mental state or condition of a defendant in a criminal case. *See* Fed.R.Civ.P. 704(a) and (b).
>
> FN33. *McEwen v. City Of Norman, Okl.*, 926 F.2d 1539, 1545 (10th Cir.1991) (citations omitted). *Accord Karns v. Emerson Elec. Co.*, 817 F.2d 1452, 1459 (10th Cir.1987).
>
> FN34. *U.S. v. Dazey*, 403 F.3d 1147, 1171 (10th Cir.2005) (citation omitted).
>
> FN35. *Id.* (quoting *United States v. Simpson*, 7 F.3d 186, 188-89 (10th Cir.1993)).

These principles are reflected in the advisory committee notes to Rule 704. There, the committee clarified what is meant by Rule 704:
The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria. Thus the question, "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural object of his bounty to formulate a rational scheme of distribution?" would be allowed.[FN36]

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 7

Slip Copy, 2006 WL 2714274 (D.Kan.)
(Cite as: Slip Copy)

FN36. Fed.R.Evid. 704 advisory committee's notes.

*6 The Tenth Circuit examined the advisory committee notes to Rule 704 in *Specht v. Jensen*, [FN37] and observed that the committee's illustration "establishes the starting point for analysis of admissibility by distinguishing between testimony on issues of law and testimony on ultimate facts." [FN38] The court in *Specht* observed that "[w]hile testimony on ultimate facts is authorized under Rule 704, the committee's comments emphasize that testimony on ultimate questions of law is not favored." [FN39] The court explained that the line between admissible and inadmissible evidence regarding legal issues is narrow.[FN40] It further explained that "the basis for the distinction is that testimony on the ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant law, however, circumvents the jury's decision-making function by telling it how to decide the case." [FN41]

FN37. 853 F.2d 805 (10th Cir.1988).

FN38. *Id.* at 808.

FN39. *Id.*

FN40. *Id.*

FN41. *Id.*

The Court must apply these rules to Dr. Cohlmia's anticipated testimony that he does not believe anyone who treated Plaintiff was "deliberately indifferent" to his medical needs or care. Clearly, the concept of "deliberate indifference" is an ultimate issue in this case. Plaintiff's section 1983 claim is premised on Defendants' alleged "deliberate indifference to his serious medical needs while he was in the custody of the Kansas Department of Corrections, in violation of the Eighth Amendment." [FN42] In the Pretrial Order, the parties agree that one of the essential elements of Plaintiff's section 1983 claim is that "prison officials demonstrated deliberate indifference to plaintiff's serious medical needs." [FN43]

FN42. ¶ 2, Pretrial Order (doc. 216).

FN43. *Id.,* ¶ 6(b)3.

The Supreme Court first recognized claims for deliberate indifference to a prisoner's medical needs in *Estelle v. Gamble*.[FN44] The Court held that prison officials violate the Eighth Amendment's ban on cruel and unusual punishment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." [FN45] The Court clarified the standards applicable to deliberate indifference claims in *Farmer v. Brennan*.[FN46] In *Farmer*, the Court set forth a two-pronged inquiry for determining whether the prison officials acted with deliberative indifference, a standard that is comprised of both an objective and subjective component. Under the objective inquiry, the alleged deprivation must be "sufficiently serious" to constitute a deprivation of constitutional dimension.[FN47] Under the subjective inquiry, the prison official must have a "sufficiently culpable state of mind." [FN48]

FN44. 429 U.S. 97 (1976).

FN45. *Id.* at 104 (citation and internal quotation marks omitted).

FN46. 511 U.S. 825 (1994)

FN47. *Id.* at 834.

FN48. *Id.*

Here, Dr. Cohlmia states in his report that he does not believe that anyone who treated Plaintiff was "deliberately indifferent" to his medical needs and care. This is tantamount to stating or opining that no constitutional violation occurred. Clearly, Dr. Cohlmia's belief is a legal conclusion and one that encompasses the entirety of plaintiff's burden of proof on an essential element of his claim. If allowed to give this testimony at trial, Dr. Cohlmia would be effectively instructing the jury how to decide Plaintiff's section 1983 claim. The Court therefore agrees with Plaintiff that Dr. Cohlmia should not be allowed to give testimony about any

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 2714274 (D.Kan.)
**(Cite as: Slip Copy)**

Page 8

opinion or belief he has that no one who treated Plaintiff was deliberately indifferent to Plaintiff's medical needs and care.

*7 In light of the above, the Court will grant Plaintiff's Motion to Exclude as it pertains to this particular testimony of Dr. Cohlmia.[FN49] Dr. Cohlmia shall be not be permitted to testify at trial that he believes, or is of the opinion, that no one who treated Plaintiff was deliberately indifferent to Plaintiff's medical needs or care. The Court makes no other rulings as to the scope of Dr. Cohlmia's trial testimony, as no other objections to his testimony are before the Court.

> FN49. Because the Court is granting Plaintiff's motion as it pertains to Dr. Cohlmia, there is no need for the Court to address Plaintiff's argument that the testimony should be excluded because it is a "belief" of Dr. Cohlmia's rather than an "opinion."

IT IS THEREFORE ORDERED that Plaintiff's Motion to Exclude Certain Expert Testimony (doc. 202) is granted with respect to any testimony or opinion of Dr. Cohlmia regarding his belief that no one who treated Plaintiff was deliberately indifferent to Plaintiff's medical needs and care.

IT IS FURTHER ORDERED Plaintiff's Motion to Exclude Certain Expert Testimony (doc. 202) is denied with respect to Drs. Griffith, Murphey, and Torrence.

IT IS SO ORDERED.

D.Kan.,2006.
Sellers v. Butler
Slip Copy, 2006 WL 2714274 (D.Kan.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.