IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00377-WDM-BNB

MOISES CARRANZA-REYES

    Plaintiff(s),

v.

THE PARK COUNTY BOARD OF COUNTY COMMISSIONERS;

FRED WEGENER, individually and in his capacity as sheriff of Park County, Colorado;

MONTE GORE, individually and in his capacity as captain of Park County Sheriff's Department; and

VICKI PAULSEN, individually and in her official capacity as registered nurse for Park County, Colorado, and

    Defendant(s).

---

### DEFENDANT PAULSEN'S NOTICE OF APPEAL
---

Defendant Vickie Paulsen, by and through her counsel, Josh A. Marks and Melanie B. Lewis of Berg Hill Greenleaf & Ruscitti LLP, submits her Notice of Appeal pursuant to F.R.A.P 3 and 4, as follows:

Notice is hereby given that Vickie Paulsen, a defendant in the above named case, hereby appeals to the United States Court of Appeals for the Tenth Circuit from that portion of the Court's Order on Motion for Summary Judgment denying her summary judgment, and thereby the defense of qualified immunity, on the Plaintiff's 42 U.S.C. § 1983 Eighth Amendment medical treatment claim. The Order on Motion for Summary Judgment was entered in this action on the 17th day of August 2007.

The portion of the Court's Order denying Defendant Paulsen summary judgment on the Plaintiff's § 1983 Eighth Amendment medical treatment claim falls within the small class of cases appealable under 28 U.S.C. § 1291 even though they do not terminate the litigation. The Supreme Court has consistently held that any adverse district court decision raising a legal question concerning a defendant's entitlement to qualified immunity may be appealed on an interlocutory basis pursuant to the collateral order doctrine. See Johnson v. Fankell, 520 U.S. 911, 915 (1997) (stating "a Federal District Court order rejecting a qualified immunity defense on the ground that the defendant's actions—if proven—would have violated clearly established law may be appealed immediately as a 'final decision' within the meaning of the general federal appellate jurisdiction statute, 28 U.S.C. §1291."); Behrens v. Pellitier, 516 U.S. 299, 306-7 (1996) (specifically stating that an individual defendant can initiate an interlocutory appeal from a district court's denial of the defendant's entitlement to qualified immunity); Workman v. Jordan, 32 F.3d 475, 478 (10th Cir. 1994) (same).

Respectfully submitted: September 14, 2007

s/ Josh A. Marks
_____
Josh A. Marks
Melanie B. Lewis
Berg Hill Greenleaf & Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
Phone: (303) 402-1600
Fax: (303) 402-1601
Email: jam@bhgrlaw.com; mbl@bhgrlaw.com
*Attorneys for Defendant Paulsen*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2007, I electronically filed the foregoing **DEFENDANT PAULSEN'S NOTICE OF APPEAL** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses,

Joseph Archuleta
Law Offices of Joseph Archuleta
1724 Ogden Street
Denver, CO  80218
archuletalaw@qwest.net

Lloyd Kordick
Lloyd C. Kordick & Associates
805 S. Cascade Avenue
Colorado Springs, CO  80903
lloyd@kordicklaw.com

William Trine
Trine & Metcalf PC
1435 Arapahoe Avenue
Boulder, CO  80302
btrine@trine-metcalf.com

Adele P. Kimmell
Public Justice, PC
1825 K Street, N.W.
Suite 200
Washington, D.C. 20006
akimmel@publicjustice.net

Andrew Ringel
Hall & Evans LLC
1125 17th Street, Suite 600
Denver, CO  80202
ringela@hallevans.com

s/ Julie Bozeman
_____
Julie Bozeman

3